*

ZAVIEA GAYNOR
506 Jones Fall Court                *
Bowie, Maryland 20774

        *Plaintiff,*        *

Vs.                        *    Case No.:_____

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street           *
Wilmington, Delaware 19801

        Serve On: CSC-Lawyers    *
        Incorporating Company
        7 Saint Paul Street, Suite 820
        Baltimore, Maryland 21202    *

        *Defendant.*
*    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of Maryland, LLC, and in support thereof states:

## PARTIES

1.    Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.    Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendant are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendant are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

4.     At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate

policies, procedures, and protocols in place regarding maintaining and monitoring the video

surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries,

robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in

the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The

Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or

in the surrounding neighborhoods near the PREMISES.

5.    On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at

the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony

Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As

Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his

car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and

robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this

paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183
> Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a
> reported Contact Shooting. When I arrived on scene, I met with Victim
> Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was
> shot in his left buttocks and robbed. Victim Gaynor stated that he was
> outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD
> when the incident took place. Victim Gaynor stated that he left the
> apartment to retrieve some things from his vehicle, while exiting the
> building,he heard some footsteps behind him. Victim Gaynor stated that
> an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny, in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendant was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

6.      As a direct and proximate result of the Defendant's negligence and the Defendant's failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against the Defendant)

8.    Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9.    At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10.    The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

11.     As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

IN THE CIRCUIT COURT FOR Baltimore County ☐▼

*(City or County)*

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER C-03-CV-22-001451

*(Clerk to insert)*

**CASE NAME:** Zaviea Gaynor        vs.    Empirian Village of Maryland, LLC

Plaintiff                                    Defendant

**PARTY'S NAME:** Zaviea Gaynor                    **PHONE:** 4439551989

**PARTY'S ADDRESS:** 506 Jones Fall Court, Bowie, Maryland 20774

**PARTY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** John J. Leppler, Esq.        **PHONE:** 4439551989

**PARTY'S ATTORNEY'S ADDRESS:** 600 Washington Avenue, Suite 201, Towson, MD 21204

**PARTY'S ATTORNEY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** _____hours  4 days

### PLEADING TYPE

**New Case:** ☒Original  ☐ Administrative Appeal  ☐ Appeal

**Existing Case:** ☐ Post-Judgment  ☐ Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

**PUBLIC LAW** (continued)
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)        Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☒Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation   ☐Yes   ☐No     C. Settlement Conference   ☒Yes   ☐No

B. Arbitration   ☐Yes   ☐No     D. Neutral Evaluation   ☐Yes   ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*    ***(Case will be tracked accordingly)***

    ☐ 1/2 day of trial or less      ☐ 3 days of trial time

    ☐ 1 day of trial time      ☒ More than 3 days of trial time

    ☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions**, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

    ☒ **Expedited**- Trial within 7 months of      ☐ **Standard** - Trial within 18 months of
       Defendant's response             Defendant's response

### EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff................................. . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| April 12, 2022 | /s/ John Leppler |
| Date | Signature of Counsel / Party |
| 600 Washington Avenue, Suite 201 | John J. Leppler, Esq. CPF#1506160189 |
| Address | Printed Name |

| | | |
|---|---|---|
| Towson | MD | 21204 |
| City | State | Zip Code |

# Law Office of John J. Leppler, LLC

600 Washington Ave, St 201, Towson, MD 21204   | E: Jleppler@LepplerInjuryLaw.com
P: (443) 955-1989 | F: (443) 836-5038

<u>Sent via this Court's MDEC e-filing system</u>

April 12, 2022

Circuit Court for Baltimore County,
Maryland
ATTN: Civil Clerk's Office

**Re:** ***Zaviea Gaynor v. Empirian Village of Maryland, LLC***
       ***Case No.:*** C-03-CV-22-001451
       ***Request for issuance of Writ of Summons***

Dear Sir / Madam Clerk,

This correspondence serves as a request for the Court to issue the Writ of Summons for the defendant stated in Plaintiff's complaint and jury demand. Please send the Court issued Writ of Summons for the defendant to undersigned counsel via this Court's MDEC e-filing system.

Should you have any questions, please feel free to contact me at (443) 955-1989 or via email at JLeppler@Lepplerinjurylaw.com. Thank you in advance for your time and attention to this matter.

Very truly yours,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#1506160189
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff*

c/o Enclosures



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

Main: 410-887-2601

**To:** EMPIRIAN VILLAGE OF MARYLAND, LLC
S/O CSC-LAWYERS INCORPORATING COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

| | |
|---|---|
| **Case Number:** | **C-03-CV-22-001451** |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC**

Issue Date: 4/13/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, MD 20774

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Zaviea Gaynor vs. Empirian Village of Maryland, LLC

**Circuit Court for Baltimore County**
**Case Number: C-03-CV-22-001451**

# SHERIFF'S RETURN
## (please print)

To: EMPIRIAN VILLAGE OF MARYLAND, LLC

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                              Location of service

_____ by _____ with the following:
Manner of service

☐ Summons                    ☐ Counter-Complaint
☐ Complaint                   ☐ Domestic Case Information Report
☐ Motions  _____  ☐ Financial Statement
☐ Petition and Show Cause Order ☐ Interrogatories
☐ Other _____
Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction          ☐ Other _____
Please specify

Sheriff fee: $ _____  ☐ waived by _____

_____        _____
Date                            Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

|  |  |
|---|---|
| ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774 | * |
| *Plaintiff,* | * |
| Vs. | *  Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801 | * |
| Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202 | * |
| And | * |
| EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>d/b/a Franklin Park at Greenbelt Station<br>9230 Springhill Lane<br>Greenbelt, Maryland 20770 | * |
| Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202 | * |
| | * |
| *Defendants.* | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at

Greenbelt Station, and in support thereof states:

## PARTIES

1.　　Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this

lawsuit, a resident of the State of Maryland.

2.　　Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at

all times pertinent to this lawsuit, a business that substantially and habitually engages in the

business of providing property management services, security services, and apartment services to

tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and

manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and

Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770.

The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park

at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be

collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this

lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and

these agents, servants, and/or employees were acting within the scope of their agency and scope

of their employment for the Defendant #1.

3.　　Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt

Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its

principal place of business in the State of Maryland and is a citizen of the State of Maryland, and

is a business that substantially and habitually engages in the business of providing property

management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.    At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.    On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendants was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7. As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8. The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

**COUNT ONE – NEGLIGENCE**
**(Against All Defendants)**

9. Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10. At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

# Law Office of John J. Leppler, LLC

600 Washington Ave, St 201, Towson, MD 21204   | E: Jleppler@LepplerInjuryLaw.com
P: (443) 955-1989 | F: (443) 836-5038

**Sent via this Court's MDEC e-filing system**

April 13, 2022

Circuit Court for Baltimore County,
Maryland
ATTN: Civil Clerk's Office

> **Re:**   *Zaviea Gaynor v. Empirian Village of Maryland, LLC, et al.*
> *Case No.:* _____
> *Request for issuance of Writ of Summons for added defendant in the amended complaint and jury demand*

Dear Sir / Madam Clerk,

This correspondence serves as a request for the Court to issue the Writ of Summons for the defendant added in the Plaintiff's amended complaint and jury demand, which is **Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station**. Please send the Court issued Writ of Summons for this defendant to undersigned counsel via this Court's MDEC e-filing system.

Should you have any questions, please feel free to contact me at (443) 955-1989 or via email at JLeppler@Lepplerinjurylaw.com. Thank you in advance for your time and attention to this matter.

Very truly yours,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#1506160189
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff*

c/o Enclosures





**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

Main: 410-887-2601

**To:** EMPIRIAN VILLAGE OF MARYLAND, LLC
DBA FRANKLIN PARK AT GREENBELT STATION
SERVE ON: CSC - LAWYERS INCORPORATING
COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

| | |
|---|---|
| **Case Number:** | **C-03-CV-22-001451** |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC, ET AL.**

Issue Date: 4/13/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, MD 20774

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Zaviea Gaynor vs. Empirian Village of Maryland, LLC, et al.

**Circuit Court for Baltimore County**
**Case Number: C-03-CV-22-001451**

# SHERIFF'S RETURN
## (please print)

To: EMPIRIAN VILLAGE OF MARYLAND, LLC

_____ ID# _____ of the _____
<span style="font-size:small">Serving Sheriff's Name</span>

County Sheriff's office present to the court that I:

(1) Served _____
<span style="font-size:small">Name of person served</span>

on _____ at _____
<span style="font-size:small">Date of service</span>       <span style="font-size:small">Location of service</span>

_____ by _____ with the following:
<span style="font-size:small">Manner of service</span>

☐ Summons                                  ☐ Counter-Complaint

☐ Complaint                                ☐ Domestic Case Information Report

☐ Motions _____          ☐ Financial Statement

☐ Petition and Show Cause Order            ☐ Interrogatories

☐ Other _____
<span style="font-size:small">Please specify</span>

(2) Was unable to serve because:

☐ Moved left no forwarding address    ☐ No such address

☐ Address not in jurisdiction         ☐ Other _____
<span style="font-size:small">Please specify</span>

Sheriff fee: $ _____ ☐ waived by _____

_____ _____
<span style="font-size:small">Date</span>      <span style="font-size:small">Signature of serving Sheriff</span>

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

| | |
|---|---|
| ZAVIEA GAYNOR | * |
| *Plaintiff*, | * |
| v. | *    Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, et al. | |
| | * |
| | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**AFFIDAVIT OF SERVICE FOR DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC**</u>

I, John Leppler, declares under the penalties of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

1.    I am at least 18 years of age, I am the attorney for the Plaintiff in this case, and I am not a party to this case.

2.    On April 14, 2022, pursuant to the Maryland rules and Maryland law, the Defendant Empirian Village of Maryland, LLC ("Defendant") was served with a copy of the Plaintiff's complaint and jury demand and the paperwork filed with it, a copy of Plaintiff's amended complaint and jury demand (clean version and strikethrough / highlighted version), a subpoena with an attached notice of records deposition duces tecum for the Defendant, and the Court issued Writ of Summons for the Defendant. The paperwork stated in this paragraph was mailed to the Defendant's resident agent CSC-Lawyers Incorporating Service Company, 7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202 by certified mail, restricted delivery on April 13, 2022, and the Defendant's resident agent accepted service / delivery of the paperwork stated in this paragraph on April 14, 2022. The paperwork stated in this paragraph mailed to the Defendant's resiedent agent on April 13, 2022, and the USPS mail paperwork showing the mailing via certified mail, restricted delivery on April 13, 2022 and then the April 14, 2022 acceptance / delivery of the paperwork by the Defendant's resident, are collectively attached to this affidavit of service.

I submit this affidavit of service freely and voluntarily. The information provided in this affidavit of service is based on my personal knowledge, information, and belief.

1

*/s/ John Leppler*                                   April 14, 2022
_____                    _____
John Leppler                                            Date




                              Respectfully submitted,

                              */s/ John Leppler*
                              _____
                              John J. Leppler, Esq.
                              CPF#1506160189
                              Law Office of John J. Leppler, LLC
                              600 Washington Avenue, Suite 201
                              Towson, Maryland 21204
                              T: (443) 955-1989
                              E: JLeppler@Lepplerinjurylaw.com
                              *Counsel for the Plaintiff Zaviea Gaynor*


## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

                              Respectfully submitted,

                              */s/ John Leppler*
                              _____
                              John J. Leppler, Esq.
                              CPF# 1506160189

IN THE CIRCUIT COURT FOR Baltimore County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** Zaviea Gaynor _____ vs. Empirian Village of Maryland, LLC
Plaintiff          Defendant

PARTY'S NAME: Zaviea Gaynor                     PHONE: 4439551989

PARTY'S ADDRESS: 506 Jones Fall Court, Bowie, Maryland 20774

PARTY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: John J. Leppler, Esq. ___ PHONE: 4439551989

PARTY'S ATTORNEY'S ADDRESS: 600 Washington Avenue, Suite 201, Towson, MD 21204

PARTY'S ATTORNEY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours  4 days

### PLEADING TYPE

**New Case:** ☒Original  ☐Administrative Appeal  ☐Appeal

**Existing Case:** ☐Post-Judgment  ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

**OTHER**
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

☐ Abatement
☐ Administrative Action
☐ Appointment of Receiver
☐ Arbitration
☐ Asset Determination
☐ Attachment b/f Judgment
☐ Cease & Desist Order
☐ Condemn Bldg
☐ Contempt
☒ Court Costs/Fees
☒ Damages-Compensatory
☐ Damages-Punitive

☐ Earnings Withholding
☐ Enrollment
☐ Expungement
☐ Findings of Fact
☐ Foreclosure
☐ Injunction
☐ Judgment-Affidavit
☐ Judgment-Attorney Fees
☐ Judgment-Confessed
☐ Judgment-Consent
☐ Judgment-Declaratory
☐ Judgment-Default

☐ Judgment-Interest
☐ Judgment-Summary
☐ Liability
☐ Oral Examination
☐ Order
☐ Ownership of Property
☐ Partition of Property
☐ Peace Order
☐ Possession
☐ Production of Records
☐ Quarantine/Isolation Order
☐ Reinstatement of Employment

☐ Return of Property
☐ Sale of Property
☐ Specific Performance
☐ Writ-Error Coram Nobis
☐ Writ-Execution
☐ Writ-Garnish Property
☐ Writ-Garnish Wages
☐ Writ-Habeas Corpus
☐ Writ-Mandamus
☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded. ☒Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000        ☐ $10,000 - $30,000        ☐ $30,000 - $100,000        ☒ Over $100,000

☐ Medical Bills $_____        ☐ Wage Loss $_____        ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☐Yes   ☐No          C. Settlement Conference   ☒Yes   ☐No
B. Arbitration        ☐Yes   ☐No          D. Neutral Evaluation        ☐Yes   ☐No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☒ More than 3 days of trial time

☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited-** Trial within 7 months of          ☐ **Standard -** Trial within 18 months of
Defendant's response                                        Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| April 12, 2022 | /s/ John Leppler |
| Date | Signature of Counsel / Party |
| 600 Washington Avenue, Suite 201 | John J. Leppler, Esq. CPF#1506160189 |
| Address | Printed Name |
| Towson     MD   21204 | |
| City    State   Zip Code | |

**CIRCUIT COURT FOR BALTIMORE COUNTY**
401 Bosley Avenue, Towson, Maryland 21204
Phone: (410) 887-2601 Maryland Relay call: 711
Toll-free (in Maryland) 800-938-5802

Case. No. __C-03-CV-22-001451__

STATE OF MARYLAND
or
Zaviea Gaynor                                vs.    Empirian Village of Maryland, LLC, et al.
Plaintiff                                                    Defendant

TO:  Empirian Village of Maryland, LLC
Name                                                        Issue Date: 04/12/2022
1209 Orange Street                              Service Deadline: 60 days after the Issue Date.
Address 1

                        **SUBPOENA**

Address 2
Wilmington, New Castle County, Delaware 19801
City, County, State, Zip

You are hereby compelled to appear at a ☐ court proceeding ☒ deposition at the following location:
600 Washington Avenue, Suite 201
Address of Court or Other Location           On May 20, 2022 ____ at 10:00 ____ ☒ a.m ☐ p.m.
Baltimore, Maryland 21204                              Date              Time
City, State, Zip
☐ To testify in the above case, and/or

☒ To produce the following documents, items, and information, not privileged: _____
See attached notice of records deposition duces tecum

☐ To produce, permit inspection and copying of the following documents or other tangible items: _____

Plaintiff Zaviea Gaynor
Requested By                                    requested issuance of this subpoena. Questions should be referred to:
John J. Leppler, Esq.                          600 Washington Avenue, Suite 201
Name                                                        Address
4439551989                                        Towson, Maryland 21204
Phone                                                       City, State, Zip

Special Message: _____

☐ If this subpoena compels the production of financial information, or information derived from financial records, the
requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of
Md. Code Ann., Financial Institutions § 1-304 and any other applicable law.

☐ If this subpoena compels the production of medical records, the requestor of this subpoena hereby certifies having taken all
necessary steps to comply with the requirements of Md. Code Ann., Health-General § 4-306 and any other applicable law.

☐ Foreign Subpoena and/or Undertaking form are attached and are incorporated by reference and are made part of this subpoena.

Julie L. Ensor                                    **Julie Ensor, Clerk**
                                                            **Circuit Court for Baltimore County**

**NOTICE:**
1. YOU ARE LIABLE TO BODY ATTACHMENT AND/OR FINE FOR FAILURE TO OBEY THIS SUBPOENA.
2. This subpoena is effective for the date and time stated and any subsequent dates as directed by the court.
3. If this subpoena is for attendance at a deposition and the party served is an organization, notice is hereby given that the
organization must designate one or more persons who will testify on its behalf, pursuant to Rule 2-412(d).
4. Serving or attempting to serve a subpoena more than 60 days after the date of issuance is prohibited.

**RETURN OF SERVICE**
I certify that I delivered the original of this Subpoena to the following person(s): _____
on the following date: _____ by the following method (specified as required by Rule 2-126): _____

_____
Signature

_____
Printed Name

**CC-004** (Rev. 07/2018)

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, et al, | | |
| | * | |
| | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF RECORDS DEPOSITION *DUCES TECUM*

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm Law Office of John J. Leppler, LLC, will take the deposition of the following named person listed below at the Law Office of John J. Leppler, LLC, 600 Washington Avenue, Suite 201, Towson, Maryland 21204. Said deposition will be taken upon oral examination for the purpose of discovery and/or evidence at trial in the above case, before the Notary Public or some other person duly qualified to administer an oath at the location set forth above and on the date and time indicated, to continue from day to day until completed:

| **Name** | **Date** | **Time** |
|---|---|---|
| **Custodian of Records** Empirian Village of Maryland, LLC 1209 Orange Street Wilmington, Delaware 19801 **Resident Agent** CSC-Lawyers Incorporating Service Company 7 Saint Paul Street, Suite 820 Baltimore, Maryland 21202 | **May 20, 2022** | **10:00AM EST** |

**DUCES TECUM**:    The Custodian of Records is hereby requested to produce or bring with him/her a complete legible copy of ANY and ALL documents stated in this notice of records

1

deposition duces tecum, and related hereto, the documents schedule related hereto is stated below:

## DOCUMENTS SCHEDULE

1.      All documents related to any and all incident reports, witness statements, security records, patrol records, video footage, video recording, video surveillance, and audio recording, related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

2.      All documents related to all of the Empirian Village of Maryland, LLC's security policies, procedures, and protocols from January 1, 2020 up to and through the present, and related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

3.      All documents related to any and all of Empirian Village of Maryland, LLC's liability insurance coverage and insurance coverage generally applicable to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

4.      All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Greenbelt, Maryland Police Department from March 22, 2019 up to and through the present, for the premises related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

5.      All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Prince George's County Police Department from March 22, 2019 up to and through the present, for the premises related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report

are collectively attached as "**Exhibit A**".

6.      All documents related to all incident reports, police reports, service calls, google reviews, emails, and all other forms of written communication regarding complaints of assaults, batteries, robberies, thefts, carjackings, and shootings that took place on the Empirian Village of Maryland, LLC's premises related to the March 22, 2022 incident, from March 22, 2019 up to and through the present, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

7.      All documents related to all of Empirian Village of Maryland, LLC's organizational charts, chain of command, employee lists, patrol lists, lists of property managers, and lists of maintenance personnel, related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as "**Exhibit A**".

Respectfully Submitted,

/s/ *John Leppler*
_____

John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with **Maryland** Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

3

John J. Leppler, Esq.
CPF# 1506160189

# EXHIBIT A

IN THE CIRCUIT COURT FOR <u>Baltimore County</u>
<span style="font-size:smaller">(City or County)</span>

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER_____
<span style="font-size:smaller">(Clerk to insert)</span>

CASE NAME: <u>Zaviea Gaynor</u> vs. <u>Empirian Village of Maryland, LLC</u>
           <span style="font-size:smaller">Plaintiff</span>        <span style="font-size:smaller">Defendant</span>

PARTY'S NAME: <u>Zaviea Gaynor</u>              PHONE: <u>4439551989</u>

PARTY'S ADDRESS: <u>506 Jones Fall Court, Bowie, Maryland 20774</u>

PARTY'S E-MAIL: <u>JLeppler@Lepplerinjurylaw.com</u>

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: <u>John J. Leppler, Esq.</u>     PHONE: <u>4439551989</u>

PARTY'S ATTORNEY'S ADDRESS: <u>600 Washington Avenue, Suite 201, Towson, MD 21204</u>

PARTY'S ATTORNEY'S E-MAIL: <u>JLeppler@Lepplerinjurylaw.com</u>

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours <u>4</u> days

### PLEADING TYPE

New Case: ☒Original          ☐Administrative Appeal  ☐Appeal
Existing Case: ☐Post-Judgment  ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability
**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☒ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☐ No    C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☐ No    D. Neutral Evaluation ☐ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less    ☐ 3 days of trial time
☐ 1 day of trial time    ☒ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited**- Trial within 7 months of    ☐ **Standard** - Trial within 18 months of
Defendant's response    Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under*
*Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
        Defendant's response                                     Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY,*
*PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| April 12, 2022 | /s/ John Leppler |
|---|---|
| **Date** | **Signature of Counsel / Party** |
| 600 Washington Avenue, Suite 201 | John J. Leppler, Esq. CPF#1506160189 |
| **Address** | **Printed Name** |

| Towson | MD | 21204 | |
|---|---|---|---|
| **City** | **State** | **Zip Code** | |

# GREENBELT POLICE DEPARTMENT
## Incident Report

Summary of Incident: **Armed Robbery/ Contact Shooting**

Administrative ————————————————————————————

| | | | |
|---|---|---|---|
| Location<br>City, State, Zipcode | 6102 Breezewood Ct<br>GREENBELT, MD 20770 | Occurred On<br>Or Between | **Tuesday 3/22/2022 7:36:00 PM** |
| Subject | REPORTED CIT<br>ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition<br>Related Cases | Active | Entered By<br>Reported On<br>Reporting Officer<br>Assisted By | JOYNER, # 0183<br>3/22/2022<br>JOYNER, # 0183 |

Offenders ————————————————————————————

**Suspect Name: Unknown**

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| | | |

Phones

| Phone Type | Phone Number |
|---|---|
| | |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|
| | | |

# GREENBELT POLICE DEPARTMENT

## Incident Report

Attire
Employer/School
Employer Address

Employer CSZ
Occupation/Grade

Notes

---

Victims ———————————————————————————

**Name: Gaynor, Zaviea Horace**

Victim Type                 Individual
Victim of                   Robbery

Aliases

| Alias |
|-------|
| |

Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | 506 Jones Fall Ct | Bowie, MD 20721 |

Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---------------|
| |

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |



Offender Relationships

| Offender | Relationship |
|----------|--------------|
| S - Unknown | Relationship Unknown |

Notes

Witnesses ───────────────────────────────

Other Entities ─────────────────────────────

**Associate/Friend Name:** ████████

Aliases

| Alias |
|-------|

Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | ████████ | ████████ |

Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | ████████ |

Email

| Email Address |
|---------------|

| | | | |
|---|---|---|---|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

Notes

Properties

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zaviea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | |
|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |



## GREENBELT POLICE DEPARTMENT
## Incident Report

Manufacturer      columbia
Model
Serial
Number\VIN
Color      Brown
Recovered Date

Owner      V - Gaynor, Zaviea Horace
Disposition
Evidence Tag
Alert(s)

Vehicle Information

Vehicle Type
Vehicle Year
Body Style

License Number
License Exp. Date
License State

| Color Type | Color |
|------------|-------|
|            |       |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

Description      Best buy Card
Status      Stolen
Count      001
Value      00.00
Manufacturer
Model
Serial
Number\VIN

Color
Recovered Date
Owner      V - Gaynor, Zaviea Horace
Disposition
Evidence Tag
Alert(s)

Vehicle Information

Vehicle Type                                      License Number
Vehicle Year                                      License Exp. Date
Body Style                                        License State

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

Description        Amazon card                 Color
Status             Stolen                      Recovered Date
Count              001                         Owner            V - Gaynor, Zaviea Horace
Value              00.00                       Disposition
Manufacturer                                   Evidence Tag
Model                                          Alert(s)
Serial
Number\VIN

Vehicle Information

Vehicle Type                                   License Number
Vehicle Year                                   License Exp. Date
Body Style                                     License State

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | wells fargo | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**



| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | **Stolen** | Recovered Date | |
| Count | **001** | Owner | V - Gaynor, Zaviea Horace |
| Value | **00.00** | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | **Stolen** | Recovered Date | |
| Count | **001** | Owner | V - Gaynor, Zaviea Horace |
| Value | **00.00** | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |



Vehicle Information

Vehicle Type                                    License Number
Vehicle Year                                    License Exp. Date
Body Style                                      License State

| Color Type | Color |
| --- | --- |
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes



**GREENBELT POLICE DEPARTMENT**

**Incident Report**

Narrative ─────────────────────────────────────

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD  when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, **light pants**, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ████████████████ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

**To:** EMPIRIAN VILLAGE OF MARYLAND, LLC
S/O CSC-LAWYERS INCORPORATING COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

|  |  |
|---|---|
| **Case Number:** | C-03-CV-22-001451 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC**

Issue Date: 4/13/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, MD 20774

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1.  This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2.  Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3.  Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4.  If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Zaviea Gaynor vs. Empirian Village of Maryland, LLC

Circuit Court for Baltimore County
Case Number: C-03-CV-22-001451

# SHERIFF'S RETURN
### (please print)

To:  EMPIRIAN VILLAGE OF MARYLAND, LLC

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                                                          Location of service

_____ by _____ with the following:
Manner of service

- [ ] Summons
- [ ] Complaint
- [ ] Motions
- [ ] Petition and Show Cause Order
- [ ] Other _____
Please specify

- [ ] Counter-Complaint
- [ ] Domestic Case Information Report
- [ ] Financial Statement
- [ ] Interrogatories

(2) Was unable to serve because:
- [ ] Moved left no forwarding address
- [ ] Address not in jurisdiction

- [ ] No such address
- [ ] Other _____
Please specify

Sheriff fee: $ _____   [ ] waived by _____

_____          _____
Date                                     Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).



# USPS Tracking®

FAQs >

**Track Another Package** +

**Tracking Number:** 70210950000125569527

Remove ✕

Your item has been tendered to the returns agent at 1:55 pm on April 14, 2022 in BALTIMORE, MD 21202. The Postal Service no longer has the item and no further tracking updates are expected.

**USPS Tracking Plus® Available** ⌄

## ⊘ Tendered to Returns Agent

April 14, 2022 at 1:55 pm
BALTIMORE, MD 21202

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**USPS Tracking Plus®**

**Product Information**

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                              *

    *Plaintiff,*                         *

v.                                         *        Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                                *
                                *

    *Defendants.*                        *
*    *    *    *    *    *    *    *    *    *    *

### AFFIDAVIT OF SERVICE FOR DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC D/B/A FRANKLIN PARK AT GREENBELT STATION

    I, John Leppler, declares under the penalties of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

    1.    I am at least 18 years of age, I am the attorney for the Plaintiff in this case, and I am not a party to this case.

    2.    On April 14, 2022, pursuant to the Maryland rules and Maryland law, the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station ("Defendant") was served with a copy of the Plaintiff's complaint and jury demand and the paperwork filed with it, a copy of Plaintiff's amended complaint and jury demand (clean version and strikethrough / highlighted version), a subpoena with an attached notice of records deposition duces tecum for the Defendant, and the Court issued Writ of Summons for the Defendant. The paperwork stated in this paragraph was mailed to the Defendant's resident agent CSC-Lawyers Incorporating Service Company, 7 Saint Paul Street, Suite 820, Baltimore, Maryland 21202 by certified mail, restricted delivery on April 13, 2022, and the Defendant's resident agent accepted service / delivery of the paperwork stated in this paragraph on April 14, 2022. The paperwork stated in this paragraph mailed to the Defendant's resident agent on April 13, 2022, and the USPS mail paperwork showing the mailing via certified mail, restricted delivery on April 13, 2022 and then the April 14, 2022 acceptance / delivery of the paperwork by the Defendant's resident, are collectively attached to this affidavit of service.

    I submit this affidavit of service freely and voluntarily. The information provided in this affidavit of service is based on my personal knowledge, information, and belief.

/s/ John Leppler                                    April 14, 2022
_____                    _____
John Leppler                                          Date




                              Respectfully submitted,

                              /s/ John Leppler
                              _____
                              John J. Leppler, Esq.
                              CPF#1506160189
                              Law Office of John J. Leppler, LLC
                              600 Washington Avenue, Suite 201
                              Towson, Maryland 21204
                              T: (443) 955-1989
                              E: JLeppler@Lepplerinjurylaw.com
                              *Counsel for the Plaintiff Zaviea Gaynor*


                      <u>CERTIFICATE OF COMPLIANCE</u>

        Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland
Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including
supporting documents, does not contain any restricted information.

                              Respectfully submitted,

                              /s/ John Leppler
                              _____
                              John J. Leppler, Esq.
                              CPF# 1506160189

IN THE CIRCUIT COURT FOR Baltimore County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

### *THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____
                                                                    (Clerk to insert)

**CASE NAME:** Zaviea Gaynor _____ vs.  Empirian Village of Maryland, LLC
                         Plaintiff                                          Defendant

**PARTY'S NAME:** Zaviea Gaynor                          **PHONE:** 4439551989

**PARTY'S ADDRESS:** 506 Jones Fall Court, Bowie, Maryland 20774

**PARTY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** John J. Leppler, Esq. _____ **PHONE:** 4439551989

**PARTY'S ATTORNEY'S ADDRESS:** 600 Washington Avenue, Suite 201, Towson, MD 21204

**PARTY'S ATTORNEY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours    4   days

### PLEADING TYPE

**New Case:** ☒Original    ☐Administrative Appeal  ☐Appeal

**Existing Case:** ☐Post-Judgment  ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☐ No          C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☐ No        D. Neutral Evaluation ☐ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☒ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions***, if Business and Technology track designation under Md. Rule 16-308 is requested, *attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited-** Trial within 7 months of          ☐ **Standard -** Trial within 18 months of
Defendant's response                                Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

April 12, 2022
_____
Date

600 Washington Avenue, Suite 201
_____
Address

| Towson | MD | 21204 |
|---|---|---|
| City | State | Zip Code |

/s/ John Leppler
_____
Signature of Counsel / Party

John J. Leppler, Esq. CPF#1506160189
_____
Printed Name

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

*

ZAVIEA GAYNOR
506 Jones Fall Court                                  *
Bowie, Maryland 20774

       *Plaintiff,*                                  *

Vs.                                                   *    Case No.:_____

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street                                    *
Wilmington, Delaware 19801

    Serve On: CSC-Lawyers                             *
    Incorporating Company
    7 Saint Paul Street, Suite 820
    Baltimore, Maryland 21202                        *

    *Defendant.*
*    *    *    *    *    *    *    *    *    *    *

<b><u>COMPLAINT AND JURY DEMAND</u></b>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and in support thereof states:

<b><u>PARTIES</u></b>

1.    Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this

lawsuit, a resident of the State of Maryland.

2.    Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all

times pertinent to this lawsuit, a business that substantially and habitually engages in the

business of providing property management services, security services, and apartment services to

tenants through the State of Maryland. The Defendant also owns, supervises, maintains and

manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and

Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt,

Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the

"PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and

through its agents, servants, and/or employees, and these agents, servants, and/or employees

were acting within the scope of their agency and scope of their employment for the Defendant.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction and personal jurisdiction over the

Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially

and habitually engages in a business and vocation of providing property management services,

security services, and apartment services throughout the State of Maryland, the events giving rise

to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendant are

for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims

against the Defendant are under Maryland state law only. Additionally, venue is proper for this

lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant

substantially and habitually engages in a business and vocation of providing property

management services, security services, and apartment services throughout the State of

Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the

other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

4.     At all times related to the March 22, 2022 incident stated herein, the Defendant

had a non-delegable duty to its tenants, the general public, and its social guests and invitees

which includes the Plaintiff, and is required to have the following adequate security measures in

place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate

policies, procedures, and protocols in place regarding maintaining and monitoring the video

surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries,

robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in

the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The

Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or

in the surrounding neighborhoods near the PREMISES.

5.      On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at

the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony

Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As

Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his

car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and

robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this

paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183
> Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a
> reported Contact Shooting. When I arrived on scene, I met with Victim
> Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was
> shot in his left buttocks and robbed. Victim Gaynor stated that he was
> outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD
> when the incident took place. Victim Gaynor stated that he left the
> apartment to retrieve some things from his vehicle, while exiting the
> building,he heard some footsteps behind him. Victim Gaynor stated that
> an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny, in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendant was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

6.      As a direct and proximate result of the Defendant's negligence and the Defendant's failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against the Defendant)

8.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9.     At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10.     The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

11.     As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.


Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*


**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury

demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774</td><td>*</td><td></td></tr>
<tr><td><i>Plaintiff,</i></td><td>*</td><td></td></tr>
<tr><td>Vs.</td><td>*</td><td>Case No.: C-03-CV-22-001451</td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801</td><td>*</td><td></td></tr>
<tr><td>Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>And</td><td></td><td></td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>d/b/a Franklin Park at Greenbelt Station<br>9230 Springhill Lane<br>Greenbelt, Maryland 20770</td><td>*</td><td></td></tr>
<tr><td>Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><i>Defendants.</i></td><td></td><td></td></tr>
</table>

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## <u>AMENDED COMPLAINT AND JURY DEMAND</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

**PARTIES**

1.     Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.     Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.     Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit

occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.     At all times related to the March 22, 2022 incident stated herein, the Defendants

had a non-delegable duty to its tenants, the general public, and its social guests and invitees

which includes the Plaintiff, and is required to have the following adequate security measures in

place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate

policies, procedures, and protocols in place regarding maintaining and monitoring the video

surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries,

robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in

the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The

Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or

in the surrounding neighborhoods near the PREMISES.

6.     On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at

the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony

Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As

Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his

car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and

robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this

paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendants was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.     As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

**CIRCUIT COURT FOR BALTIMORE COUNTY**
401 Bosley Avenue, Towson, Maryland 21204
Phone: (410) 887-2601 Maryland Relay call: 711
Toll-free (in Maryland) 800-938-5802

Case. No. C-03-CV-22-001451

STATE OF MARYLAND
or
Zaviea Gaynor                                    vs.        Empirian Village of Maryland, LLC, et al.
Plaintiff                                                              Defendant

TO: Empirian Village of Maryland, LLC, d/b/a *Franklin Park and Greenbelt Station*
Name                                                     Issue Date: 04/13/2022
9230 Springhill Lane                             Service Deadline: 60 days after the Issue Date.
Address 1                                **SUBPOENA**

Address 2
Greenbelt, Prince George's County, *Maryland 20770*
City, County, State, Zip

You are hereby compelled to appear at a ☐ court proceeding ☒ deposition at the following location:
600 Washington Avenue, Suite 201
Address of Court or Other Location                On May 20, 2022    at 10:00    ☒ a.m ☐ p.m.
Towson, Maryland 21204                                        Date              Time
City, State, Zip

☐ To testify in the above case, and/or

☒ To produce the following documents, items, and information, not privileged:_____

☐ To produce, permit inspection and copying of the following documents or other tangible items:_____

Plainitff Zaviea Gaynor
Requested By                          requested issuance of this subpoena. Questions should be referred to:
John J. Leppler, Esq.                          600 Washington Avenue, Suite 201
Name                                                      Address
4439551989                                         Towson, Maryland 21204
Phone                                                     City, State, Zip

Special Message: _____

☐ If this subpoena compels the production of financial information, or information derived from financial records, the requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of Md. Code Ann., Financial Institutions § 1-304 and any other applicable law.

☐ If this subpoena compels the production of medical records, the requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of Md. Code Ann., Health-General § 4-306 and any other applicable law.

☐ Foreign Subpoena and/or Undertaking form are attached and are incorporated by reference and are made part of this subpoena.

*Julie L. Ensor*                                       **Julie Ensor, Clerk**
                                                                **Circuit Court for Baltimore County**

**NOTICE:**
1. YOU ARE LIABLE TO BODY ATTACHMENT AND/OR FINE FOR FAILURE TO OBEY THIS SUBPOENA.
2. This subpoena is effective for the date and time stated and any subsequent dates as directed by the court.
3. If this subpoena is for attendance at a deposition and the party served is an organization, notice is hereby given that the organization must designate one or more persons who will testify on its behalf, pursuant to Rule 2-412(d).
4. Serving or attempting to serve a subpoena more than 60 days after the date of issuance is prohibited.

**RETURN OF SERVICE**

I certify that I delivered the original of this Subpoena to the following person(s):_____

on the following date: _____ by the following method (specified as required by Rule 2-126):

_____

_____
                                                        Signature

_____
                                                        Printed Name

**CC-004** (Rev. 07/2018)

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: *C-03-CV-22-001451* |
| EMPIRIAN VILLAGE OF MARYLAND, LLC | | |
| | * | |
| | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF RECORDS DEPOSITION *DUCES TECUM*

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm Law Office of John J. Leppler, LLC, will take the deposition of the following named person listed below at the Law Office of John J. Leppler, LLC, 600 Washington Avenue, Suite 201, Towson, Maryland 21204. Said deposition will be taken upon oral examination for the purpose of discovery and/or evidence at trial in the above case, before the Notary Public or some other person duly qualified to administer an oath at the location set forth above and on the date and time indicated, to continue from day to day until completed:

| **Name** | **Date** | **Time** |
|---|---|---|
| **Custodian of Records** | **May 20, 2022** | **10:00AM EST** |
| Empirian Village of Maryland, LLC | | |
| d/b/a Franklin Park at Greenbelt Station | | |
| 9230 Springhill Lane | | |
| Greenbelt, Maryland 20770 | | |
| **Resident Agent** | | |
| CSC-Lawyers Incorporating | | |
| Service Company | | |
| 7 Saint Paul Street, Suite 820 | | |
| Baltimore, Maryland 21202 | | |

**DUCES TECUM:**    The Custodian of Records is hereby requested to produce or bring with him/her a complete legible copy of ANY and ALL documents stated in this notice of records

1

deposition duces tecum, and related hereto, the documents schedule related hereto is stated below:

## **DOCUMENTS SCHEDULE**

1.     All documents related to any and all incident reports, witness statements, security records, patrol records, video footage, video recording, video surveillance, and audio recording, related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

2.     All documents related to all of the Empirian Village of Maryland, LLC's security policies, procedures, and protocols from January 1, 2020 up to and through the present, and related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

3.     All documents related to any and all of Empirian Village of Maryland, LLC's liability insurance coverage and insurance coverage generally applicable to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

4.     All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Greenbelt, Maryland Police Department from March 22, 2019 up to and through the present, for the premises related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

5.     All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Prince George's County Police Department from March 22, 2019 up to and through the present, for the premises related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report

are collectively attached as **"Exhibit A"**.

6.      All documents related to all incident reports, police reports, service calls, google reviews, emails, and all other forms of written communication regarding complaints of assaults, batteries, robberies, thefts, carjackings, and shootings that took place on the Empirian Village of Maryland, LLC's premises related to the March 22, 2022 incident, from March 22, 2019 up to and through the present, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

7.      All documents related to all of Empirian Village of Maryland, LLC's organizational charts, chain of command, employee lists, patrol lists, lists of property managers, and lists of maintenance personnel, related to the March 22, 2022 incident, and the Plaintiff's complaint and jury demand and police report are collectively attached as **"Exhibit A"**.

Respectfully Submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF# 1506160189

=

# EXHIBIT A

IN THE CIRCUIT COURT FOR Baltimore County
<span>(City or County)</span>

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____
<span>(Clerk to insert)</span>

CASE NAME: Zaviea Gaynor _____ vs. Empirian Village of Maryland, LLC
<span>Plaintiff</span>                       <span>Defendant</span>

PARTY'S NAME: Zaviea Gaynor        PHONE: 4439551989

PARTY'S ADDRESS: 506 Jones Fall Court, Bowie, Maryland 20774

PARTY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: John J. Leppler, Esq.    PHONE: 4439551989

PARTY'S ATTORNEY'S ADDRESS: 600 Washington Avenue, Suite 201, Towson, MD 21204

PARTY'S ATTORNEY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No   If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____ hours   4 days

### PLEADING TYPE

New Case: ☒Original    ☐Administrative Appeal   ☐Appeal

Existing Case: ☐Post-Judgment    ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section – go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | |
|---|---|---|---|
| A. Mediation | ☐Yes ☐No | C. Settlement Conference | ☒Yes ☐No |
| B. Arbitration | ☐Yes ☐No | D. Neutral Evaluation | ☐Yes ☐No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**. (**Case will be tracked accordingly**)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☒ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

- ☒ **Expedited-** Trial within 7 months of Defendant's response
- ☐ **Standard -** Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under*
*Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                     Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY,*
*PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

April 12, 2022
_____
Date

600 Washington Avenue, Suite 201
_____
Address

Towson                    MD        21204
_____
City              State    Zip Code

/s/ John Leppler
_____
Signature of Counsel / Party

John J. Leppler, Esq. CPF#1506160189
_____
Printed Name

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, Maryland 20774

      *Plaintiff,*

Vs.                  Case No.:_____

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street
Wilmington, Delaware 19801

      Serve On: CSC-Lawyers
      Incorporating Company
      7 Saint Paul Street, Suite 820
      Baltimore, Maryland 21202

      *Defendant.*

## COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of Maryland, LLC, and in support thereof states:

## PARTIES

1.    Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.    Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and

Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt,

Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the

"PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and

through its agents, servants, and/or employees, and these agents, servants, and/or employees

were acting within the scope of their agency and scope of their employment for the Defendant.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction and personal jurisdiction over the

Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially

and habitually engages in a business and vocation of providing property management services,

security services, and apartment services throughout the State of Maryland, the events giving rise

to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendant are

for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims

against the Defendant are under Maryland state law only. Additionally, venue is proper for this

lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant

substantially and habitually engages in a business and vocation of providing property

management services, security services, and apartment services throughout the State of

Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the

other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

4.      At all times related to the March 22, 2022 incident stated herein, the Defendant

had a non-delegable duty to its tenants, the general public, and its social guests and invitees

which includes the Plaintiff, and is required to have the following adequate security measures in

place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

5.       On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell
to the ground. Victim Gaynor stated that the Unknown Suspect pointed a
silver pistol to his chest told him to empty out his pockets. Victim Gaynor
stated that he complied and gave the Suspect his Red Iphone Se and his
wallet with all of his bank cards inside. Victim Gaynor stated that the
Suspect then fled in an unknown direction. Victim Gaynor described the
Suspect as a 1/m approximately 5'8, skinny, in his early 20's wearing a
black mask, light pants, a gray hoodie, and white shoes. After being shot
Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96
then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171
were both contacted. Det Roberson #171 responded to the hospital and
interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate
security policies, procedures, and protocols in place, including the adequate security-related
policies, procedures and protocols the Defendant was required to have in place, stated above. At
the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to
provide adequate security personnel; (2) have adequate security related to policies, procedures
and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding
maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of
the PREMISES.

   6.      As a direct and proximate result of the Defendant's negligence and the

Defendant's failure to provide adequate security personnel, provide adequate lighting, provide

adequate video surveillance policies procedures and protocols in place, providing adequate

lighting, and among potentially other failures, the March 22, 2022 incident occurred which

resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7.   The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against the Defendant)

8.   Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9.   At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10.   The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

11.     As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

                                             *

ZAVIEA GAYNOR
506 Jones Fall Court              *
Bowie, Maryland 20774

        *Plaintiff,*         *

Vs.                           *     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street           *
Wilmington, Delaware 19801

        Serve On: CSC-Lawyers       *
        Incorporating Company
        7 Saint Paul Street, Suite 820
        Baltimore, Maryland 21202
                                    *
And

EMPIRIAN VILLAGE OF MARYLAND,
LLC
d/b/a Franklin Park at Greenbelt Station    *
9230 Springhill Lane
Greenbelt, Maryland 20770

        Serve On: CSC-Lawyers       *
        Incorporating Company
        7 Saint Paul Street, Suite 820
        Baltimore, Maryland 21202      *

                                     *

        *Defendants.*
*     *     *     *     *     *     *     *     *     *     *

## <u>AMENDED COMPLAINT AND JURY DEMAND</u>

      Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

## PARTIES

1.      Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.      Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.      Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.     On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183
Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a
reported Contact Shooting. When I arrived on scene, I met with Victim
Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was
shot in his left buttocks and robbed. Victim Gaynor stated that he was
outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD
when the incident took place. Victim Gaynor stated that he left the
apartment to retrieve some things from his vehicle, while exiting the
building,he heard some footsteps behind him. Victim Gaynor stated that
an unknown male came behind him and grabbed him around his neck,
victim Gaynor said he got away but suddenly heard a gunshot and he fell
to the ground. Victim Gaynor stated that the Unknown Suspect pointed a
silver pistol to his chest told him to empty out his pockets. Victim Gaynor
stated that he complied and gave the Suspect his Red Iphone Se and his
wallet with all of his bank cards inside. Victim Gaynor stated that the
Suspect then fled in an unknown direction. Victim Gaynor described the
Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a
black mask, light pants, a gray hoodie, and white shoes. After being shot
Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96
then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171
were both contacted. Det Roberson #171 responded to the hospital and
interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate

security policies, procedures, and protocols in place, including the adequate security-related

policies, procedures and protocols the Defendants was required to have in place, stated above. At

the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to

provide adequate security personnel; (2) have adequate security related to policies, procedures

and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

      7.     As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

      8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

      9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

      10.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774</td><td>*</td><td></td></tr>
<tr><td><em>Plaintiff,</em></td><td>*</td><td></td></tr>
<tr><td>Vs.</td><td>*</td><td><strong>Case No.: C-03-CV-22-001451</strong></td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801</td><td>*</td><td></td></tr>
<tr><td>Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>And</td><td></td><td></td></tr>
<tr><td><strong>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>d/b/a Franklin Park at Greenbelt Station<br>9230 Springhill Lane<br>Greenbelt, Maryland 20770</strong></td><td>*</td><td></td></tr>
<tr><td><strong>Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202</strong></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><em>Defendants.</em></td><td></td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *

## <u>AMENDED COMPLAINT AND JURY DEMAND</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

<u>PARTIES</u>

1.      Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.      Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.      **Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment**

services to tenants through the State of Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because **the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants** substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a

business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit

occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.      At all times related to the March 22, 2022 incident stated herein, the **Defendants**

had a non-delegable duty to its tenants, the general public, and its social guests and invitees

which includes the Plaintiff, and is required to have the following adequate security measures in

place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate

policies, procedures, and protocols in place regarding maintaining and monitoring the video

surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the **Defendants** had actual notice of several previous had assaults, batteries,

robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in

the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The

**Defendants** also had actual notice and was aware of the high crime rate on the PREMISES

and/or in the surrounding neighborhoods near the PREMISES.

6.      On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at

the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony

Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As

Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his

car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and

robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this

paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183
> Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a
> reported Contact Shooting. When I arrived on scene, I met with Victim
> Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was
> shot in his left buttocks and robbed. Victim Gaynor stated that he was
> outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD
> when the incident took place. Victim Gaynor stated that he left the
> apartment to retrieve some things from his vehicle, while exiting the
> building,he heard some footsteps behind him. Victim Gaynor stated that
> an unknown male came behind him and grabbed him around his neck,
> victim Gaynor said he got away but suddenly heard a gunshot and he fell
> to the ground. Victim Gaynor stated that the Unknown Suspect pointed a
> silver pistol to his chest told him to empty out his pockets. Victim Gaynor
> stated that he complied and gave the Suspect his Red Iphone Se and his
> wallet with all of his bank cards inside. Victim Gaynor stated that the
> Suspect then fled in an unknown direction. Victim Gaynor described the
> Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a
> black mask, light pants, a gray hoodie, and white shoes. After being shot
> Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96
> then transported him to doctors hospital to treat his wound.
>
> On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171
> were both contacted. Det Roberson #171 responded to the hospital and
> interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate

security policies, procedures, and protocols in place, including the adequate security-related

policies, procedures and protocols the **Defendants** was required to have in place, stated above.

At the time of the March 22, 2022 incident, the **Defendants** failed to have the following: (1) to

provide adequate security personnel; (2) have adequate security related to policies, procedures

and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.    As a direct and proximate result of the **Defendants'** negligence and the **Defendants'** failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the **Defendants'** negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.    Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.    At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The **Defendants** breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the **Defendants'** negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against **Defendants, jointly and severally,** for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.



# GREENBELT POLICE DEPARTMENT
## Incident Report

**Summary of Incident:** **Armed Robbery/ Contact Shooting**

Administrative ─────────────────────────────────────────────

| | | | |
|---|---|---|---|
| Location | **6102 Breezewood Ct** | Occurred On | **Tuesday 3/22/2022 7:36:00 PM** |
| City, State, Zipcode | **GREENBELT, MD 20770** | Or Between | |
| | | | |
| Subject | REPORTED CIT ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition | Active | Entered By | JOYNER, # 0183 |
| Related Cases | | Reported On | 3/22/2022 |
| | | Reporting Officer | JOYNER, # 0183 |
| | | Assisted By | |

Offenders ─────────────────────────────────────────────

**Suspect Name: Unknown**

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| | | |

Phones

| Phone Type | Phone Number |
|---|---|
| | |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|
| | | |



| | |
|---|---|
| Attire | Employer CSZ |
| Employer/School | Occupation/Grade |
| Employer Address | |

Notes

Victims ─────────────────────────────────────────

**Name: Gaynor, Zaviea Horace**

| | |
|---|---|
| Victim Type | Individual |
| Victim of | Robbery |

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| Home | 506 Jones Fall Ct | Bowie, MD 20721 |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | ▇▇▇▇▇▇ |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |



# Incident Report

Case Report # 22-0000626-001

## Offender Relationships

| Offender | Relationship |
|----------|--------------|
| S - Unknown | Relationship Unknown |

## Notes

Witnesses ──────────────────────────────────────────

Other Entities ──────────────────────────────────────

**Associate/Friend Name:** ██████████

### Aliases

| Alias |
|-------|
| |

### Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | ██████████ | ██████████ |

### Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | ██████████ |

### Email

| Email Address |
|---------------|
| |

| | | | |
|--|--|--|--|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

## Notes

Properties ─────────────────────────────────────────

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zaviea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | |
|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |



## GREENBELT POLICE DEPARTMENT

## Incident Report

| | | | |
|---|---|---|---|
| Manufacturer | columbia | Owner | V - Gaynor, Zaviea Horace |
| Model | | Disposition | |
| Serial Number\VIN | | Evidence Tag | |
| Color | Brown | Alert(s) | |
| Recovered Date | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Best buy Card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information



| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| Description | Amazon card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | wells fargo | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zavlea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**



**GREENBELT POLICE DEPARTMENT**

**Incident Report**

| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |



**GREENBELT POLICE DEPARTMENT**

**Incident Report**

Vehicle Information

Vehicle Type                                      License Number
Vehicle Year                                      License Exp. Date
Body Style                                        License State

| Color Type | Color |
|------------|-------|
|            |       |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes



# GREENBELT POLICE DEPARTMENT
## Incident Report

Case Report # 22-0000626-001

Narrative ——————————————————————————————————————————

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ███████████████████ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor█████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████



**CIRCUIT COURT FOR BALTIMORE COUNTY,** Maryland D-887-2601
**MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

**To:** EMPIRIAN VILLAGE OF MARYLAND, LLC
DBA FRANKLIN PARK AT GREENBELT STATION
SERVE ON: CSC - LAWYERS INCORPORATING
COMPANY
7 SAINT PAUL STREET, SUITE 820
BALTIMORE, MD 21202

|  |  |
|---|---|
| **Case Number:** | **C-03-CV-22-001451** |
| **Other Reference Number(s):** |  |
| **Child Support Enforcement Number:** |  |

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC, ET AL.**

Issue Date: 4/13/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, MD 20774

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Zaviea Gaynor vs. Empirian Village of Maryland, LLC, et al.

**Circuit Court for Baltimore County**
**Case Number: C-03-CV-22-001451**

## SHERIFF'S RETURN
### (please print)

To: EMPIRIAN VILLAGE OF MARYLAND, LLC

_____ ID# _____ of the _____
    Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                          Name of person served

on _____ at _____
        Date of service                           Location of service

_____ by _____ with the following:
                                     Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other _____
                              Please specify

- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:
- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other _____
                              Please specify

Sheriff fee: $ _____ ☐ waived by _____

_____    _____
        Date                   Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).



<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

ZAVIEA GAYNOR                                    *

    *Plaintiff*,                                *

v.                                               *          Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                                                 *
                                                 *
    *Defendants*.                              *
*    *    *    *    *    *    *    *    *    *    *

## <u>AFFIDAVIT OF SERVICE FOR THE GREENBELT, MARYLAND POLICE DEPARTMENT</u>

    I, John Leppler, declares under the penalties of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

    1.    I am at least 18 years of age, I am the attorney for the Plaintiff in this case, and I am not a party to this case.

    2.    On April 18, 2022, pursuant to the Maryland rules and Maryland law, the Greenbelt, Maryland Police Department's Custodian of Records Timothy White accepted service of the Plaintiff's subpoena and notice of records deposition duces tecum for the Greenbelt, Maryland Police Department, and this subpoena was sent to the Greenbelt Police Department on April 15, 2022 via certified mail, restricted delivery, and was addressed to the Custodian of Records Timothy White. The April 15, 2022 mailed subpoena and the USPS mail paperwork related to the April 15, 2022 mailing via certified mail, restricted delivery, and the April 18, 2022 USPS paperwork showing delivery / acceptance of the subpoena, are collectively attached to this affidavit of service.

    I submit this affidavit of service freely and voluntarily. The information provided in this affidavit of service is based on my personal knowledge, information, and belief.


    */s/ John Leppler*                              April 18, 2022
    _____                              _____
    John Leppler                                    Date

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF# 1506160189



**CIRCUIT COURT FOR BALTIMORE COUNTY**
401 Bosley Avenue, Towson, Maryland 21204
Phone: (410) 887-2601 Maryland Relay call: 711
Toll-free (in Maryland) 800-938-5802

Case. No. C-03-CV-22-001451

STATE OF MARYLAND
or
Zaviea Gaynor
_____
Plaintiff

vs.

Empirian Village of Maryland, LLC, et al.
_____
Defendant

TO: Custodian of Records Cpt. Timothy White
_____
Name
Greenbelt Police Department
_____
Address 1
550 Crescent Road
_____
Address 2
Greenbelt, Prince George's County, MD 20770
_____
City, County, State, Zip

**SUBPOENA**

Issue Date: 04/15/2022
Service Deadline: 60 days after the Issue Date.

You are hereby compelled to appear at a ☐ court proceeding ☒ deposition at the following location:
600 Washington Avenue, Suite 201
_____
Address of Court or Other Location
Towson, Maryland 21204
_____
City, State, Zip

On May 25, 2022 at 10:00 ☒ a.m ☐ p.m.
         Date              Time

☐ To testify in the above case, and/or

☒ To produce the following documents, items, and information, not privileged: _____
    See attached the notice of records deposition duces tecum

☐ To produce, permit inspection and copying of the following documents or other tangible items: _____

Plaintiff Zaviea Gaynor requested issuance of this subpoena. Questions should be referred to:
~~Plaintiff Zaviea Gaynor~~ John J. Lipper, Esq.     600 Washington Avenue, Suite 201
_____                    _____
Name                                                Address
443-955-1989                                        Towson, Maryland 2124
_____                    _____
Phone                                               City, State, Zip

Special Message: _____

☐ If this subpoena compels the production of financial information, or information derived from financial records, the requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of Md. Code Ann., Financial Institutions § 1-304 and any other applicable law.

☐ If this subpoena compels the production of medical records, the requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of Md. Code Ann., Health-General § 4-306 and any other applicable law.

☐ Foreign Subpoena and/or Undertaking form are attached and are incorporated by reference and are made part of this subpoena.

*Julie L. Ensor*

**Julie Ensor, Clerk**
**Circuit Court for Baltimore County**

**NOTICE:**
1. YOU ARE LIABLE TO BODY ATTACHMENT AND/OR FINE FOR FAILURE TO OBEY THIS SUBPOENA.
2. This subpoena is effective for the date and time stated and any subsequent dates as directed by the court.
3. If this subpoena is for attendance at a deposition and the party served is an organization, notice is hereby given that the organization must designate one or more persons who will testify on its behalf, pursuant to Rule 2-412(d).
4. Serving or attempting to serve a subpoena more than 60 days after the date of issuance is prohibited.

**RETURN OF SERVICE**
I certify that I delivered the original of this Subpoena to the following person(s): _____
on the following date: _____ by the following method (specified as required by Rule 2-126): _____

_____

_____
Signature

_____
Printed Name

CC-004 (Rev. 07/2018)

ZAVIEA GAYNOR           *

    *Plaintiff,*           *

v.                      *     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.

                          *
                          *
    *Defendants.*              *

   *    *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF RECORDS DEPOSITION *DUCES TECUM*

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm Law Office of John J. Leppler, LLC, will take the deposition of the following named person

listed below at the Law Office of John J. Leppler, LLC, 600 Washington Avenue, Suite 201,

Towson, Maryland 21204. Said deposition will be taken upon oral examination for the purpose

of discovery and/or evidence at trial in the above case, before the Notary Public or some other

person duly qualified to administer an oath at the location set forth above and on the date and

time indicated, to continue from day to day until completed:

| **Name** | **Date** | **Time** |
|---|---|---|
| **Custodian of Records** | **May 25, 2022** | **10:00AM EST** |
| Greenbelt Police Department | | |
| 550 Crescent Road | | |
| Greenbelt, Maryland 20770 | | |
| **Resident Agent** | | |
| Custodian of Records Captain Timothy White | | |
| Greenbelt Police Department | | |
| 550 Crescent Road | | |
| Greenbelt, Maryland 20770 | | |

**DUCES TECUM:**    The Custodian of Records is hereby requested to produce or bring with

him/her a complete legible copy of ANY and ALL documents stated in this notice of records

1

deposition duces tecum, and related hereto, the documents schedule related hereto is stated below:

## DOCUMENTS SCHEDULE

1.    All documents related to any and all incident reports, eyewitness statements, witness statements, police reports, photographs, video footage, video recording, video surveillance, audio recording, and the entire police investigation file, related to the March 22, 2022 incident, and the Plaintiff's amended complaint and jury demand and police report are collectively attached as "**Exhibit A**".

2.    All documents related to all incident reports, police reports, service call-ins, and witness statements, related to all crimes or alleged crimes that took place at Franklin Park at Greenbelt Station, 6220 Springhill Drive, Greenbelt, Maryland 20770, from March 22, 2019 up to and through the present, and related to this request, the Plaintiff's amended complaint and jury demand and police report are collectively attached as "**Exhibit A**".

Respectfully Submitted,

/s/ John Leppler

John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ John Leppler

John J. Leppler, Esq.
CPF# 1506160189

# EXHIBIT A

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, Maryland 20774

       *Plaintiff,*

Vs.

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street
Wilmington, Delaware 19801

       Serve On: CSC-Lawyers
       Incorporating Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

And

EMPIRIAN VILLAGE OF MARYLAND,
LLC
d/b/a Franklin Park at Greenbelt Station
9230 Springhill Lane
Greenbelt, Maryland 20770

       Serve On: CSC-Lawyers
       Incorporating Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

       *Defendants.*

Case No.: C-03-CV-22-001451

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>AMENDED COMPLAINT AND JURY DEMAND</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

## PARTIES

1.    Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.    Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.    Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.     On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's



**GREENBELT POLICE DEPARTMENT**

**Incident Report**

Summary of Incident: **Armed Robbery/ Contact Shooting**

Administrative _____

| | | | |
|---|---|---|---|
| Location | **6102 Breezewood Ct** | Occurred On | **Tuesday 3/22/2022 7:36:00 PM** |
| City, State, Zipcode | **GREENBELT, MD 20770** | Or Between | |
| | | | |
| Subject | REPORTED CIT ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition | Active | Entered By | JOYNER, # 0183 |
| Related Cases | | Reported On | 3/22/2022 |
| | | Reporting Officer | JOYNER, # 0183 |
| | | Assisted By | |

Offenders _____

**Suspect Name: Unknown**

Aliases

| Alias |
|---|

Addresses

| Address Type | Address | CSZ |
|---|---|---|

Phones

| Phone Type | Phone Number |
|---|---|

Emails

| Email Address |
|---|

| | | | | |
|---|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|



# GREENBELT POLICE DEPARTMENT

## Incident Report

Attire
Employer/School
Employer Address

Employer CSZ
Occupation/Grade

Notes

Victims ─────────────────────────────────────────────

**Name: Gaynor, Zaviea Horace**

Victim Type          Individual
Victim of            Robbery

Aliases

| Alias |
|-------|
|       |

Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | 506 Jones Fall Ct | Bowie, MD 20721 |

Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---------------|
|               |

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | ████████ |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |



## GREENBELT POLICE DEPARTMENT

## Incident Report

Offender Relationships

| Offender | Relationship |
|---|---|
| S - Unknown | Relationship Unknown |

Notes

Witnesses

Other Entities

**Associate/Friend Name:** ███████████

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| Home | ██████████ | ███████████ |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | ██████████ |

Email

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ██████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

Notes

Properties —————————————————————————————————

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zaviea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | |
|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |



# GREENBELT POLICE DEPARTMENT
## Incident Report

| | | | |
|---|---|---|---|
| Manufacturer | columbia | Owner | V - Gaynor, Zaviea Horace |
| Model | | Disposition | |
| Serial Number\VIN | | Evidence Tag | |
| Color | Brown | Alert(s) | |
| Recovered Date | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Best buy Card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information



# GREENBELT POLICE DEPARTMENT

## Incident Report

Vehicle Type                          License Number
Vehicle Year                          License Exp. Date
Body Style                            License State

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity
Drug Measure

**Notes**

**Credit Card**

Description        Amazon card          Color
Status             Stolen               Recovered Date
Count              001                  Owner          V - Gaynor, Zaviea Horace
Value              00.00                Disposition
Manufacturer                            Evidence Tag
Model                                   Alert(s)
Serial
Number\VIN

Vehicle Information

Vehicle Type                          License Number
Vehicle Year                          License Exp. Date
Body Style                            License State

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | wells fargo | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**



Case Report # 22-0000626-001

| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |



Vehicle Information

Vehicle Type
Vehicle Year
Body Style

License Number
License Exp. Date
License State

| Color Type | Color |
|------------|-------|
|            |       |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

Narrative

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ███████████████████ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████



# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70181130000012714129

Remove ✕

Your item was delivered to an individual at the address at 11:58 am on April 18, 2022 in GREENBELT, MD 20770.

**USPS Tracking Plus® Available** ⌄

## ✔ Delivered, Left with Individual

April 18, 2022 at 11:58 am
GREENBELT, MD 20770

Feedback

**Get Updates** ⌄

---

Text & Email Updates                                              ⌄

---

Tracking History                                                      ⌄

---

USPS Tracking Plus®                                               ⌄

---

Product Information                                                 ⌄

---

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                          *

    *Plaintiff,*                          *

v.                                     *          Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                                       *
                                       *
    *Defendants.*                        *
 *  *  *  *  *  *  *  *  *  *  *  *

### PLAINTIFF'S PRELIMINARY DESIGNATION / DISCLOSURE OF EXPERT WITNESSES

Plaintiff Zaviea Gaynor ("Plaintiff"), by and through his attorneys, John J. Leppler, Esq., and Law Office of John J. Leppler, LLC, pursuant to the Maryland rules, Maryland law, and the Court's Scheduling Order, hereby submits Plaintiffs' preliminary designation/disclosure of expert witnesses, and in support thereof states:

**1. Michael A. Hodge, CPP, J.D.**
   **388 Bullsboro Drive, Suite 337**
   **Newman, Georgia 30263**

Mr. Hodge is an expert in the field of security management and security. Mr. Hodge's professional experience includes but is not limited to the following: (1) Mr. Hodge has worked in the United States Secrets Service for approximately 20 years; (2) Mr. Hodge has worked as the Head of Corporate Security, Washington Gas for approximately 10 years; and Mr. Hodge has worked as the Director of Security at the University of Maryland for one year. Mr. Hodge is a Certified Training Instructor, a Certified Protection Professional, is board-certified in security management, is a Certified Facility Officer, and is a Certified Law Enforcement Trainer.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols to commercial venues, including convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel at commercial venues, apartment complexes, convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel regarding implementing, maintaining, and monitoring video surveillance on commercial venues, including convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel regarding crime prevention on commercial venues, including convenience stores and retail stores.

Regarding Mr. Hodge's education, training and experience in the fields of security management and security, Mr. Hodge's *curriculum vitae* and fee schedule are collectively attached as "**Exhibit A**".

Mr. Hodge's expert opinions in this case are made to a reasonable degree of medical probability and/or certainty. Mr. Hodge's expert opinions are based on his review of the following, among potentially other things:

(1) The affidavits of Zaviea Gaynor and Harmony Lively;

2

(2)     The police report related to the March 22, 2022 robbery and shooting incident giving rise to this lawsuit;

(3)     Several news articles regarding prior crimes that have taken place at the Defendants' premises prior to March 22, 2022, and the Defendants property is Franklin Park at Greenbelt Station Apartments and which includes but is not limited to 6102 Breezewood Court, Greenbelt, Maryland 20770, and the Defendants' property will be referred to hereinafter as "FRANKLIN PARK";

(4)     Several police reports regarding prior crimes that occurred at FRANKLIN PARK prior to March 22, 2022;

(5)     Paperwork from the Maryland State Department of Assessments and Taxation (SDAT) regarding FRANKLIN PARK, and google images of FRANKLIN PARK; and

(6)     Mr. Hodge's education, training and professional experience of over 40 years of working as a director or head of security, as described herein.

It is expected that Mr. Hodge will testify as to negligence, causation, and damages generally (Plaintiff's suffered injuries from the March 22, 2022 incident).

It is expected that Mr. Hodge will testify that the Defendants owed a duty of care to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, at FRANKLIN PARK.

The Defendants' duty includes providing adequate security policies procedures and protocols, and including providing adequately trained security personnel inside or outside of the Defendant's property to ensure the safety to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, and/or adequately training the Defendant's employees regarding security policies, procedures and protocols.

The Defendants' duty stated herein are substantially heightened because of the Defendant's actual notice of the following, among potentially other reasons: (a) Several crimes against persons that occurred at FRANKLIN PARK prior to March 22, 2022.

The Defendants' duty, given the Defendant's notice of criminal activity stated above, includes having adequate policies, procedures and protocols in place for reporting suspicious activity on the Defendant's premises, FRANKLIN PARK.

It is expected that Mr. Hodge will testify that the Defendants breached the Defendants' duty of care owed to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, and was negligent, in the following ways, among potentially others ways:

(1)     The Defendants failed provide adequate security policies, procedures and protocols at the Defendants' property, FRANKLIN PARK;

(2)     the Defendants failed to provide adequately trained security personnel on the Defendant's property, FRANKLIN PARK;

(3)     the Defendants failed to adequately train its employees and have adequate security policies, procedures and protocols, and/or the Defendants failed to adequately train the Defendants' retained security personnel and have adequate policies, procedures and protocols;

(4)     the Defendants failed to provide adequately trained security personnel on the Defendant's property, FRANKLIN PARK; and

(5)     The Defendants failed to have any video surveillance at FRANKLIN PARK.

It is expected that Mr. Hodge will testify that one, multiple, or all of the Defendants' breaches of the Defendants' duty of care owed to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, directly and proximately caused the March 22, 2022 incident to occur which caused Zaivea Gaynor's injuries.

It is expected that Mr. Hodge will testify that had the Defendants not breached the Defendants' duty of care owed to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, the March 22, 2022 incident would not have occurred, and Zaviea Gaynor would not have suffered his injuries stated herein.

Mr. Hodge reserves the right to amend and/or modify this expert designation, as discovery is ongoing, and/or should new information become available to Mr. Hodge.

**2. Nirjal Nikhar, MD, FRCP**
   **Neurology Clinic of Washington, LLC**
   **18213 Hillcrest Avenue**
   **Olney, Maryland 20832**

Dr. Nikhar is an expert in the field of neurology. Dr. Nikhar has been a clinical practitioner in the field of neurology for over 20 years, and has treated over 100 patients regarding persons who suffered injuries similar to Plaintiff's suffered injuries in this case. Dr. Nikhar's expert report, *curriculum vitae* and fee schedule are collectively attached as "**Exhibit B**".

Dr. Nikhar's expert opinions will be made to a reasonable degree of medical probability and/or certainty. Dr. Nikhar's expert opinions will be based on the review of the following, among potentially other things:

(1) Plaintiff's medical records and bills;

(2) The Greenbelt, Maryland police department's police report related to the March 22, 2022 incident giving rise to this lawsuit; and

(3) Dr. Nikhar's education, training and experience as a clinical neurologist for over 20 years.

It is expected that Dr. Nikhar will testify as to causation and damages.

It is expected that Dr. Nikhar will testify that the March 22, 2022 incident directly and proximately caused the Plaintiff's suffered injuries.

It is expected that Dr. Nikhar will testify that the Plaintiff's medical treatment for his suffered injuries from the March 22, 2022 incident, including but not limited to his hospital visit to University of Maryland Capital Regional Medical Center and his ongoing physical therapy, is reasonable and medically necessary;

It is expected that Dr. Nikhar will testify that had the March 22, 2022 incident not occurred, Plaintiff would not have suffered his injuries stated herein and would not have needed his medical treatment stated herein;

It is expected that Dr. Nikhar will testify that Plaintiff's incurred medical treatment for his medical treatment for his suffered injuries from the March 22, 2022 incident are fair, reasonable and customary for the geographic region, including Washington DC area, Prince George's County, Maryland area, the State of Maryland generally.

It is expected that Dr. Nikhar will educate the jury regarding the relevant human anatomy related to Dr. Nikhar's expert opinions and Plaintiff's suffered injuries, and will use visuals, diagrams. medical images, and/or photographs to do this.

Dr. Nikhar reserves the right to amend and/or modify this expert designation, as discovery is ongoing, and/or should new information become available to Dr. Nikhar, which may include Dr. Nikhar rendering opinions regarding Plaintiff's need for future medical treatment and Plaintiff incurring future medical bills because of Plaintiff's suffered injuries from the March 22, 2022 incident.

3.      Plaintiff reserves the right to call any expert witness identified by the Defendants in this case.

4.      Plaintiff reserves the right to rely upon the opinions and testimony of any expert witness identified by the Defendant and to elicit from them any opinions favorable to the Plaintiff, if any.

5.      Plaintiff reserves the right to call any of Plaintiff's treating health care providers to testify regarding Plaintiff's health care provider(s)'s medical treatment rendered to Plaintiff.

These health care providers may provide fact and/or expert testimony consistent with the Maryland Rules and governing case law of this Court.

6.    Plaintiff reserves the right to call impeachment witnesses necessary at the time of trial, in accordance with the Maryland Rules and the governing case law of this Court.

7.    Plaintiff reserves the right to amend and/or supplement this expert designation, pending the completion of outstanding discovery.

8.    Plaintiff will produce Mr. Hodge and Dr. Nikhar for a discovery deposition, if requested, by the Defendants.

9.    Plaintiff reserves the right to call any of Plaintiff's experts designated herein, and any of the Defendants' designated experts and/or any of the Defendants' experts called to testify at trial, as rebuttal witnesses at trial.

10.    Plaintiff reserves the right to amend and/or supplement this designation, as discovery is ongoing, and because new information may become available to the parties during discovery.

Respectfully Submitted,

*/s/ John Leppler*
_____
John J. Leppler, Esq.
CPF# 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF# 1506160189

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2022, a copy of Plaintiff's preliminary designation/disclosure of expert witnesses was sent via this Court's MDEC e-filing system and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF# 1506160189



# Michael A. Hodge, CPP, J.D.

388 Bullsboro Drive, Ste. #337 ♦ Newnan, GA. 30263
Telephone: (240) 381-5197 ♦ Email: michaelahodge@gmail.com
www.Hodgesecurity.com

## Experience Summary

Head of Corporate Security, Washington Gas (**Retired – 10 Years**), Director of Security, American Trucking Associations, (**3 years**) Director of Security, University of Maryland (**1 year**), United States Secret Service, (**Retired – 20 Years**), United States Marine Corps (**3 years**).  Adjunct College Professor (**24 years**).

## Education

**Juris Doctorate**
University of Baltimore School of Law
Baltimore, MD     1997

**B.A. Administration of Justice**
University of the District of Columbia
Washington, DC –     1993

## Professional Education

**Online Teaching Certification**
Georgia Southern University, April 2021

**Online Teaching Certification**
Penn State University, February 2016
(Skilled in D2l course development, Blackboard, Canvass)

**FEMA COURSES**
 Incident Command System 100 and 200, May 2012

**Professional Real Estate Licensing**
Alpha College of Real Estate School (Virginia)

**Facility Security Management Course**
Department of Defense
Irvine, CA      2003

**U.S. Secret Service Counter Sniper Training School**
U.S. Secret Service
Beltsville, MD      1990

**U.S. Secret Service Specialized Recruit Training**
U.S. Secret Service
Beltsville, MD      1983

**Basic Police Training Course**
Federal Law Enforcement Training Center
Glynco, Ga.              1983

## Certifications

**Certified Training Instructor** (FEMA Center for Domestic Preparedness (2012)

**Certified Protection Professional (CPP)** (ASIS International, since (2005). Hence Board Certified in Security Management. Domain areas mastered: Security Principles and practices, Business principles and practices, Investigations, Personnel Security, Physical Security, Information Security, Crisis Management, and Legal Aspects. **(Recertification December 2020)**.

**Certified Facility Security Officer (FSO)** (Department of Defense, since (2003)

**Certified Law Enforcement Trainer (CLET)** (American Society of Law Enforcement Trainers (2002)

## AWARDS

**Certificate of Appreciation from U.S. Secret Service (2016) for assistance during the Nuclear Security Summit**

**Distinguished Letter from President George W. Bush for Sept. 11, 2001**

## MILITARY AWARDS

**Marine Corps. Joint Service Commendation Award**

## GOVERNMENT CLEARANCES

Held Secret and Top Secret with Polygraph

Last Criminal and FBI Background Check (Virginia 2021/ Pennsylvania 2020, Georgia 2019)

## Professional  Experience

**Michael A. Hodge & Associates, LLC**                               1997-Present
Provides Security Management Consulting to private Industry,
Government and non-government businesses as well as Forensic Expert
Services and Police Procedures Expertise and Training.

♦ **Professional Experience**

- o  **Adjunct Professor,** Virginia Commonwealth University, January 2021.  Course development and teaching under Wilder School of Homeland Security and Emergency Preparedness.

- o  **Physical Security Assessment,** INOAC Inc, Bessemer Alabama Facility, February 2020.

- o  **Adjunct Professor,** Slippery Rock University, September 2019.  Course development and teaching of Personnel Security.

- o  **Adjunct Professor**, Georgia Southern University, July 2019.  Course development and teaching of Corporate Fraud, Investigations, and Homeland Security.

- o  **Director of Security (Contract),** Helping Harvest LLC (Technology Firm), as of April 1, 2019.  Build-out of ground up facility and security program.

o **CPP Manual Editor,** ASIS International, Development of CPP Manual, May 23, 2019 appointed.

o **CPP Manual Project Committee Member,** ASIS International, Development of CPP Manual, August 2018 appointment.

o **Adjunct Professor,** University of the District of Columbia, Graduate Homeland Security Program, 2014- (2016)

o **Adjunct Professor,** Penn State University, teaching Security Administration (2012 -2015)

o **Chairman, Workplace Violence Committee, American Gas Association** (Present)
o Editor, National Legal Preparedness Reporter, DHS/Institute for Public Safety and Justice (2016)

o **Director, Corporate Security, Washington Gas 1/2/2007 - (Retired 1/2017)**
In charge of entire security program for Fortune Company providing strategic and functional direction to business units within the Enterprise. Duties include physical security, guard force management, employee training, computer security, executive protection, investigations and special event to include supporting U.S. Department of Homeland Security and 10 years of managing establishing and managing million dollar plus budgets annually.

In 2011 formulated all security design and programs for ground-up construction of 70 million dollar campus with surface and garage parking

o Security Survey, Manual development for Ardenbrook Apartments (Multiple Properties and Shopping Center), Freemont California. May-June 2013.

o Exam developer, Certified Protection Professional and Physical Security Professional, ASIS International, 2007, Orlando, Florida.

o Instructor, Certified Protection Professional (CPP) Review Course (Legal Concepts), ASIS International, 2006.

o Exam developer, Professional Certified Investigator (PCI), ASIS International, 2006, San Diego, Ca.

o **Security Consultant to Jumby Bay Resort, Antigua 2009.**

Provided Security planning and implementation for Hotel Security, Security Guard Training, and Bars and nightclub.

o **Security Consultant to Mill Reef Club 2008-2005.**

Provided Security planning and implementation for Hotel Security, Security Guard Training, and Bars and nightclub.

o   Vulnerability Assessment Annapolis State Complex, Annapolis Maryland, Feb. 2007.

o   Instructor, Harvest Life Changers Church Security Academy, Woodbridge, VA. 2005.

o   **Architect of the Certified Cargo Security Professional (CCSP) credential and exam, American Trucking Association**s, 2005.

o   **Director of Security, American Trucking Associations**, 2004 – 2006

o   **Director of Security, Center for Advanced Study of Language, University of Maryland**, College Park Maryland, 2003.

Directed the security program for a start-up classified research center. Duties include development of physical security program, information security, emergency management, Disaster preparedness, guard force development and management and development of budgets to manage multi-million dollar annual security operations.

o   **Officer/Technician, U.S. Secret Service, 20 Years RETIRED**. 1983-2003.

Responsible for protection of the President of the United States and family, Vice President of the United States and family, Dignitaries and the general public. Duties included protection of White House and other Executive designated offices and locations. Expert in conducting security surveys, assessments, and security planning for many different environments. **See 18 U.S. Code Sec. 3056A, Powers, authorities, and Duties.**

o   **Security Guard/Military Police, U.S. Marine Corps, 1979-1982**.
Non-Commissioned Officer providing security to the U.S. Pentagon and Headquarters Marine Corps in Arlington, Va.

o   Author (Legal & Legislative Section, Protection of Assets Bulletin/Manual, POA Publishing.

o   Workplace Violence Consultant, Occupational Safety & Health Net, 1997-1998.

o   Fellow, Institute for Public Safety and Justice, Washington, D.C.; 1997

o   Adjunct Professor, University of Maryland, University College, Security Management, 2003

o   Adjunct Professor, Bowie State University, Criminal law/Procedures, 2002.

o   Adjunct Professor, University of the District of Columbia, Security Management, Forensic Science, Criminal law and procedures, 1997-2002.

o   Member, Academic/Practitioner Symposium, ASIS International, 1999.

## Professional Associations

♦   International Association for Identification, 2019.

♦   Association of Former Agents of the U.S. Secret Service

♦   International Chiefs of Police Association, member 2014

♦   Forensic Expert Witness Association, member 2009-2010

♦   Chairman, Crime and Loss Prevention Council, ASIS International, 2007

♦   Chairman, ASIS National School Violence Task Force, 2006 - 2007

♦   Vice Chairman, Crime and Loss Prevention Council, ASIS International, 2005-2007

♦   **ASIS International, 1998**

## Publications

♦   Article, Security Principles for Apartment Managers, Apartment Management Magazine, 11/9/2009.

♦   Article, 3 Experts, 3 perspectives on Security for Music Festivals, International Special Events Society, October 2017 (Ref:  Las Vegas Hotel Shootings).

♦   Commentary, Special Events Magazine (Paris Theater Terrorist Attack), November 2015.

♦   Attorney's Guide to Crime Scene Investigations, Michael A. Hodge, 2015.

♦   Crime Scene Investigations for TV and Film Professionals, Michael A. Hodge, 2015.

♦   Managers Guide to Workplace Violence, Michael A. Hodge and Associates, 2014.

♦   Domestic Violence Plan, Michael A. Hodge and Associates, 2013.

♦ Book, Safety Plan for College, MahaPublications, LLC 2009.

♦ Book, Security for Houses of Worship, the Complete Guide, Michael A. Hodge & Associates, LLC, 2006.

♦ Best Practices for Security for Houses of Worship, ASIS International, 2006.

♦ Parking Premises Security, Parking Magazine, May 2005.

♦ Fundamentals of Premise Security, National Parking Association, May 2005

♦ Special Event Security: Lessons learned from 20 Years in the U.S. Secret Service, Homeland Defense Journal, May 2005.

## POA Bulletin, POA Publishing, 1999-2000

Trade Secret Policies
ADA - Employers Duty Eliminated When no Jobs are Available
Security Camera Aids Discrimination Suit
Boss Held Personally Liable for Harassment
Workplace Violence Prevention: Emergency Planning (OSH Net.)
Workplace Violence Prevention: Employment Screening (OSH Net.)
Inadequate Security for Parking Lot Abduction
Wackenhut under Fire for Alleged Poor Hiring
Employee Handbook may Constitute a Contract
New Airport Security Legislation
Grooming Policy At Issue
RICO Expand its Reach for Abortion Clinic Security
Travel Safety
Controversial Drug Scanner
Liability Concerns of Workplace Violence
Banking Security
New Mandates for Campus Security
Franchises Liability: "Is a matter of control"
Diplomatic Immunity
OSHA and Ergonomics
Employment Screening
Employee Background Investigations - Complying with the Fair Credit Reporting Act
Video Surveillance in the Workplace: Employers responsibility vs. Employee rights.
Company Policies not always a valid defense in Discrimination Cases
Liability for Cell Phone Usage Goes to Court
Burden of Proof on Employer in Unfair Labor Practice Proceeding
No Medical Necessity Exception to Controlled Substance Act

"Zero Tolerance" debate for School Violence
Disclosure of Lawfully obtained information protected by First Amendment
Liability for Religious Biased evaluation
Wal-Mart Sued for Domestic Violence
Locked doors incur OSHA violation
Military Leave and Reinstatement Rights
Pro-Active Programs May prevent OSHA Inspections
Inadequate Apartment Complex Security
Union Workers Prohibited from Driveway Distribution
Final HIPPA Security Rule in August
U.S. Supreme Court allows Drug Tests for Some Students

## Presentations and Lectures

The Special Event, Special Event Security: Mitigating Liability from Special Events Claims, Las Vegas, March 2020.

FestForums Annual Meeting, Safety and Security of Festivals, November 2019.

ABA Annual Meeting, Defending Premises Security Cases, August 2018.

Federation of Defense Corporate Counsel, Corporate response to Claims of Workplace Violence, September 2017.

Workplace Violence & Active Shooter Seminar, Noble Offerings, LLC, March 2016.

What Managers Should Know about Premises Security Liability, ASIS International, DC Chapter, March 2016.

Workplace Violence Best Practices for Pipeline Industry, American Gas Association, Austin, TX September 2009.

Fundamentals of conducting Workplace Investigations, Washington Gas Light, September 2009.

Workplace Violence, American Gas Association, March 2009.

Inside the premises security experts view: Evaluation and workup, National Crime Victims Bar Association, October 2008.

Church Security, Faquier County Coalition of Ministers, March 2008.

Protection of Utilities, Prince George's County Maryland Department of Homeland Security, October, 2007.

Planning led to flawless security for Pope's Funeral (Expert Commentary); Special Events Magazine, April 13, 2005.

Atlanta Courthouse Shooting, (Expert Interview), ABCNEWS.com, March 11, 2005

Bottom line of Cargo Theft, National Motor Freight Traffic Association, Alexandria, Virginia, November 8, 2004.

Cargo Theft Investigations, Western States Association of Burglary and Theft Investigators, Reno Nevada October 22, 2004.

Workplace Violence Prevention, National Association of Blacks in Criminal Justice, Jacksonville, Florida, 2002.

Emergency Management, University of the District of Columbia, Washington DC, 2002.

Workplace Violence, Goodwill Industries, Inc. Human Resources Conference, Las Vegas, Nevada, 2001.

Premises Security Liability, International Association of Black Security Executives annual conference, Washington, D.C. 2001.

## Continuing Education

**Title 9, Higher Education Training, Virginia Commonwealth University, January 2021**

**FBI, Human Trafficking – What's the Impact and Prevention, November 20, 2020**

**FBI, Human Trafficking – What does it look like? November 13, 2020**

**FBI, Human Trafficking- What is it? November 8, 2020**

**United States Secret Service, Mass Attacks in Public Spaces, August 2020**

**Association of Threat Assessment Professionals, Threat Assessment and Management Academy, July 2020**

**SIGMA-Ontic, Addressing Workplace Threats in a Virtual Environment, July 2020**

**Department of Homeland Security, Multi-Agency Active Shooter Seminar, July 2020**

**ASIS International Webinar, A look into the new Workplace Violence and Active Assailant Standard: Prevention, Intervention, Response, (June 2020)**

**Protect Children (Educational environment), Certificate (1/14/20)**

**Negligent Security Seminar: People+Premises+Data. 7th Annual Leighton law Seminar Series. March 31, 2015.**

**ASIS International 60th Annual Seminar and Exhibits, Atlanta GA. Sept. 29-Oct. 2, 2014.**

**CCTV: What you See is What you Get. InfraGard (Instructor Paul Smith) Feb. 7, 2014. Capitol Heights MD.**

"This workshop is designed to enhance the operational use of Closed Circuit Television (CCTV) operators and Managers by providing instruction on the key elements of situational awareness and associated proactive CCTV techniques."

**Improvised Explosive Device (IED) Counterterrorism Workshop, DHS, January 17, 2014.**

**ASIS International 61th Annual Seminar and Exhibits, Irvine, Calif. 2015**

## Fee Schedule & Expert Services Agreement

Litigation/
Consulting:   $350.00 per hour for services including, but not limited to, review, research and analysis: reports, conferences, site visitation and survey where appropriate together with a review of all Discovery materials and any other materials deemed necessary to reach and render an opinion in the subject litigation. A retainer fee of $2,000.00 is required. Initial work will be charged against the retainer. I am retained solely by the attorney/ attorney's firm (client) and no relationship exists between the attorney's client and me. The attorney/attorney firm/client is solely responsible for fee payment.

Deposition:   Deposition fees shall be charged at $350.00 per hour for the hours of expected deposition and paid prior to deposition by opposing Counsel.

Trial:   $2800.00 or a full eight (8) hours for trial appearance and testimony.

Cancellation:   Counsel is required to provide forty-eight (48) hour notice of cancellation of scheduled testimony or be subject to a four (4) hour cancellation fee plus any travel expenses.

Travel:   There are no costs billed for travel time or mode of travel.

Invoices:   All invoices are due and payable within 15 (15) days of receipt. Invoices thirty (30) will be assessed a $50.00 late fee.

Payment:   The Client/Attorney/Attorney firm is **solely** responsible for fee payment. The Consultant/Expert do understand that responsible for fee payment in a Defense matter is the obligation of the Insurance carrier.

Engagement:   Your signature below indicates acceptance of this binding agreement and formal engagement of Michael A, Hodge, CPP, JD to provide professional services.


Authorized Signature / Title: _____


Date: _____

Case/Matter:

# Nirjal K Nikhar, MD, FRCP

| | |
|---|---|
| **Name** | Nirjaleshwar Kumar Nikhar |
| **Address (Office)** | **The Neurology Clinic of Washington LLC,**<br>18213 Hillcrest Avenue,<br>Olney, MD 20832<br><br>Office Tel no:  301 260 7600<br>E mail:     nnikhar@neurologymd.com |
| **Med. License held in** | India, England, and USA (NC, MD and Washington DC) |
| **School Education** | Regis School, Wolverhampton<br>England. |
| **Medical School** | Armed Forces Medical College,<br>University of Poona, India. |
| **Neurology Residency** | Wayne State University, Detroit, Michigan |

**Neuromuscular disorders Fellowships**

| | |
|---|---|
| | Charing Cross Hospital, London, UK<br>Duke University Medical Center, Durham, NC, USA |
| **Qualifications** | Examiner for the American Board of Psychiatry and Neurology (Past)<br><br>Special Advisory panel member for the FDA, USA (Past)<br><br>MD (USA)<br>MBBS   (Bombay)<br>FRCP   (U.K)<br>LRCP, MRCS   (U.K) |
| **Board Certifications** | American Board of Psychiatry and Neurology<br>American Board of Electrodiagnostic medicine |
| **Memberships** | American Academy of Neurology<br>American Academy of Neuromuscular and<br>    Electrodiagnostic medicine |

1

Royal College of Physicians of Great Britain
Montgomery County Medical Society
Association of American Physicians of Indian Origin
Indian American Medical Association (DC MD and VA)


## CLINICAL EXPERIENCE

| | |
|---|---|
| **Current** | **Private practice at 'The Neurology Clinic of Washington'** |
| | I presently work in my private practice, where I see a large spectrum of general neurological disorders with focus on neuromuscular disorders, and movement disorder. I have two offices situated in Olney and North Bethesda in Suburban Maryland. In my capacity as a clinical neurologist, I have been recognized as one of the 'Best Neurologists in metropolitan DC area' in Washingtonian and Bethesda magazines. During this period, I have served as a special advisor to the FDA in the Center of devices and radiological health. |
| **Sept. 1999 → March 2003** | **Private practice at 'The Neurology Center'** I joined a large private practice group in September 1999 following my fellowship training in suburban Maryland. |
| **July 1998→ July 1999** Duke University Medical Center Durham, North Carolina | **Fellow in Neuromuscular Diseases** Professors: D.B Sanders MD, J.M Massey MD This was a clinical fellowship in neuromuscular diseases, where emphasis was placed on attaining electrophysiology skills in EMG and nerve conduction studies, running of the myasthenia gravis and muscular dystrophy clinic, and the Dystonia clinic for Botulinum toxin injections. |
| **July 1st 1995→June 1998** Wayne State University, | **Chief Resident in Neurology PGY IV** Chairman: Dr.R.Lisak Detroit, Michigan. |
| **Feb 1st 1994 - Jan 31st 1995** Charing Cross & Westminster | **Research Fellow & Registrar in Neurology** Consultant & Head of Department : Dr. R.Guiloff |

| | |
|---|---|
| Medical School,<br>Fulham Palace Road,<br>London, England. | (Neuromuscular Unit)<br>This was a neuromuscular fellowship, for the study of cytoarchitectonics of the ventral horn of the human spinal cord. This was my first exposure to basic science bench work, but also incorporated clinical evaluation of patients with motor neuron disease. |
| **Aug 1993 - Dec 1993** | **Locum tenure as Registrar in Neurology & General Medicine** |
| **Feb 1st 1993 - July 1993**<br>Good Hope Hospital,<br>SuttonColdfield, B'ham,<br>England | **SHO in Obstetrics & Gynaecology**<br>Consultants : Mr.M.D.Moloney<br>Mr.C.W.Mortimer |
| **Aug 1st 1992 - Jan 31st 1993**<br>Luton and Dunstable Hospital<br>Luton, England. | **Registrar in General Medicine and Neurology**<br>Consultant Physician : Dr.B.Harrold<br>Consultant Neurologist : Dr.A.Gale |
| **Feb. 1st 1991 - July 31st 1992**<br>Norfolk and Norwich Hospital<br>Norwich, England. | **SHO Rotation in General Medicine**<br>Neurology Consultants : Dr. J.C.Brown,/ D.Dick<br>Cardiology Consultant : Dr. H. Kennedy<br>Geriatrics Consultant : Dr. K. Sabanathan |
| **Aug 13th 1990 - Jan 31st 1991**<br>Bridlington and District Hospital, | **SHO in General Medicine**<br>Consultant : Dr. C. Mitchell<br>Bridlington, England. |
| **Feb 1st 1990 - July 31st 1990**<br>Scunthorpe General Hospital, | **SHO in General Medicine**<br>Consultant : Dr. J.R. Perumal<br>Scunthorpe, England. |
| **Mar 1989 - July 5th 1989**<br>Central Railway Hospital, | **SHO in Orthopaedics**<br>Consultant : Dr.K.C.Jindal<br>Byculla, Bombay, India. |
| **Sept 9th 1988 - Mar 8th 1989**<br>Central Railway Hospital,<br>Byculla, Bombay, India. | **SHO in General Medicine**<br>Consultant : Dr.R.B.Pandit<br>A busy referral centre, created my first experience as a post intern. |
| **July 1st 1987 - July 3rd 1988**<br>B.Y.L.Nair Hospital<br>Bombay Central, | **Internship**<br>Dean : Dr.P.M.Pai<br>A rotating period of one year in the disciplines of |

Surgery, Medicine and Gynaecology, in a teaching hospital. This also involved working in a peripheral health service in rural India.

# Presentations:

**POSTERS**

**1. 'Cytoarchitectonics of the ventral horn of the human spinal cord'**
N.K.Nikhar, MRCP, R.Guiloff, FRCP.
Neuromuscular Unit, Charing Cross and Westminster Medical School, London, U.K

Presented at Charing Cross and Westminster Medical School, London. Trustees scientific poster exhibition. 1994.

**2. 'Neurological presentations of Sarcoidosis - A diagnostic challenge'**
N.K.Nikhar, MD, MRCP, J.Shah, MD, A.Tselis, MD, PhD, R.Lewis, MD
Department of Neurology, Wayne State University, Detroit, Michigan.

Presented at the American Academy of Neurology, Boston 1997.

**3. 'Neurologic Presentation in Near-Hanging Victims'**
P.L.Peterson☞🖺, N.Nikhar☞, M.Jasumback🖺, D.Michael🖺, C.Lucas🖺
Departments of Neurology☞, Emergency Medicine🖺, Neurosurgery🖺, and Surgery🖺
wayne State University, Detroit, Michigan 48201

Presented at Neurotrauma Society Meeting , New Orleans, October 1997.

**4. Multifocal Sensorimotor Demyelinating Neuropathy with Persistent Conduction Block is Distinct from Multifocal Motor Neuropathy (MMN)**
N.K.Nikhar, MD, MRCP, R.A.Lewis, MD.
Department of Neurology, Wayne State University, Detroit, Michigan.

American Academy of Neurology, Minneapolis April 1998.

**5. New Onset Peripartum Seizures-Insight into a Common Disorder**
A.Shah☞, N.Nikhar☞, C.R.Watson☞, J.R.Shah☞, J.E.Whitty🖺, D.B.Cotton🖺.
Department of Neurology☞, Department of Obstetrics and Gynaecology🖺, Wayne State University, Detroit, Michigan.

American Academy of Neurology, Minneapolis, April 1998.

**6. Quantitative Motor and Sensory Analysis of patients with CMT1**

D.Kamholz, N.Nikhar, N.Shein, K.Walkowicz, J.Wright, J.Kamholz, J.Garbern, R.Lewis, M.Shy.
Department of Neurology, Wayne State University, Detroit, Michigan

7.  **Miller Fisher syndrome and Polyneuritis Cranialis are part of a larger spectrum in Guillain Barré syndrome**
    S. Maniar[1], N.Nikhar[2], R. Lewis[1]
    [1] Department of Neurology, Wayne State University, Detroit, Michigan.
    [2] Duke University Medical Center, Durham, North Carolina
    American Academy of Neurology, Toronto, Canada, 1999


## ABSTRACTS


**'Clinical Assessment of Muscle Force'**
A.Goonetilleke, N.Nikhar, S.V.Tan, R.W.Orrell, R.J.Guiloff
Charing Cross Hospital, London, U.K

Abstracts; Journal of Neurology Neurosurgery & Psychiatry: February 1997, 62, 2, pg. 213


## ARTICLES

**Primary Neurosarcoidosis: A diagnostic and therapeutic challenge**
Nirjal.K.Nikhar, MD, MRCP, Jagdish R Shah, MD, Alex C Tselis, MD, PhD, Richard A Lewis, MD
The Neurologist 6:126-133,2000

**Retrospective analysis of the use of cyclosporin in myasthenia gravis.**
Emma Ciafaloni, MD, Nirjaleshwar K Nikhar MD, MRCP, Janice M Massey, MD, and Doanld B Sanders MD. Neurology 2000;55:448-450


**Populations in the spinal ventral horn in sporadic motor neuron disease. A morphometric study**

Benjamin Stephensab, Roberto J. Guiloffab✉, Roberto Navarreteb, Piers Newman ab, Nirjal Nikhar, Paul Lewisc

**CHAPTERS**

**Chapter:**     Peter A LeWitt, William Kupsky, Mark A Ferrante, James Garbern, **Nirjal Nikhar,** and A Tselis 'Body Fluid and Tissue Analysis'.458-474 Textbook of Clinical Neurology Goetz and Pappert.. W.B.Saunders 1999.

**Chapter:**     A.Tselis and **N.K.Nikhar** 'Neurologic infections / HIV'. Neurology Pearls of Wisdom Board Review. 1998.

**Chapter:**     **N.K. Nikhar** and A.Shah 'POEMS syndrome'. Neurobase, 1998, 1999, 2000, 2001

**Chapter:**     **N.K.Nikhar**     'Post infectious encephalomyelitis' Neurobase, 2001

**Chapter:**     **N. K. Nikhar** 'Neuropathy of Friedrichs ataxia'. e Medicine.

**Chapter:**     **N. K. Nikhar** ' Neuropathy of Neurosarcoidosis'. e Medicine.

**Chapter:**     **N.K.Nikhar**     ' Dopa Responsive Dystonia'. e Medicine.

**Chapter:**     **N.K.Nikhar**     ' Traumatic Neuropathies of Upper extremities. 'Trauma'.

**Chapter:**     **N.K.Nikhar**     ' Traumatic Neuropathies of Lower extremities. 'Trauma'.

**Chapter:**     **N.K.Nikhar**     ' Clinical applications of Botulinum Toxins. 'Trauma'.

**Contributing author:**     **N.K.Nikhar** Internal Medicine Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Internal Medicine (Medical Students parts II and III)  Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Critical Care Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Pulmonary Pearls of Wisdom Board Review 1998
**N.K.Nikhar** General Surgery Pearls of Wisdom Board Review 1998

# Nirjal K Nikhar, MD, FRCP

| | |
|---|---|
| **Name** | Nirjaleshwar Kumar Nikhar |
| **Address (Office)** | **The Neurology Clinic of Washington LLC,** 18213 Hillcrest Avenue, Olney, MD 20832 |
| | Office Tel no: 301 260 7600 E mail: nnikhar@neurologymd.com |
| **Med. License held in** | India, England, and USA (NC, MD and Washington DC) |
| **School Education** | Regis School, Wolverhampton England. |
| **Medical School** | Armed Forces Medical College, University of Poona, India. |
| **Neurology Residency** | Wayne State University, Detroit, Michigan |

**Neuromuscular disorders Fellowships**

| | |
|---|---|
| | Charing Cross Hospital, London, UK Duke University Medical Center, Durham, NC, USA |
| **Qualifications** | Examiner for the American Board of Psychiatry and Neurology (Past) |
| | Special Advisory panel member for the FDA, USA (Past) |
| | MD (USA) MBBS (Bombay) FRCP (U.K) LRCP, MRCS (U.K) |
| **Board Certifications** | American Board of Psychiatry and Neurology American Board of Electrodiagnostic medicine |
| **Memberships** | American Academy of Neurology American Academy of Neuromuscular and Electrodiagnostic medicine |

Royal College of Physicians of Great Britain
Montgomery County Medical Society
Association of American Physicians of Indian Origin
Indian American Medical Association (DC MD and VA)


## CLINICAL EXPERIENCE

**Current**                           **Private practice at 'The Neurology Clinic of Washington'**

I presently work in my private practice, where I see a large spectrum of general neurological disorders with focus on neuromuscular disorders, and movement disorder. I have two offices situated in Olney and North Bethesda in Suburban Maryland. In my capacity as a clinical neurologist, I have been recognized as one of the 'Best Neurologists in metropolitan DC area' in Washingtonian and Bethesda magazines.
During this period, I have served as a special advisor to the FDA in the Center of devices and radiological health.

**Sept. 1999 → March 2003**          **Private practice at 'The Neurology Center'**
I joined a large private practice group in September 1999 following my fellowship training in suburban Maryland.

**July 1998→ July 1999**             **Fellow in Neuromuscular Diseases**
                                     Professors: D.B Sanders MD, J.M Massey MD
Duke University Medical Center       This was a clinical fellowship in neuromuscular
Durham, North Carolina               diseases, where emphasis was placed on attaining electrophysiology skills in EMG and nerve conduction studies, running of the myasthenia gravis and muscular dystrophy clinic, and the Dystonia clinic for Botulinum toxin injections.

**July 1st 1995→June 1998**          **Chief Resident in Neurology PGY IV**
Wayne State University,              Chairman:  Dr.R.Lisak
                                     Detroit, Michigan.

**Feb 1st 1994 - Jan 31st 1995**     **Research Fellow & Registrar in Neurology**
Charing Cross & Westminster          Consultant & Head of Department  : Dr. R.Guiloff

2

Medical School,
Fulham Palace Road,
London, England.

(Neuromuscular Unit)
This was a neuromuscular fellowship, for the study of cytoarchitectonics of the ventral horn of the human spinal cord. This was my first exposure to basic science bench work, but also incorporated clinical evaluation of patients with motor neuron disease.

**Aug 1993 - Dec 1993**

**Locum tenure as Registrar in Neurology & General Medicine**

**Feb 1st 1993 - July 1993**
Good Hope Hospital,
SuttonColdfield, B'ham,
England

**SHO in Obstetrics & Gynaecology**
Consultants : Mr.M.D.Moloney
                Mr.C.W.Mortimer

**Aug 1st 1992 - Jan 31st 1993**
Luton and Dunstable Hospital
Luton, England.

**Registrar in General Medicine and Neurology**
Consultant Physician : Dr.B.Harrold
Consultant Neurologist : Dr.A.Gale

**Feb. 1st 1991 - July 31st 1992**
Norfolk and Norwich Hospital
Norwich, England.

**SHO Rotation in General Medicine**
Neurology Consultants : Dr. J.C.Brown,/ D.Dick
Cardiology Consultant : Dr. H. Kennedy
Geriatrics Consultant : Dr. K. Sabanathan

**Aug 13th 1990 - Jan 31st 1991**
Bridlington and District Hospital,

**SHO in General Medicine**
Consultant : Dr. C. Mitchell
Bridlington, England.

**Feb 1st 1990 - July 31st 1990**
Scunthorpe General Hospital,

**SHO in General Medicine**
Consultant : Dr.      J.R. Perumal
Scunthorpe, England.

**Mar 1989 - July 5th 1989**
Central Railway Hospital,

**SHO in Orthopaedics**
Consultant : Dr.K.C.Jindal
Byculla, Bombay, India.

**Sept 9th 1988 - Mar 8th 1989**
Central Railway Hospital,
Byculla, Bombay, India.

**SHO in General Medicine**
Consultant : Dr.R.B.Pandit
A busy referral centre, created my first experience as a post intern.

**July 1st 1987 - July 3rd 1988**
B.Y.L.Nair Hospital
Bombay Central,

**Internship**
Dean : Dr.P.M.Pai
A rotating period of one year in the disciplines of

Surgery, Medicine and Gynaecology, in a teaching hospital. This also involved working in a peripheral health service in rural India.

# Presentations:

## POSTERS

**1. 'Cytoarchitectonics of the ventral horn of the human spinal cord'**
N.K.Nikhar, MRCP, R.Guiloff, FRCP.
Neuromuscular Unit, Charing Cross and Westminster Medical School, London, U.K

Presented at Charing Cross and Westminster Medical School, London. Trustees scientific poster exhibition. 1994.

**2. 'Neurological presentations of Sarcoidosis - A diagnostic challenge'**
N.K.Nikhar, MD, MRCP, J.Shah, MD, A.Tselis, MD, PhD, R.Lewis, MD
Department of Neurology, Wayne State University, Detroit, Michigan.

Presented at the American Academy of Neurology, Boston 1997.

**3. 'Neurologic Presentation in Near-Hanging Victims'**
P.L.Peterson🖝 🖹, N.Nikhar🖝, M.Jasumback🖹, D.Michael🖹, C.Lucas🖨
Departments of Neurology🖝, Emergency Medicine🖹, Neurosurgery🖹, and Surgery🖨
wayne State University, Detroit, Michigan 48201

Presented at Neurotrauma Society Meeting , New Orleans, October 1997.

**4. Multifocal Sensorimotor Demyelinating Neuropathy with Persistent Conduction Block is Distinct from Multifocal Motor Neuropathy (MMN)**
N.K.Nikhar, MD, MRCP, R.A.Lewis, MD.
Department of Neurology, Wayne State University, Detroit, Michigan.

American Academy of Neurology, Minneapolis April 1998.

**5. New Onset Peripartum Seizures-Insight into a Common Disorder**
A.Shah🖝, N.Nikhar🖝, C.R.Watson🖝, J.R.Shah🖝, J.E.Whitty🖹, D.B.Cotton🖹.
Department of Neurology🖝, Department of Obstetrics and Gynaecology🖹, Wayne State University, Detroit, Michigan.

American Academy of Neurology, Minneapolis, April 1998.

**6. Quantitative Motor and Sensory Analysis of patients with CMT1**

D.Kamholz, N.Nikhar, N.Shein, K.Walkowicz, J.Wright, J.Kamholz, J.Garbern, R.Lewis, M.Shy.
Department of Neurology, Wayne State University, Detroit, Michigan

7. **Miller Fisher syndrome and Polyneuritis Cranialis are part of a larger spectrum in Guillain Barré syndrome**
S. Maniar[1], N.Nikhar[2], R. Lewis[1]
[1] Department of Neurology, Wayne State University, Detroit, Michigan.
[2] Duke University Medical Center, Durham, North Carolina
American Academy of Neurology, Toronto, Canada, 1999


## ABSTRACTS


**'Clinical Assessment of Muscle Force'**
A.Goonetilleke, N.Nikhar, S.V.Tan, R.W.Orrell, R.J.Guiloff
Charing Cross Hospital, London, U.K

Abstracts; Journal of Neurology Neurosurgery & Psychiatry: February 1997, 62, 2, pg. 213


## ARTICLES

**Primary Neurosarcoidosis: A diagnostic and therapeutic challenge**
Nirjal.K.Nikhar, MD, MRCP, Jagdish R Shah, MD, Alex C Tselis, MD, PhD, Richard A Lewis, MD
The Neurologist 6:126-133,2000

**Retrospective analysis of the use of cyclosporin in myasthenia gravis.**
Emma Ciafaloni, MD, Nirjaleshwar K Nikhar MD, MRCP, Janice M Massey, MD, and Doanld B Sanders MD. Neurology 2000;55:448-450

**Populations in the spinal ventral horn in sporadic motor neuron disease. A morphometric study**
Benjamin Stephensab, Roberto J. Guiloffab, Roberto Navarreteb, Piers Newman ab, Nirjal Nikhar, Paul Lewisc

**CHAPTERS**

**Chapter:**     Peter A LeWitt, William Kupsky, Mark A Ferrante, James Garbern, **Nirjal Nikhar,** and A Tselis 'Body Fluid and Tissue Analysis'.458-474 Textbook of Clinical Neurology Goetz and Pappert.. W.B.Saunders 1999.

**Chapter:**     A.Tselis and **N.K.Nikhar** 'Neurologic infections / HIV'. Neurology Pearls of Wisdom Board Review. 1998.

**Chapter:**     **N.K. Nikhar** and A.Shah 'POEMS syndrome'. Neurobase, 1998, 1999, 2000, 2001

**Chapter:**     **N.K.Nikhar**     'Post infectious encephalomyelitis' Neurobase, 2001

**Chapter:**     **N. K. Nikhar** 'Neuropathy of Friedrichs ataxia'. e Medicine.

**Chapter:**     **N. K. Nikhar** ' Neuropathy of Neurosarcoidosis'. e Medicine.

**Chapter:**     **N.K.Nikhar**     ' Dopa Responsive Dystonia'. e Medicine.

**Chapter:**     **N.K.Nikhar**     ' Traumatic Neuropathies of Upper extremities. 'Trauma'.

**Chapter:**     **N.K.Nikhar**     ' Traumatic Neuropathies of Lower extremities. 'Trauma'.

**Chapter:**     **N.K.Nikhar**     ' Clinical applications of Botulinum Toxins. 'Trauma'.

**Contributing author:**          **N.K.Nikhar** Internal Medicine Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Internal Medicine (Medical Students parts II and III) Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Critical Care Pearls of Wisdom Board Review 1998
**N.K.Nikhar** Pulmonary Pearls of Wisdom Board Review 1998
**N.K.Nikhar** General Surgery Pearls of Wisdom Board Review 1998



# The Neurology Clinic of Washington

*General Neurology, Neuromuscular diseases, Movement disorders, Headaches, Sleep Disorders,*

*Electromyography, Botulinum Toxin injections, Sleep Clinic*

**Nirjal K Nikhar MD, FRCP**

---

### Attorney Fee Schedule

**Deposition\***
$1750.00 minimum for the first two hours, or any portion thereof (excluding records review and preparation), including travel time. After two hours, the rate will be $750/ hr.

Refund Policy for Deposition:

Cancellation with five (5) business days notice: full refund minus time reviewing any records
Cancellation with two (2) to four (4) business days notice: 50% refund minus time reviewing any records
Cancellation with one (1) business day notice: 25% refund
Cancellation with <24 hours, or no show: no refund

**Attorney Conference (in person or telephone conference)**
A $600 minimum for each hour, or any portion thereof. A $100 for each additional 15 minutes.

**Court Appearance\***
A charge of $5,000 for a half day and $7,000.00 for a full day, including travel time.

**Records Review**
$550 per hour, payable on completion of the review

**Medical Records**
$22.88 preparation fee plus .76 per page.

**IME**
$1000 for an Independent Medical Exam (including record review of a 10 to 15 minute time frame.) Time spent beyond 15 minutes for record review will be billed at the record review rate mentioned above.

**Refund Policy for IME cancellation**
Cancellation with at least five (5) business days notice: full refund minus time reviewing any records.
Cancellation with two to Four (2-4) business days notice: 50% refund minus time reviewing any records.
Cancellation with less than two (2) business days: no refund

**\*Payment must be received seven (7) business days prior to the scheduled date.**

**Attorney Medical summary letter:**
$500

**Please make check payable to:**          **N. K. Nikhar, MD,**
**The Neurology Clinic of Washington,**
**18213 Hillcrest Ave**
**Olney, MD 208323**

**Tax ID #**                              **38-367-3632**

**Revised:  4/20/2022**

18213 Hillcrest Avenue, Olney, MD 20832

3202 Tower Oaks Blvd, Suite 330, Rockville, MD 20852

Tel: 301 260 7600    Fax: 240 779 2111

Deficient per Rule 20-203(d). Unless corrected, not a valid pleading or paper

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| **ZAVIEA GAYNOR** | * | |
| | * | |
| **Plaintiff** | * | |
| **vs.** | * | **Case No. CAL 21-10307** |
| **EMPIRIAN VILLAGE OF MARYLAND,** | * | |
| **LLC, et al.** | * | |
| | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF DEFENDANT, EMPIRIAN VILLAGE OF MARYLAND, LLC

Defendant, ***EMPIRIAN VILLAGE OF MARYLAND, LLC*** (hereinafter "Defendants")

by and through its attorneys, ***Bregman, Berbert, Schwartz & Gilday, LLC*** and pursuant

to *Maryland Rule 2-323*, hereby files its Answer to the Amended Complaint filed by the

Plaintiff and in so doing, states as follows:

### I.
### (General Denial)

This Defendant generally denies any and all liability for the claims set forth in the
Amended Complaint and demands strict proof thereof

### II.
### (Specific Admission & Denials)

Notwithstanding and without waiving Answer I above, as to each numbered

paragraph of the Amended Complaint, this Defendant answers as follows:

1. Defendant is without sufficient knowledge to admit or deny.
2. Denied.
3. Admitted solely to the allegation that Defendant owns and does business in
   Maryland as Franklin Park at Greenbelt Station.  The balance of the allegations to
   paragraph 3 are Denied.
4. Admitted as to jurisdiction venue only; denied as to the balance of paragraph 4.

5. Denied.

6. Denied; notwithstanding the foregoing, any document referenced in the paragraph, if accurately set for by Plaintiff, speaks for itself.

7. Denied.

8. Denied.

**AS TO COUNT ONE**

9. Prior responses are incorporated as a response to paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## III.

### (Affirmative Defenses)

This Defendant reserve the right to rely upon such other and further affirmative defenses which it may learn of during the course of discovery.

**WHEREFORE**, this Defendant respectfully prays

1. That this Court dismiss the Plaintiff's Amended Complaint.
2. Plaintiff's claims and request for damages were not caused by Defendant or by any person or entity for whom or for which Defendant is not responsible.
3. Plaintiff's claims are barred by contributory negligence.
4. There is no legal basis for a claim for attorney's fees against Defendant.
5. For such other and further relief as the nature of this case and justice may require.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

_____

Michael E. Winer, Esquire
CSTF No. 8005010212
Bethesda Commons
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
Phone: (301) 656-2707

mwiner@bregmanlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May 2022, a copy of the foregoing Answer to Amended Complaint of the Defendant, Empirian Village of Maryland, LLC, was mailed first class, postage prepaid to:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204

_____

Michael E. Winer

3

Deficient per Rule 20-203(d). Unless corrected, not a valid pleading or paper

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| **ZAVIEA GAYNOR** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **vs.** | * | **Case No. CAL 21-10307** |
| | * | |
| **EMPIRIAN VILLAGE OF MARYLAND,** | * | |
| **LLC, et al.** | * | |
| | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF DEFENDANT, EMPIRIAN VILLAGE OF MARYLAND, LLC

Defendant, **EMPIRIAN VILLAGE OF MARYLAND, LLC** (hereinafter "Defendants")
by and through its attorneys, **Bregman, Berbert, Schwartz & Gilday, LLC** and pursuant
to *Maryland Rule 2-323*, hereby files its Answer to the Amended Complaint filed by the
Plaintiff and in so doing, states as follows:

### I.
### (General Denial)

This Defendant generally denies any and all liability for the claims set forth in the
Amended Complaint and demands strict proof thereof

### II.
### (Specific Admission & Denials)

Notwithstanding and without waiving Answer I above, as to each numbered

paragraph of the Amended Complaint, this Defendant answers as follows:

1. Defendant is without sufficient knowledge to admit or deny.
2. Denied.
3. Admitted solely to the allegation that Defendant owns and does business in
   Maryland as Franklin Park at Greenbelt Station. The balance of the allegations to
   paragraph 3 are Denied.
4. Admitted as to jurisdiction venue only; denied as to the balance of paragraph 4.

5. Denied.

6. Denied; notwithstanding the foregoing, any document referenced in the paragraph, if accurately set for by Plaintiff, speaks for itself.

7. Denied.

8. Denied.

## AS TO COUNT ONE

9. Prior responses are incorporated as a response to paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## III.

## (Affirmative Defenses)

This Defendant reserve the right to rely upon such other and further affirmative defenses which it may learn of during the course of discovery.

**WHEREFORE**, this Defendant respectfully prays

1. That this Court dismiss the Plaintiff's Amended Complaint.
2. Plaintiff's claims and request for damages were not caused by Defendant or by any person or entity for whom or for which Defendant is not responsible.
3. Plaintiff's claims are barred by contributory negligence.
4. There is no legal basis for a claim for attorney's fees against Defendant.
5. For such other and further relief as the nature of this case and justice may require.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

_(signature)_

Michael E. Winer, Esquire
CSTF No. 8005010212
Bethesda Commons
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
Phone: (301) 656-2707

mwiner@bregmanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May 2022, a copy of the foregoing Answer to Amended Complaint of the Defendant, Empirian Village of Maryland, LLC, was mailed first class, postage prepaid to:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204

_(signature)_

Michael E. Winer

IN THE CIRCUIT COURT FOR <u>Baltimore County</u>
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☐PLAINTIFF ☒DEFENDANT    CASE NUMBER C-03-CV-22-001451
(Clerk to insert)

CASE NAME: <u>Zaviea Gaynor</u>    vs.    <u>Empirian Village of Maryland, LLC</u>
        Plaintiff                                   Defendant

PARTY'S NAME: Empirian Village of Maryland, LLC    PHONE:

PARTY'S ADDRESS: 1719 Route 10 East, Suite 220, Parsippany, NJ 07054

PARTY'S E-MAIL: dhartman@fieldstoneprop.com

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: Michael E. Winer, Esquire    PHONE: 301-656-2707

PARTY'S ATTORNEY'S ADDRESS: 7315 Wisconsin Avenue, Suite 800 W, Bethesda, MD 20814

PARTY'S ATTORNEY'S E-MAIL: mwiner@bregmanlaw.com

JURY DEMAND? ☐Yes ☒No

RELATED CASE PENDING? ☐Yes ☒No If yes, Case #(s), if known:

ANTICIPATED LENGTH OF TRIAL?: <u>2</u> hours <u>2</u> days

### PLEADING TYPE

New Case: ☒Original    ☐Administrative Appeal    ☐Appeal

Existing Case: ☐Post-Judgment    ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

**Constructive Trust**
- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)      Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.  ☐Liability is not conceded, but is not seriously in dispute.  ☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☐ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation          ☐Yes  ☐No          C. Settlement Conference  ☒Yes  ☐No
B. Arbitration        ☐Yes  ☐No          D. Neutral Evaluation      ☐Yes  ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*          ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                  Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff.............................. . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

May 16, 2022
Date

7315 Wisconsin Avenue, Suite 800 West
Address

Bethesda            MD          20814
City          State      Zip Code

Signature of Counsel / Party

Michael E. Winer, Esquire
Printed Name