## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| **ZAVIEA GAYNOR** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **vs.** | * | **Case No. C-03-CV-22-001451** |
| | * | |
| **EMPIRIAN VILLAGE OF MARYLAND,** | * | |
| **LLC, et al.** | * | |
| | * | |
| **Defendants** | * | |

*********************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF DEFENDANT, EMPIRIAN VILLAGE OF MARYLAND, LLC

Defendant, **EMPIRIAN VILLAGE OF MARYLAND, LLC** (hereinafter "Defendants") by and through its attorneys, **Bregman, Berbert, Schwartz & Gilday, LLC** and pursuant to *Maryland Rule 2-323*, hereby files its Answer to the Amended Complaint filed by the Plaintiff and in so doing, states as follows:

### I.
### (General Denial)

This Defendant generally denies any and all liability for the claims set forth in the Amended Complaint and demands strict proof thereof

### II.
### (Specific Admission & Denials)

Notwithstanding and without waiving Answer I above, as to each numbered paragraph of the Amended Complaint, this Defendant answers as follows:

1. Defendant is without sufficient knowledge to admit or deny.
2. Denied.
3. Admitted solely to the allegation that Defendant owns and does business in Maryland as Franklin Park at Greenbelt Station. The balance of the allegations to paragraph 3 are Denied.
4. Admitted as to jurisdiction venue only; denied as to the balance of paragraph 4.

5. Denied.

6. Denied; notwithstanding the foregoing, any document referenced in the paragraph, if accurately set for by Plaintiff, speaks for itself.

7. Denied.

8. Denied.

**AS TO COUNT ONE**

9. Prior responses are incorporated as a response to paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## III.

## (Affirmative Defenses)

This Defendant reserve the right to rely upon such other and further affirmative defenses which it may learn of during the course of discovery.

**WHEREFORE,** this Defendant respectfully prays

1. That this Court dismiss the Plaintiff's Amended Complaint.
2. Plaintiff's claims and request for damages were not caused by Defendant or by any person or entity for whom or for which Defendant is not responsible.
3. Plaintiff's claims are barred by contributory negligence.
4. There is no legal basis for a claim for attorney's fees against Defendant.
5. For such other and further relief as the nature of this case and justice may require.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

Michael E. Winer, Esquire
CSTF No. 8005010212
Bethesda Commons
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
Phone: (301) 656-2707

mwiner@bregmanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2022, a copy of the foregoing Answer to Amended Complaint of the Defendant, Empirian Village of Maryland, LLC, was mailed first class, postage prepaid to:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204

Michael E. Winer

3



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

Main: 410-887-2601

**To:** MICHAEL ELLIOT WINER
7315 WISCONSIN AVE
STE 800 WEST
BETHESDA, MD 20814

**Case Number:** C-03-CV-22-001451
**Other Reference Number(s):**

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC, ET AL.**

Date: 5/17/2022

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To : You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(2) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days. The deficient submission file name(s) and date of filing are:** .  Answer to Amended Complaint, 5/16/22

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g. upside down, sideways, blurry, and blank pages).

☐ PDF file names must relate to the title of the submission. The PDF file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g. RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the PDF file name should accurately refer to the submission to which they relate. (e.g. Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g. Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule 20-107(a)(1).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code does not appear to be correct and the correct code is not apparent.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g. includes improper fee multiplier).

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☒ Other  Filing has incorrect case number.

    **To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 5/17/2022 with envelope .**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

    The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(2), the deficient submission(s) is/are stricken.

| Date | Judge |
|------|-------|
|      |       |

cc:

    John Justin Leppler
    Empirian Village Of Maryland, Llc
    Michael Elliot Winer
    Empirian Village Of Maryland, Llc

 **CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND**
401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

**To:** MICHAEL ELLIOT WINER
7315 WISCONSIN AVE
STE 800 WEST
BETHESDA, MD 20814

|  |  |
|---|---|
| **Case Number:** | **C-03-CV-22-001451** |
| **Other Reference Number(s):** |  |

**ZAVIEA GAYNOR VS. EMPIRIAN VILLAGE OF MARYLAND, LLC, ET AL.**

Date: 5/17/2022

## MDEC DEFICIENCY NOTICE
### (Md. Rules Title 20)

To : You have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(2) the court will strike the submission unless the deficiency is corrected or the deficient submission is withdrawn within 14 days or the court orders otherwise. Please make the correction(s) indicated below and refile or withdraw the submission within 14 days. The deficient submission file name(s) and date of filing are:** .  Answer to Amended Complaint, 5/16/22

☐ In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).) *Does not apply to L & T bulk filing.*

☐ The submission is illegible or scanned with an incorrect orientation (e.g. upside down, sideways, blurry, and blank pages).

☐ PDF file names must relate to the title of the submission. The PDF file name must state whether all or part of the submission is to be sealed or shielded pursuant to Rule 20-201.1. (e.g. RESTRICTED DOCUMENT-Request to Shield Denied or Dismissed Protective Order Records) (See Rule 20-201(i).) If an exhibit to a submission is filed, the exhibit and the PDF file name should accurately refer to the submission to which they relate. (e.g. Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g. Affidavit of John Doe).

☐ The exhibit(s) are not identified using the drop-down menu provided.

☐ The submission is not permitted to be filed electronically. (See Rule 20-106(c)(2).)

☐ The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule 20-107(a)(1).

☐ The submission does not have the filer's address, e-mail address, telephone number, or the attorney's identifying Attorney Number registered with the Attorney Information System as required by Rule 20-107(a)(2).

☐ The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned or affixed with the signer's digital signature. (See Rule 20-107(d)(1).)

☐ <u>CONSOLIDATED CASES:</u> The submission was filed into a subcase. Where a judge has issued an order consolidated cases and designates a lead case, all subsequent submissions must be filed in the lead case.

☐ The proposed order was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains. (See Rule 20-201(j).) *This does not apply if submitted on a combined motion & order form issued by the Judiciary.*

☐ The filing code does not appear to be correct and the correct code is not apparent.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g. includes improper fee multiplier).

☐ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.

☐ The filing location is incorrect.

☒ Other  Filing has incorrect case number.

   To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 5/17/2022 with envelope .

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

   The above deficiency notice has not been corrected within the required 14 days. The court has not issued an order related to the deficiency. Per Rule 20-203(d)(2), the deficient submission(s) is/are stricken.

_____     _____
        Date                    Judge

cc:

   John Justin Leppler
   Empirian Village Of Maryland, Llc
   Michael Elliot Winer
   Empirian Village Of Maryland, Llc

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR            *

     *Plaintiff,*           *

v.                      *     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.

                         *
                         *
     *Defendants.*        *
*    *    *    *    *    *    *    *    *    *    *    *

## **NOTICE OF CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and Law

Office of John J. Leppler, LLC, hereby certifies that on this 18th day of May 2022, a copy of

Plaintiff's first set of interrogatories to the Defendant Empirian Village of Maryland, LLC, and

Plaintiff's first set of interrogatories to the Defendant Empirian Village of Maryland, LLC d/b/a

Franklin Park at Greenbelt Station, was sent via this Court's MDEC e-filing system and sent via

email transmission and served upon all counsels of record.

                                  Respectfully submitted,

                                  /s/ *John Leppler*
                                  _____
                                  John J. Leppler, Esq.
                                  CPF#: 1506160189
                                  Law Office of John J. Leppler, LLC
                                  600 Washington Avenue, Suite 201
                                  Towson, Maryland 21204
                                  T: (443) 955-1989
                                  E: JLeppler@Lepplerinjurylaw.com
                                  *Counsel for the Plaintiff Zaviea Gaynor*

CERTIFICATE OF COMPLIANCE

1

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2022, a copy of the foregoing notice of certificate of service of discovery materials was sent via this Court's MDEC e-filing system and sent via email transmission and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| Plaintiff | * | |
| v. | * | Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, | * | |
| et al. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of

Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum*

was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS# 8812150200)
Elana C. Taub (AIS# 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum* was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
***Attorney for Plaintiff***

*/s/ **Paul M. Finamore***
Paul M. Finamore (AIS# 8812150200)

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

ZAVIEA GAYNOR                                    *

    *Plaintiff,*                                    *

v.                                                              *    Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                                   *
                                   *

    *Defendants.*                                    *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and Law

Office of John J. Leppler, LLC, hereby certifies that on this 14th day of June 2022, a copy of

Plaintiff's notice of taking the oral deposition of the Defendant Empirian Village of Maryland,

LLC's corporate designees(s) pursuant to Maryland Rules 2-412(d) and 2-419, the Maryland

rules and Maryland lawn, was sent via this Court's MDEC e-filing system, was sent via email

transmission, and was sent via email transmission and this Court's MDEC e-filing system and

served upon all counsels of record.

                                        Respectfully submitted,

                                        /s/ *John Leppler*
                                        _____
                                        John J. Leppler, Esq.
                                        CPF#: 1506160189
                                        Law Office of John J. Leppler, LLC
                                        600 Washington Avenue, Suite 201
                                        Towson, Maryland 21204
                                        T: (443) 955-1989
                                        E: JLeppler@Lepplerinjurylaw.com
                                        *Counsel for the Plaintiff Zaviea Gaynor*

1

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2022, a copy of the foregoing notice of certificate of service of discovery materials was sent via this Court's MDEC e-filing system and sent via email transmission and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189

2

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR            *

      *Plaintiff,*            *

v.                       *      Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.

                        *
                        *
      *Defendants.*           *
*    *    *    *    *    *    *    *    *    *    *    *

## PLAINTIFF'S NOTICE OF TAKING THE ORAL DEPOSITION OF THE DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC's CORPORATE DESIGNEE(S) PURSUANT TO MARYLAND RULES 2-412(d) AND 2-419, THE MARYLAND RULES AND MARYLAND LAW

To:     Defendant Empirian Village of Maryland, LLC ("Defendant"); Elana Taub, Esq., Paul Finamore, Esq., Pessin Latz Law, P.A., 10500 Little Patuxent Parkway, Suite 650 Columbia, Maryland 21044; Michael Winer, Esq., Bregman, Berbert, Schwartz & Gilday, LC, 7315 Wisconsin Avenue, Suite 800 West, Bethesda, Maryland 20814

From:   Plaintiff Zaviea Gaynor ("Plaintiff"); John J. Leppler, Esq., Law Office of John J. Leppler, LLC, 600 Washington Avenue, Suite 201, Towson, Maryland 21204 *Counsel for the Plaintiff.*

     1.     **PLEASE TAKE NOTICE** that the deposition of the Defendant be taken through the person or persons designated by the Defendants to testify concerning matters shown on the following included List of Matters on Which Examination is Sought. Additionally, "Defendant" means the Defendant's actual and/or apparent agents, servants, and/or employees.

     2.     **The deposition of the Defendant will be taken in-person live at the law firm Pessin Latz Law, P.A., 10500 Little Patuxent Parkway, Suite 650 Columbia, Maryland 21044, at the date and time of August 24, 2022 at 11:00AM.** The deposition will continue thereafter, from day to day, until completed, and can be used for any purpose at the trial in this case.

     3.     Pursuant to the Maryland Rules and Maryland law, the Defendant is directed to designate the person or persons who will testify at the deposition on behalf of deponent organization (Defendant) regarding all the information known by, or reasonably available to the

Defendant. If the Defendant so desires, the Defendant may, in its designation, specify the separate matters on which each person designated by the deponent organization will testify.

4.　　The designation of the persons to testify on behalf of the deponent corporation (Defendant) on all of the matters known, or reasonably available to the Defendant, should be served on the undersigned attorney on a reasonable date before the date of the deposition

5.　　You are notified that the party giving this notice wishes to examine the witness or witnesses, so designated by Defendant, on the matters shown on the below included List of Matters on Which Examination is Sought.

6.　　Pursuant to the Maryland Rules and Maryland law, Defendants are on notice that it is the Defendant being deposed, not individual officers, employees or agents of the Defendant. The Defendant has a duty to prepare its designated witness or witnesses to testify on not only the information personally known by its designated witness, but also on all the information known by Defendants, by and through its officers, employees, and agents. The designated witness should be able to answer, with reasonable particularity, everything the Defendant knows on the Matters on Which Examination Is Sought, unlimited by how little the designated witness or other individual officer, employees, and agents personally know.

7.　　The Defendant must search for and inform itself of the information known or reasonably available to the Defendant. If no single person has all of the information requested, the Defendant must produce, at the deposition, the number of witnesses needed to testify on each of the matters on which examination is sought.

## LIST OF MATTERS ON WHICH EXAMINATION IS SOUGHT: PLAINTIFF WILL BE EXAMINING THE DEFENDANT ON THE FOLLOWING TOPICS AND/OR ITEMS

1.　　Facts and discoverable information regarding the security policies, procedures and protocols at the Franklin Park Apartments at Greenbelt Station the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as "**Exhibit A**".

2.　　Facts and discoverable information regarding the maintenance and monitoring of the video surveillance at the Franklin Park Apartments at Greenbelt Station the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as "**Exhibit A**".

3.　　Facts and discoverable information regarding the training for the security personnel the Franklin Park Apartments at Greenbelt Station the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as "**Exhibit A**".

4.  Facts and discoverable information regarding the regarding the training for courtesy officers at the Franklin Park Apartments at Greenbelt Station the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as **"Exhibit A"**.

5.  Facts and discovery information regarding knowledge of prior incidents, including burglaries, breaking and entering, shootings, assaults, carjacking, and robberies, from January 1, 2019 up to and through March 22, 2022, at the Franklin Park Apartments at Greenbelt, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as **"Exhibit A"**.

7.  Facts and discoverable information regarding all communications the Defendant had with the Greenbelt, Maryland Police Department regarding incidents that occurred prior to March 22, 2022, including assaults, robberies, shootings, thefts, carjackings that occurred at Franklin Park at Greenbelt Station, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as **"Exhibit A"**.

8.  Facts and discoverable information regarding the video surveillance at the Franklin Park Apartments at Greenbelt Station the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as **"Exhibit A"**.

9.  Facts and discoverable information regarding the Defendant's security guards, security personal, property managers, and courtesy officers who were on duty at the Franklin Park Apartments at Greenbelt Station at the time of the March 22, 2022 incident giving rise to this lawsuit, and a copy of Plaintiff's complaint and amended complaint, and the police report, are collectively attached as **"Exhibit A"**.

10. Facts and discovery information regarding knowledge of the Defendants' responsive document production in this case which was produced to the Plaintiff on June 3, 2022, and the Defendants' June 3, 2022 responses to the Plaintiff's subpoena and notice of records duces tecum which states the Defendants' responsive document production and the Defendants' June 3, 2022 notice of certificate of service of discovery materials related thereto, are collectively attached as **"Exhibit B"**.

Respectfully submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.
CPF#: 1506160189

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2022, a copy of the foregoing DRAFT of Plaintiff's notice of taking the oral deposition of the Defendant Empirian Village of Maryland, LLC's corporate designees(s) pursuant to Maryland Rules 2-412(d) and 2-419, the Maryland rules and Maryland law, was sent via email transmission and via first class mail, postage prepaid and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.
CPF#: 1506160189

IN THE CIRCUIT COURT FOR Baltimore County

*(City or County)*

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT     CASE NUMBER _____ *(Clerk to insert)*

**CASE NAME:** Zaviea Gaynor _____ vs. Empirian Village of Maryland, LLC
  Plaintiff                                                          Defendant

**PARTY'S NAME:** Zaviea Gaynor _____ PHONE: 4439551989

**PARTY'S ADDRESS:** 506 Jones Fall Court, Bowie, Maryland 20774

**PARTY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** John J. Leppler, Esq. _____ PHONE: 4439551989

**PARTY'S ATTORNEY'S ADDRESS:** 600 Washington Avenue, Suite 201, Towson, MD 21204

**PARTY'S ATTORNEY'S E-MAIL:** JLeppler@Lepplerinjurylaw.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours   4 days

### PLEADING TYPE

**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal

**Existing Case:** ☐ Post-Judgment   ☐ Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☒ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation    ☐ Yes   ☐ No      C. Settlement Conference   ☒ Yes   ☐ No

B. Arbitration    ☐ Yes   ☐ No      D. Neutral Evaluation    ☐ Yes   ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*    ***(Case will be tracked accordingly)***

     ☐ 1/2 day of trial or less        ☐ 3 days of trial time

     ☐ 1 day of trial time           ☒ More than 3 days of trial time

     ☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions**, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

     ☒ **Expedited**- Trial within 7 months of      ☐ **Standard** - Trial within 18 months of
            Defendant's response                  Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | | |
|---|---|---|
| April 12, 2022 | | /s/ John Leppler |
| Date | | Signature of Counsel / Party |
| 600 Washington Avenue, Suite 201 | | John J. Leppler, Esq. CPF#1506160189 |
| Address | | Printed Name |

| | | |
|---|---|---|
| Towson | MD | 21204 |
| City | State | Zip Code |

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774</td><td>*</td><td></td></tr>
<tr><td style="text-align:center;">*Plaintiff*,</td><td>*</td><td></td></tr>
<tr><td>Vs.</td><td>*</td><td>Case No.:_____</td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801</td><td>*</td><td></td></tr>
<tr><td>Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202</td><td>*</td><td></td></tr>
<tr><td style="text-align:center;">*Defendant.*</td><td></td><td></td></tr>
</table>

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of Maryland, LLC, and in support thereof states:

## PARTIES

1.      Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.      Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and

Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt,

Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the

"PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and

through its agents, servants, and/or employees, and these agents, servants, and/or employees

were acting within the scope of their agency and scope of their employment for the Defendant.

### JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction and personal jurisdiction over the

Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially

and habitually engages in a business and vocation of providing property management services,

security services, and apartment services throughout the State of Maryland, the events giving rise

to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendant are

for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims

against the Defendant are under Maryland state law only. Additionally, venue is proper for this

lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant

substantially and habitually engages in a business and vocation of providing property

management services, security services, and apartment services throughout the State of

Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the

other reasons stated in this paragraph.

### FACTS COMMON TO ALL COUNTS

4.       At all times related to the March 22, 2022 incident stated herein, the Defendant

had a non-delegable duty to its tenants, the general public, and its social guests and invitees

which includes the Plaintiff, and is required to have the following adequate security measures in

place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

5.      On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendant was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

6.     As a direct and proximate result of the Defendant's negligence and the Defendant's failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against the Defendant)

8.    Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9.    At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10.    The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

11. As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12. The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774</td><td>*</td><td></td></tr>
<tr><td><i>Plaintiff,</i></td><td>*</td><td></td></tr>
<tr><td>Vs.</td><td>*</td><td>Case No.: C-03-CV-22-001451</td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801</td><td>*</td><td></td></tr>
<tr><td>    Serve On: CSC-Lawyers<br>    Incorporating Company<br>    7 Saint Paul Street, Suite 820<br>    Baltimore, Maryland 21202</td><td>*<br><br><br><br>*</td><td></td></tr>
<tr><td>And</td><td></td><td></td></tr>
<tr><td>EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>d/b/a Franklin Park at Greenbelt Station<br>9230 Springhill Lane<br>Greenbelt, Maryland 20770</td><td>*</td><td></td></tr>
<tr><td>    Serve On: CSC-Lawyers<br>    Incorporating Company<br>    7 Saint Paul Street, Suite 820<br>    Baltimore, Maryland 21202</td><td>*<br><br><br>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><i>Defendants.</i></td><td></td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *

## <u>AMENDED COMPLAINT AND JURY DEMAND</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

## PARTIES

1.     Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.     Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.     Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5. At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6. On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendants was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.     As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.    The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.    As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

                *

ZAVIEA GAYNOR  
506 Jones Fall Court            *  
Bowie, Maryland 20774

      *Plaintiff,*           *

Vs.                *    **Case No.: C-03-CV-22-001451**

EMPIRIAN VILLAGE OF MARYLAND,  
LLC  
1209 Orange Street           *  
Wilmington, Delaware 19801

      Serve On: CSC-Lawyers    *  
      Incorporating Company  
      7 Saint Paul Street, Suite 820  
      Baltimore, Maryland 21202

                *

And

**EMPIRIAN VILLAGE OF MARYLAND,  
LLC  
d/b/a Franklin Park at Greenbelt Station**  *  
**9230 Springhill Lane  
Greenbelt, Maryland 20770**

      **Serve On: CSC-Lawyers**    *  
      **Incorporating Company**  
      **7 Saint Paul Street, Suite 820**  
      **Baltimore, Maryland 21202**    *

                *

      *Defendants.*

\*    \*    \*    \*     \*    \*    \*    \*    \*    \*    \*

## AMENDED COMPLAINT AND JURY DEMAND

    Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, **and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station,** and in support thereof states:

<u>PARTIES</u>

1.      Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.      Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.      **Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment**

services to tenants through the State of Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because **the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants** substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a

business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.     At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the **Defendants** had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The **Defendants** also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.     On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendants was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.     As a direct and proximate result of the **Defendants'** negligence and the **Defendants'** failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the **Defendants'** negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.     At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The **Defendants** breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the **Defendants'** negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against **Defendants, jointly and severally,** for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

---

John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

Summary of Incident: **Armed Robbery/ Contact Shooting**

## Administrative

| | | | |
|---|---|---|---|
| Location<br>City, State, Zipcode | 6102 Breezewood Ct<br>GREENBELT, MD 20770 | Occurred On<br>Or Between | **Tuesday 3/22/2022 7:36:00 PM** |
| Subject | REPORTED CIT<br>ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition | Active | Entered By | JOYNER, # 0183 |
| Related Cases | | Reported On | 3/22/2022 |
| | | Reporting Officer | JOYNER, # 0183 |
| | | Assisted By | |

## Offenders

**Suspect Name: Unknown**

### Aliases

| Alias |
|---|

### Addresses

| Address Type | Address | CSZ |
|---|---|---|

### Phones

| Phone Type | Phone Number |
|---|---|

### Emails

| Email Address |
|---|

| | | | |
|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

### Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|

Attire
Employer/School
Employer Address

Employer CSZ
Occupation/Grade

Notes

Victims ─────────────────────────────────────────────

**Name: Gaynor, Zaviea Horace**

| | |
|---|---|
| Victim Type | Individual |
| Victim of | Robbery |

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| Home | 506 Jones Fall Ct | Bowie, MD  20721 |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |



Offender Relationships

| Offender | Relationship |
|---|---|
| S - Unknown | Relationship Unknown |

Notes

Witnesses ─────────────────────────────────

Other Entities ─────────────────────────────

**Associate/Friend Name:** ███████████

Aliases

| Alias |
|---|

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| Home | ███████████ | ███████████ |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | ███████████ |

Email

| Email Address |
|---|

| | | | |
|---|---|---|---|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ███████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

Notes

Properties ————————————————————————

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zaviea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | | |
|---|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |

Case Report # 22-0000626-001

| | | | |
|---|---|---|---|
| Manufacturer | columbia | Owner | V - Gaynor, Zaviea Horace |
| Model | | Disposition | |
| Serial Number\VIN | | Evidence Tag | |
| Color | Brown | Alert(s) | |
| Recovered Date | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Best buy Card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information



| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Amazon card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | wells fargo | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**



# GREENBELT POLICE DEPARTMENT

## Incident Report

| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

**Vehicle Information**

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |



Vehicle Information

Vehicle Type

Vehicle Year

Body Style

License Number

License Exp. Date

License State

| Color Type | Color |
|---|---|

Drug Information

Drug Type

Drug Quantity

Drug Measure

Notes



Narrative ─────────────────────────────────────────

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, **light pants**, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| ZAVIEA GAYNOR | * |
|     Plaintiff | * |
| | *     **Case No.: C-03-CV-22-001451** |
| v. | * |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, | * |
| et al. | * |
|     Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of

Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum*

was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS# 8812150200)
Elana C. Taub (AIS# 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of

Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum*

was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

*/s/ Paul M. Finamore*

Paul M. Finamore (AIS# 8812150200)

# IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | |
|---|---|
| ZAVIEA GAYNOR | * |
| Plaintiff | * |
| v. | *     Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, et al. | * |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF"S SUBPOENA DUCES TECUM

TO:      Zaviea Gaynor, *Plaintiff*

FROM:      Empirian Village of Maryland, LLC, *Defendant*

### RESPONSES

1.     All documents related to any and all incident reports, witness statements, security records, patrol records, video footage, video recording, video surveillance, and audio recording, related to the March 22, 2022 incident.

**RESPONSE: Blueline Security Franklin Park Reports for March 22, 2022 – March 23, 2022; Weekly Police Report March 21, 2022 – March 27, 2022.**

2.     All documents related to all of the Empirian Village of Maryland, LLC's security policies, procedures, and protocols from January 1, 2020 up to and through the present, and related to the March 22, 2022 incident.

**RESPONSE: City of Greenbelt Agreement and Blueline Security Services, LLC Agreement.**

3.   All documents related to any and all Empirian Village of Maryland, LLC's liability insurance coverage and insurance coverage generally applicable to the March 22, 2022 incident.

**RESPONSE: Harford Mutual Declaration page attached.**

4.   All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Greenbelt, Maryland Police Department from March 22, 2019 up and through the present, for the premises related to the March 22, 2022 incident.

**REPONSE: Empirian Village of Maryland, LLC objects to this request to the extent that it seeks information that is irrelevant, overly broad, and seeks documents that would exceed the legal standard applicable to the foreseeability of intervening criminal acts of third-parties. Without waiving such objection and subject to it, see attached weekly police reports.**

5.   All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Prince George's County Police Department from March 22, 2019 up and through the present, for the premises related to the March 22, 2019 incident.

**RESPONSE: None.**

6.   All documents related to all incident reports, police reports, service calls, google reviews, emails, and all other forms of written communication regarding complaints of assaults, batteries, robberies, thefts, carjackings, and shootings that took place on the Empirian Village of Maryland, LLC's premises related to the March 22, 2022 incident, from March 22, 2019 up to and through the present.

**RESPONSE: Empirian Village of Maryland, LLC objects to this request to the extent that it seeks information that is irrelevant, overly broad, and seeks documents that would exceed the legal standard applicable to the foreseeability of intervening criminal acts of third-parties. Without waiving such objection and subject to it, see Franklin Park Crime Comparison as of December 2021; Crime Trend Summary 2007 – 2921; and Greenbelt News Review article "Violent Crime Continues to Decline in Franklin Park."**

7. All documents related to all of Empirian Village of Maryland, LLC's organizational charts, chain of command, employee lists, patrol lists, lists of property managers, and lists of maintenance personnel, related to the March 22, 2022 incident.

**RESPONSE: Defendant is in the process of reviewing whether it has responsive documents and will supplement this response if it locates such documents.**

Respectfully submitted,

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS# 8812150200)
Elana C. Taub, Esquire (AIS# 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorney for Defendant,*
*Empirian Village of Maryland, LLC*

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                  *

       Plaintiff                 *

v.                         *     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND, LLC, *

et al.                      *

       Defendant             *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Empirian Village of Maryland, LLC, by and through its attorneys, Paul M. Finamore, Elana C. Taub, and Pessin Katz Law, P.A., answers Plaintiff's Amended Complaint as follows:

## GENERAL DENIAL

Defendant generally denies all the allegations in the Complaint in accordance with Maryland Rule 2-323.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from other and further reasons for which Defendant is not responsible.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from pre-existing or subsequent events or conditions for which Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff exacerbated rather than mitigated his damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant reserves all additional factual and legal defenses as may become available during discovery or at trial.

WHEREFORE, having fully answered the Amended Complaint, Defendant, Empirian Village of Maryland, LLC, prays that the Complaint be dismissed with costs awarded to Defendant and for such other, further, and different relief as justice of the cause may require.

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS No. 8812150200)
Elana C. Taub (AIS No. 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing Amended

Answer to Plaintiff's Amended Complaint was served via MDEC to the following counsel of

record:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
***Attorney for Plaintiff***

/s/ ***Paul M. Finamore***
Paul M. Finamore, Esquire

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                                     *

     Plaintiff,                              *

vs.                                               *      Case No. C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND, LLC, *
et al.
                                                  *

     Defendants.                             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC D/B/A FRANKLIN PARK AT GREENBELT STATION'S MOTION TO DISMISS

     Defendant, "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station", by and through undersigned counsel, Paul M. Finamore, Elana C. Taub, and Pessin Katz Law, P.A., and under Maryland Rule 2-322, hereby moves to Dismiss, as follows:

     1.     Defendant "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station" is a nonexistent entity.

     2.     In support of its Motion to Dismiss, "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station" relies on its Memorandum in Support of the Motion to Dismiss attached hereto.

     For these reasons, Defendant "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station" requests this Honorable Court to grant its Motion to Dismiss.

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS No. 8812150200)
Elana C. Taub (AIS No. 2009040003)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
T: (410) 339-6779
F: (410) 307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing Motion

to Dismiss, Memorandum of Law in Support of Defendant Empirian Village of Maryland, LLC

d/b/a Franklin Park at Greenbelt Station's Motion to Dismiss, and Proposed Order was sent via

email to:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
Counsel for Plaintiff

*/s/ Paul M. Finamore*
Paul M. Finamore, Esquire

Paul M. Finamore (AIS 8812150200)
Elana C. Taub (AIS 2009040003)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR           *

      Plaintiff,           *

vs.                            *      Case No. C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND, LLC, *
et al.

                                   *

      Defendants.         *

 *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC D/B/A FRANKLIN PARK AT GREENBELT STATION'S MOTION TO DISMISS

      Defendant, Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station

("Empirian Village d/b/a Franklin Park at Greenbelt Station"), by and through undersigned

counsel, Paul Finamore, Elana C. Taub, and Pessin Katz Law, P.A., hereby submits this

Memorandum of Law in support of its Motion to Dismiss, and as grounds therefore states as

follows:

### I.      INTRODUCTION

      Plaintiff's Complaint alleges that at Empirian Village d/b/a Franklin Park at Greenbelt

Station was negligent in (1) failing to provide adequate security personnel; (2) failing to have

adequate security related to policies, procedures, and protocols in place; (3) failing to have

adequate policies, procedures, and protocols in place regarding maintaining and monitoring

the3video surveillance; and (4) failing to have adequate lighting on all areas of the premises.

*See* Compl. at ¶ 11.

For reasons outlined below, Plaintiff's claim against Empirian Village d/b/a Franklin Park at Greenbelt Station fails as a matter of law and should be dismissed.

## II.     STANDARD OF REVIEW

### Motion to Dismiss

When a plaintiff fails to set forth facts in support of his claims that would entitle him to relief, those claims should be dismissed. *Hrehorovich v. Harbor Hospital Center*, 93 Md. App. 722, 784 (1992). Put differently, a Motion to Dismiss should be granted when, even if all the factual allegations of the complaint were true, the plaintiff would not be entitled to relief. *Id.* In reaching this determination, a court must accept as true all well-pleaded facts in the Complaint, and the plaintiff is entitled to the benefit of all inferences that can reasonably be drawn from the well-pleaded facts of the Complaint. *Sharrow v. State Farm Mutual Auto Ins. Co.*, 306 Md. 754, 768 (1986). Well-pleaded facts must be "more 'than extravagant and diffuse conclusions of the pleader.'" *Nistico v. The Mosler Safe Co., et al.*, 43 Md. App. 361, 366 (1979), *quoting Garonzik v. Balto. Fed. S. & L. Ass'n*, 225 Md. 322, 323 (1961).

## III.     ARGUMENT

### A. Empirian Village d/b/a Franklin Park at Greenbelt Station is a nonexistent entity and is therefore not liable to Plaintiff.

Plaintiff's negligence claim fails because Empirian Village d/b/a Franklin Park at Greenbelt Station it not an existing business entity. As such, Empirian Village d/b/a Franklin Park at Greenbelt Station, which is solely a d/b/a and a fictitious entity, at no point in time, maintained a business, supervised, maintained, or managed the premises at 6102 Breezewood Court, Greenbelt, Maryland 20770, as the Plaintiff asserts. *See* Compl. at ¶ 3  Instead, Empirian

Village d/b/a Franklin Park at Greenbelt Station is a trade name for the property at which the Plaintiff alleges the occurrence involved in this lawsuit occurred.

Therefore, Plaintiff's allegations against Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station fail as a matter of law and should be dismissed with prejudice.

## CONCLUSION

For the forgoing reasons Defendant, Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss all claims against Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station with prejudice, along with such other and further relief the Court deems appropriate.

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS No. 8812150200)
Elana C. Taub (AIS No. 2009040003)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
T: (410) 339-6779
F: (410) 307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022 a copy of the foregoing

Memorandum of Law In Support of Defendant Empirian Village of Maryland, LLC d/b/a

Franklin Park at Greenbelt's Motion to Dismiss, was sent via email to:

    John J. Leppler, Esquire
    Law Office of John J. Leppler, LLC
    600 Washington Avenue, Suite 201
    Towson, Maryland 21204
    jleppler@lepplerinjurylaw.com
    Counsel for Plaintiff

                              */s/ Paul M. Finamore*
                              Paul M. Finamore, Esquire

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | IN THE |
| Plaintiff, | * | CIRCUIT COURT |
| v. | * | OF MARYLAND FOR |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, | * | BALTIMORE COUNTY |
| et al. | * | |
| Defendants. | * | CASE NO.: C-03-CV-22-001451 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY on this 14th day of June 2022, a copy of Defendant, Empirian Village of Maryland, LLC's, Notices to Take Depositions of Zaviea Gaynor and Harmony Lively, along with a copy of this Notice of Service of Discovery, were served electronically via MDEC and via e-mail upon all counsel of record.

Respectfully submitted,

*/s/ Elana C. Taub*
Elana C. Taub, Esquire (AIS # 8812150200)
Paul M. Finamore, Esquire (AIS #8812150200)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Tel: (410)-740-3170
Fax: (410)-307-6559
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June 2022, a copy of this Notice of Service

of Discovery was served electronically via MDEC and by e-mail upon the following counsel of

record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

*/s/ Elana C. Taub*
Elana C. Taub, Esquire (AIS # 2009040003)

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, et al. | | |
| | * | |
| | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S RESPONSE IN OPPOSITION TO THE DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC d/b/a FRANKLIN PARK AT GREENBELT STATION'S MOTION TO DISMISS AND <u>REQUEST FOR HEARING</u>

Plaintiff Zaviea Gaynor ("Plaintiff") by and through his attorneys, John J. Leppler, Esq., and the Law Office of John J. Leppler, LLC, pursuant to the Maryland rules and Maryland law, hereby submits Plaintiff's response in opposition to the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station's motion to dismiss and request for hearing, and in support thereof states:

1.    This is a negligence / negligent security claim brought by Plaintiff against the Defendant Empirian Village of Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station (collectively referred to hereinafter as the "Defendants") arising out of a March 22, 2022 robbery and shooting incident the Plaintiff was involved in on the Defendants' property. See Plaintiff's April 13, 2022 filed amended complaint and jury demand (clean version only), attached as "**Exhibit 1**".

Additionally, related hereto, both Defendants filed answers / general denials to Plaintiff's amended complaint and jury demand. See the Defendants' May 16, 2022 filed answer and the

Defendant Empirian Village of Maryland, LLC's June 14, 2022 filed amended answer, collectively attached as "**Exhibit 2**".

Additionally, related hereto, pursuant to the Maryland Department of Assessments and Taxation (SDAT) paperwork, the Defendant Empirian of Maryland, LLC is the owner of Franklin Park at Greenbelt Station and does in fact do business as Franklin Park at Greenbelt Station. the Defendant Empirian Village of Maryland, LLC. See the Defendants' SDAT paperwork, collectively attached as "**Exhibit 3**".

2.  The Maryland Court of Appeals in *RRC Northeast, LLC v. BBA* stated, "…Considering a motion to dismiss a complaint for failure to state a claim upon which relief may be granted, a court must assume the truth of, and view in a light most favorable to the non-moving party, all well-pleaded facts and allegations contained in the complaint, as well as all inferences that may reasonably be drawn from them, and order dismissal only if the allegations and permissible inferences, if true, would not afford relief to the plaintiff…" 413 Md. 638 (2010) (emphasis added)(citing *Lloyd v. Gen. Motors Corp.,* 397 Md. 108, 121-22, 916 A.2d 257, 264-65 (2007), citing *Sprenger v. Pub. Serv. Comm'n,* 400 Md. 1, 21, 926 A.2d 238, 249-50 (2007), and citing *Pendleton v. State,* 398 Md. 447, 458-60, 921 A.2d 196, 203-04 (2007)).

3.  Here, given the Plaintiff's allegations and the circumstances stated in Plaintiff's amended complaint and jury demand (**Exb 1**), the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station's motion to dismiss must be denied because the Plaintiff sufficiently plead his claims against all defendants in this case, and the Defendants have provided nothing to indicate that the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station is an unnecessary defendant in this case.

However, if the Defendants provide assurance to the Plaintiff that the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station is an unnecessary defendant in this case, then, thereafter, Plaintiff will consent to file a partial dismissal and voluntarily dismiss the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station *only*.

WHEREFORE for the foregoing reasons, the Plaintiff respectfully requests for this Honorable Court to: (1) deny the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station's motion to dismiss.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2022, a copy of the foregoing Plaintiff's response in opposition to the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station's motion to dismiss and request for hearing, was sent via email transmission and via this Court's MDEC e-filing system and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

<u>IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND</u>

|  |  |
|---|---|
| | \* |
| ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774 | \* |
| *Plaintiff,* | \* |
| Vs. | \*     Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801 | \* |
|     Serve On: CSC-Lawyers<br>    Incorporating Company<br>    7 Saint Paul Street, Suite 820<br>    Baltimore, Maryland 21202 | \* |
| And | \* |
| EMPIRIAN VILLAGE OF MARYLAND,<br>LLC<br>d/b/a Franklin Park at Greenbelt Station<br>9230 Springhill Lane<br>Greenbelt, Maryland 20770 | \* |
|     Serve On: CSC-Lawyers<br>    Incorporating Company<br>    7 Saint Paul Street, Suite 820<br>    Baltimore, Maryland 21202 | \* |
| | \* |
| *Defendants.* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>AMENDED COMPLAINT AND JURY DEMAND</u>

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

## PARTIES

1.     Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.     Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.     Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.　At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.　On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendants was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance: and (4) have adequate lighting on all areas of the PREMISES.

7.    As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.    Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.    At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.


## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, Maryland 20774

       *Plaintiff,*

Vs.                **Case No.: C-03-CV-22-001451**

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street
Wilmington, Delaware 19801

       Serve On: CSC-Lawyers
       Incorporating Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

And

**EMPIRIAN VILLAGE OF MARYLAND,
LLC**
**d/b/a Franklin Park at Greenbelt Station**
**9230 Springhill Lane**
**Greenbelt, Maryland 20770**

       **Serve On: CSC-Lawyers**
       **Incorporating Company**
       **7 Saint Paul Street, Suite 820**
       **Baltimore, Maryland 21202**

       *Defendants.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, **and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station,** and in support thereof states:

<u>PARTIES</u>

1.      Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.      Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.      **Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment**

services to tenants through the State of Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a

business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.      At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the **Defendants** had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The **Defendants** also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.      On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendants have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the **Defendants** was required to have in place, stated above. At the time of the March 22, 2022 incident, the **Defendants** failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance: and (4) have adequate lighting on all areas of the PREMISES.

7.     As a direct and proximate result of the **Defendants'** negligence and the **Defendants'** failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the **Defendants'** negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
**(Against All Defendants)**

9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.     At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.    The **Defendants** breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.    As a direct, proximate, and foreseeable result of the **Defendants'** negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against **Defendants, jointly and severally,** for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.


Respectfully submitted,

/s/ *John Leppler*
_____
John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.



# GREENBELT POLICE DEPARTMENT
## Incident Report

Summary of Incident: **Armed Robbery/ Contact Shooting**

Administrative ─────────────────────────────────

| | | | |
|---|---|---|---|
| Location<br>City, State, Zipcode | **6102 Breezewood Ct**<br>**GREENBELT, MD 20770** | Occurred On<br>Or Between | **Tuesday 3/22/2022 7:36:00 PM** |
| Subject | REPORTED CIT<br>ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition | Active | Entered By | JOYNER, # 0183 |
| Related Cases | | Reported On | 3/22/2022 |
| | | Reporting Officer | JOYNER, # 0183 |
| | | Assisted By | |

Offenders ─────────────────────────────────

**Suspect Name: Unknown**

Aliases

| Alias |
|---|

Addresses

| Address Type | Address | CSZ |
|---|---|---|

Phones

| Phone Type | Phone Number |
|---|---|

Emails

| Email Address |
|---|

| | | | |
|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|

Attire

Employer/School

Employer Address

Employer CSZ

Occupation/Grade

Notes

Victims ——————————————————————————————————

**Name: Gaynor, Zaviea Horace**

Victim Type          Individual

Victim of            Robbery

Aliases

| Alias |
|---|

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| Home | 506 Jones Fall Ct | Bowie, MD  20721 |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---|

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | ████████ |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |



# GREENBELT POLICE DEPARTMENT
## Incident Report

Case Report # 22-0000626-001

Offender Relationships

| Offender | Relationship |
|----------|--------------|
| S - Unknown | Relationship Unknown |

Notes

Witnesses ———————————————————————————

Other Entities ———————————————————————

**Associate/Friend Name:** ███████████

Aliases

| Alias |
|-------|

Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | ████████████ | ██████████ |

Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | ████████ |

Email

| Email Address |
|---------------|

| | | | |
|---|---|---|---|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ████████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

Notes

Properies ───────────────────────────────

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zaviea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | |
|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |


| | | | |
|---|---|---|---|
| Manufacturer | columbia | Owner | V - Gaynor, Zaviea Horace |
| Model | | Disposition | |
| Serial Number\VIN | | Evidence Tag | |
| | | Alert(s) | |
| Color | Brown | | |
| Recovered Date | | | |

**Vehicle Information**

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Best buy Card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

# GREENBELT POLICE DEPARTMENT

## Incident Report

Vehicle Type                                   License Number
Vehicle Year                                   License Exp. Date
Body Style                                     License State

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

Description        Amazon card         Color
Status             Stolen              Recovered Date
Count              001                 Owner              V - Gaynor, Zaviea Horace
Value              00.00               Disposition
Manufacturer                           Evidence Tag
Model                                  Alert(s)
Serial
Number\VIN

Vehicle Information

Vehicle Type                                   License Number
Vehicle Year                                   License Exp. Date
Body Style                                     License State

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | | |
|---|---|---|---|---|
| Description | wells fargo | | Color | |
| Status | Stolen | | Recovered Date | |
| Count | 001 | | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | | Disposition | |
| Manufacturer | | | Evidence Tag | |
| Model | | | Alert(s) | |
| Serial Number\VIN | | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**


| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |



Vehicle Information

Vehicle Type                                    License Number
Vehicle Year                                    License Exp. Date
Body Style                                      License State

| Color Type | Color |
|---|---|
|  |  |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes



Narrative ───────────────────────────────────────────────

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, **light pants**, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ███████████████ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor███████████████████████████████████████████
███████████████████████████████████████████████████████
███████████

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| Plaintiff | * | |
| vs. | * | Case No. C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF DEFENDANT, EMPIRIAN VILLAGE OF MARYLAND, LLC

Defendant, *EMPIRIAN VILLAGE OF MARYLAND, LLC* (hereinafter "Defendants") by and through its attorneys, *Bregman, Berbert, Schwartz & Gilday, LLC* and pursuant to *Maryland Rule 2-323*, hereby files its Answer to the Amended Complaint filed by the Plaintiff and in so doing, states as follows:

### I.
### (General Denial)

This Defendant generally denies any and all liability for the claims set forth in the Amended Complaint and demands strict proof thereof

### II.
### (Specific Admission & Denials)

Notwithstanding and without waiving Answer I above, as to each numbered paragraph of the Amended Complaint, this Defendant answers as follows:

1. Defendant is without sufficient knowledge to admit or deny.
2. Denied.
3. Admitted solely to the allegation that Defendant owns and does business in Maryland as Franklin Park at Greenbelt Station. The balance of the allegations to paragraph 3 are Denied.
4. Admitted as to jurisdiction venue only; denied as to the balance of paragraph 4.

5. Denied.

6. Denied; notwithstanding the foregoing, any document referenced in the paragraph, if accurately set for by Plaintiff, speaks for itself.

7. Denied.

8. Denied.

## AS TO COUNT ONE

9. Prior responses are incorporated as a response to paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## III.

## (Affirmative Defenses)

This Defendant reserve the right to rely upon such other and further affirmative defenses which it may learn of during the course of discovery.

**WHEREFORE,** this Defendant respectfully prays

1. That this Court dismiss the Plaintiff's Amended Complaint.
2. Plaintiff's claims and request for damages were not caused by Defendant or by any person or entity for whom or for which Defendant is not responsible.
3. Plaintiff's claims are barred by contributory negligence.
4. There is no legal basis for a claim for attorney's fees against Defendant.
5. For such other and further relief as the nature of this case and justice may require.

**BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC**

_[signature]_

Michael E. Winer, Esquire
CSTF No. 8005010212
Bethesda Commons
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814
Phone: (301) 656-2707

mwiner@bregmanlaw.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17ᵗʰ day of May 2022, a copy of the foregoing Answer to Amended Complaint of the Defendant, Empirian Village of Maryland, LLC, was mailed first class, postage prepaid to:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204

_[signature]_

Michael E. Winer

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| Plaintiff | * | |
| v. | * | Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, | * | |
| et al. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Empirian Village of Maryland, LLC, by and through its attorneys, Paul M. Finamore, Elana C. Taub, and Pessin Katz Law, P.A., answers Plaintiff's Amended Complaint as follows:

## GENERAL DENIAL

Defendant generally denies all the allegations in the Complaint in accordance with Maryland Rule 2-323.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from other and further reasons for which Defendant is not responsible.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from pre-existing or subsequent events or conditions for which Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff exacerbated rather than mitigated his damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant reserves all additional factual and legal defenses as may become available during discovery or at trial.

WHEREFORE, having fully answered the Amended Complaint, Defendant, Empirian Village of Maryland, LLC, prays that the Complaint be dismissed with costs awarded to Defendant and for such other, further, and different relief as justice of the cause may require.

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS No. 8812150200)
Elana C. Taub (AIS No. 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing Amended

Answer to Plaintiff's Amended Complaint was served via MDEC to the following counsel of

record:

> John J. Leppler, Esquire
> Law Offices of John J. Leppler, LLC
> 600 Washington Avenue, Suite 201
> Towson, Maryland 21204
> **Attorney for Plaintiff**

<div align="right">

**/s/ Paul M. Finamore**
Paul M. Finamore, Esquire

</div>

C-03-CV-22-001451

## FRANKLIN PARK AT GREENBELT STATION: T00319696

---

 ⚠ **Notice**                                                           ✕

If you applied for a 2-month extension prior to April 15th, the NEW deadline to file Annual Report/Personal Property Tax Return Filings is June 15th. **Please go HERE to file your Annual Report.**

Please be aware of an **ongoing scam** in which newly registered businesses are being instructed to send additional payment in order to obtain a Certificate of Status. Any 3rd party solicitation from a company attempting to represent the 'Maryland Secretary of State' via mail or email should be fully vetted before submitting additional payment information.

---

**Status:**
ACTIVE

**Owner:**
EMPIRIAN VILLAGE OF MARYLAND, LLC
9230 SPRING HILL DRIVE
GREENBELT MD 20770-1203

**Location:**
FRANKLIN PARK AT GREENBELT STATION
9230 SPRINGHILL LANE
GREENBELT MD 20770-1203

**Expiration Date:**
10/18/2025

## EMPIRIAN VILLAGE OF MARYLAND, LLC: Z12534293

---

> ⚠ **Notice**                                                            ✕
>
> If you applied for a 2-month extension prior to April 15th, the NEW deadline to file Annual Report/Personal Property Tax Return Filings is June 15th. **Please go HERE to file your Annual Report.**
>
> Please be aware of an **ongoing scam** in which newly registered businesses are being instructed to send additional payment in order to obtain a Certificate of Status. Any 3rd party solicitation from a company attempting to represent the 'Maryland Secretary of State' via mail or email should be fully vetted before submitting additional payment information.

**Department ID Number:**
Z12534293

**Business Name:**
EMPIRIAN VILLAGE OF MARYLAND, LLC

**Principal Office:** 
1209 ORANGE ST.
WILMINGTON DE 19801

**Resident Agent:** 
CSC-LAWYERS INCORPORATING SERVICE COMPAN
7 ST. PAUL STREET
SUITE 820
BALTIMORE MD 21202

**Status:**
REVIVED

**Good Standing:**
THIS BUSINESS IS IN GOOD STANDING

**Business Type:**
FOREIGN LLC

**Business Code:**
20 ENTITIES OTHER THAN CORPORATIONS

**Date of Formation/ Registration:**
05/15/2008

**State of Formation:**
DE

**Stock Status:**
N/A

**Close Status:**
N/A

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR      *

    *Plaintiff,*      *

v.      *      Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND, LLC,      *
et al.      *
     *
     *
    *Defendants.*      *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **AFFIDAVIT OF SERVICE FOR THE PRINCE GEORGE'S COUNTY, MARYLAND POLICE DEPARTMENT**

    I, John Leppler, declares under the penalties of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

    1.     I am at least 18 years of age, I am the attorney for the Plaintiff in this case, and I am not a party to this case.

    2.     On June 17, 2022, pursuant to the Maryland rules and Maryland law, the Prince George's County Police Department was served with a subpoena and notice of records deposition duces tecum, and this subpoena and notice of records of deposition duces tecum was sent via certified mail, restricted delivery on June 14, 2022 to Mary Randall, Custodian of Records for the Prince George's County, Maryland Police Department, and was accepted by Mary Randall on June 17, 2022. A copy of the subpoena and notice of records deposition duces tecum and the USPS mail paperwork showing the June 14, 2022 mailing and the June 17, 2022 acceptance / delivery are collectively attached to this affidavit of service.

    I submit this affidavit of service freely and voluntarily. The information provided in this affidavit of service is based on my personal knowledge, information, and belief.

    */s/ John Leppler*                         June 17, 2022

_____               _____
John Leppler                           Date

                         Respectfully submitted,

                         */s/ John Leppler*

                         _____

1

John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF# 1506160189



**CIRCUIT COURT FOR BALTIMORE COUNTY**
401 Bosley Avenue, Towson, Maryland 21204
Phone: (410) 887-2601 Maryland Relay call: 711
Toll-free (in Maryland) 800-938-5802

Case. No. C03CV22001451

STATE OF MARYLAND
or
Zaviea Gaynor _____ vs. Empiran Village of Maryland, LLC, et al. _____
Plaintiff                                                Defendant

TO: Mary A. Randall, Custodian of Records _____     Issue Date: 06/14/2022
    Name                                                Service Deadline: 60 days after the Issue Date.
    Prince George's County Police Department      **SUBPOENA**
    Address 1
    4923 43rd Avenue
    Address 2
    Hyattsville, Prince George's County, *Maryland 20781*
    City, County, State, Zip

You are hereby compelled to appear at a ☒ court proceeding ☒ deposition at the following location:
600 Washington Avenue, Suite 201
    Address of Court or Other Location           On July 22, 2022 _____ at 10:00 _____ ☒ a.m ☐ p.m.
Towson, Maryland 21204                                     Date              Time
    City, State, Zip

☐ To testify in the above case, and/or

☒ To produce the following documents, items, and information, not privileged; _____
   See attached notice of records deposition duces tecum

☐ To produce, permit inspection and copying of the following documents or other tangible items: _____

_____

Plaintiff Zaviea Gaynor _____ requested issuance of this subpoena. Questions should be referred to:
                Requested By
John J. Leppler, Esq. _____     600 Washington Avenue, Suite 201
                Name                                                Address
4439551989 _____            Towson, Maryland 21204
                Phone                                          City, State, Zip

Special Message: _____

☐ If this subpoena compels the production of financial information, or information derived from financial records, the
  requestor of this subpoena hereby certifies having taken all necessary steps to comply with the requirements of
  Md. Code Ann., Financial Institutions § 1-304 and any other applicable law.

☐ If this subpoena compels the production of medical records, the requestor of this subpoena hereby certifies having taken all
  necessary steps to comply with the requirements of Md. Code Ann., Health-General § 4-306 and any other applicable law.

☐ Foreign Subpoena and/or Undertaking form are attached and are incorporated by reference and are made part of this subpoena.

*Julie L. Ensor*                          **Julie Ensor, Clerk**
                                          **Circuit Court for Baltimore County**

**NOTICE:**
1. YOU ARE LIABLE TO BODY ATTACHMENT AND/OR FINE FOR FAILURE TO OBEY THIS SUBPOENA.
2. This subpoena is effective for the date and time stated and any subsequent dates as directed by the court.
3. If this subpoena is for attendance at a deposition and the party served is an organization, notice is hereby given that the
   organization must designate one or more persons who will testify on its behalf, pursuant to Rule 2-412(d).
4. Serving or attempting to serve a subpoena more than 60 days after the date of issuance is prohibited.

**RETURN OF SERVICE**

I certify that I delivered the original of this Subpoena to the following person(s): _____

on the following date: _____ by the following method (specified as required by Rule 2-126): _____

_____

_____
                                          Signature

_____
                                          Printed Name

CC-004 (Rev. 07/2018)

ZAVIEA GAYNOR              *

    *Plaintiff*,           *

v.                      *    Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                           *
                           *

    *Defendants.*           *
*    *    *    *    *    *    *    *    *    *    *

## NOTICE OF RECORDS DEPOSITION *DUCES TECUM*

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm Law Office of John J. Leppler, LLC, will take the deposition of the following named person listed below at the Law Office of John J. Leppler, LLC, 600 Washington Avenue, Suite 201, Towson, Maryland 21204. Said deposition will be taken upon oral examination for the purpose of discovery and/or evidence at trial in the above case, before the Notary Public or some other person duly qualified to administer an oath at the location set forth above and on the date and time indicated, to continue from day to day until completed:

| **Name** | **Date** | **Time** |
|---|---|---|
| **Custodian of Records**<br>Prince George's s County<br>Police Department<br>4823 43rd Avenue<br>Hyattsville, Maryland 20781<br>**Resident Agent**<br>Mary A. Randall<br>Custodian of Records<br>Police Department<br>4823 43rd Avenue<br>Hyattsville, Maryland 20781 | **July 22, 2022** | **10:00AM EST** |

**DUCES TECUM:**    The Custodian of Records is hereby requested to produce or bring with

him/her a complete legible copy of ANY and ALL documents stated in this notice of records deposition duces tecum, and related hereto, the documents schedule related hereto is stated below:

## DOCUMENTS SCHEDULE

1.      All documents related to any and all incident reports, eyewitness statements, witness statements, police reports, photographs, video footage, video recording, video surveillance, audio recording, and the entire police investigation file, related to the March 22, 2022 incident, and the Plaintiff's amended complaint and jury demand and police report are collectively attached as "**Exhibit A**".

2.      All documents related to all incident reports, police reports, service call-ins, and witness statements, related to all crimes or alleged crimes that took place at Franklin Park at Greenbelt Station, 6220 Springhill Drive, Greenbelt, Maryland 20770, from March 22, 2017 up to and through the present, and related to this request, the Plaintiff's amended complaint and jury demand and police report are collectively attached as "**Exhibit A**".

Respectfully Submitted,

/s/ John Leppler

John J. Leppler, Esq.
CPF#1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ John Leppler

John J. Leppler, Esq.
CPF# 1506160189

# EXHIBIT A

IN THE CIRCUIT COURT FOR Baltimore County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____
(Clerk to insert)

CASE NAME: Zaviea Gaynor _____ vs. Empirian Village of Maryland, LLC
        Plaintiff                             Defendant

PARTY'S NAME: Zaviea Gaynor      PHONE: 4439551989

PARTY'S ADDRESS: 506 Jones Fall Court, Bowie, Maryland 20774

PARTY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: John J. Leppler, Esq.      PHONE: 4439551989

PARTY'S ATTORNEY'S ADDRESS: 600 Washington Avenue, Suite 201, Towson, MD 21204

PARTY'S ATTORNEY'S E-MAIL: JLeppler@Lepplerinjurylaw.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours  4  days

### PLEADING TYPE

New Case: ☒Original    ☐Administrative Appeal   ☐Appeal

Existing Case: ☐Post-Judgment   ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: ____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is *not* an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☐ $30,000 - $100,000 ☒ Over $100,000

☐ Medical Bills $_____ ☐ Wage Loss $_____ ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☐ No  C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☐ No  D. Neutral Evaluation ☐ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.* ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less  ☐ 3 days of trial time
☐ 1 day of trial time  ☒ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited**- Trial within 7 months of Defendant's response  ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

April 12, 2022
Date

600 Washington Avenue, Suite 201
Address

Towson     MD     21204
City     State     Zip Code

/s/ John Leppler
Signature of Counsel / Party

John J. Leppler, Esq. CPF#1506160189
Printed Name

|  |  |  |
|---|---|---|
| ZAVIEA GAYNOR 506 Jones Fall Court Bowie, Maryland 20774 | * | |
| *Plaintiff,* | * | |
| Vs. | * | Case No.:_____ |
| EMPIRIAN VILLAGE OF MARYLAND, LLC 1209 Orange Street Wilmington, Delaware 19801 | * | |
| Serve On: CSC-Lawyers Incorporating Company 7 Saint Paul Street, Suite 820 Baltimore, Maryland 21202 | * * | |
| *Defendant.* | | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of Maryland, LLC, and in support thereof states:

## PARTIES

1.     Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.     Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland,  the Plaintiff's claims against the Defendant are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendant are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

4.     At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

5.     On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny, in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendant was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

6. As a direct and proximate result of the Defendant's negligence and the Defendant's failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against the Defendant)

8.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9.     At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10.     The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

11.    As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12.    The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

*/s/ John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

\*

ZAVIEA GAYNOR
506 Jones Fall Court                                    \*
Bowie, Maryland 20774

       *Plaintiff,*                                \*

Vs.                                                             \*    Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street                                      \*
Wilmington, Delaware 19801

      Serve On: CSC-Lawyers                 \*
      Incorporating Company
      7 Saint Paul Street, Suite 820
      Baltimore, Maryland 21202

                                    \*

And

EMPIRIAN VILLAGE OF MARYLAND,
LLC
d/b/a Franklin Park at Greenbelt Station         \*
9230 Springhill Lane
Greenbelt, Maryland 20770

      Serve On: CSC-Lawyers                 \*
      Incorporating Company
      7 Saint Paul Street, Suite 820
      Baltimore, Maryland 21202            \*

                                      \*

      *Defendants.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## AMENDED COMPLAINT AND JURY DEMAND

    Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

## PARTIES

1.       Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.       Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.       Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of

Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and

apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## FACTS COMMON TO ALL COUNTS

5.      At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendants had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendants also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.      On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

---

At no time, related to the March 22, 2022 incident, did the Defendants have adequate

security policies, procedures, and protocols in place, including the adequate security-related

policies, procedures and protocols the Defendants was required to have in place, stated above. At

the time of the March 22, 2022 incident, the Defendants failed to have the following; (1) to

provide adequate security personnel; (2) have adequate security related to policies, procedures

and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.     As a direct and proximate result of the Defendants' negligence and the Defendants' failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.     Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.     At all times related to the March 22, 2022 incident stated herein, the Defendants had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The Defendants breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the Defendants' negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.

ZAVIEA GAYNOR
506 Jones Fall Court
Bowie, Maryland 20774

    *Plaintiff,*

Vs.

EMPIRIAN VILLAGE OF MARYLAND,
LLC
1209 Orange Street
Wilmington, Delaware 19801

   Serve On: CSC-Lawyers
   Incorporating Company
   7 Saint Paul Street, Suite 820
   Baltimore, Maryland 21202

And

**EMPIRIAN VILLAGE OF MARYLAND,
LLC
d/b/a Franklin Park at Greenbelt Station
9230 Springhill Lane
Greenbelt, Maryland 20770**

   **Serve On: CSC-Lawyers
   Incorporating Company
   7 Saint Paul Street, Suite 820
   Baltimore, Maryland 21202**

    *Defendants.*

* * * * * * * * * * *

**Case No.: C-03-CV-22-001451**

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law

firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of

Maryland, LLC, and the Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station, and in support thereof states:

<center>PARTIES</center>

1.    Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2.    Defendant Empirian Village of Maryland, LLC ("Defendant #1"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant #1 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be collectively referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #1 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #1.

3.    Defendant Empirian Village of Maryland, LLC, d/b/a Franklin Park at Greenbelt Station ("Defendant #2"), is and was, at all times pertinent to this lawsuit, a business with its principal place of business in the State of Maryland and is a citizen of the State of Maryland, and is a business that substantially and habitually engages in the business of providing property management services, security services, and apartment

services to tenants through the State of Maryland. The Defendant #2 also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station, located at 6220 Springhill Drive, Greenbelt, Maryland 20770 will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant #2 was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant #2.

Additionally, Defendant #1 and Defendant #2 will be collectively referred to hereinafter as the "Defendants".

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant #2's principal place of business is in the State of Maryland and the Defendant #2 is a citizen of the State of Maryland, the Defendants substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendants are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendants are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendants substantially and habitually engages in a

business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

<u>FACTS COMMON TO ALL COUNTS</u>

5.    At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the **Defendants** had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The **Defendants** also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

6.    On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's

police report, the narrative which was provided by Greenbelt Police Department police officer

Joyner #0183 states the following,

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

---

At no time, related to the March 22, 2022 incident, did the Defendants have adequate

security policies, procedures, and protocols in place, including the adequate security-related

policies, procedures and protocols the Defendants was required to have in place, stated above.

At the time of the March 22, 2022 incident, the Defendants failed to have the following: (1) to

provide adequate security personnel; (2) have adequate security related to policies, procedures

and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding

maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

7.　　As a direct and proximate result of the **Defendants'** negligence and the **Defendants'** failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

8.　　The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the **Defendants'** negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## COUNT ONE – NEGLIGENCE
### (Against All Defendants)

9.　　Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

10.　　At all times related to the March 22, 2022 incident stated herein, the **Defendants** had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

11.     The **Defendants** breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: (1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.

12.     As a direct, proximate, and foreseeable result of the **Defendants'** negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

13.     The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendants' negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against **Defendants, jointly and severally,** for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.


Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims / counts stated in this amended complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.


## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.



# GREENBELT POLICE DEPARTMENT

## Incident Report

**Summary of Incident:** **Armed Robbery/ Contact Shooting**

Administrative ───────────────────────────────────

| | | | |
|---|---|---|---|
| Location<br>City, State, Zipcode | **6102 Breezewood Ct**<br>**GREENBELT, MD 20770** | Occurred On<br>Or Between | **Tuesday 3/22/2022 7:36:00 PM** |
| Subject | REPORTED CIT<br>ROBBERY | Entered On | 3/22/2022 10:14:05 PM |
| Disposition | Active | Entered By | JOYNER, # 0183 |
| Related Cases | | Reported On | 3/22/2022 |
| | | Reporting Officer | JOYNER, # 0183 |
| | | Assisted By | |

Offenders ───────────────────────────────────

### Suspect Name: **Unknown**

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | CSZ |
|---|---|---|
| | | |

Phones

| Phone Type | Phone Number |
|---|---|
| | |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | Teeth | |
| Race | Black or African American | Build | |
| Ethnicity | Not Hispanic or Latino | Height | |
| DOB | | Weight | |
| Age | 00 | Resident | Unknown |
| Eye Color | | POB | |
| Hair Color | | DLN | |
| Hair Style | | DL State | |
| Hair Length | | DL Country | |
| Facial Hair | | SSN | |
| Complexion | | | |

Scars, Marks and Tattoos

| SMT | Location | Description |
|---|---|---|
| | | |

Attire
Employer/School
Employer Address

Employer CSZ
Occupation/Grade

Notes

Victims ———————————————————————————————

**Name: Gaynor, Zaviea Horace**

| | |
|---|---|
| Victim Type | Individual |
| Victim of | Robbery |

Aliases

| Alias |
|---|
| |

Addresses

| Address Type | Address | | CSZ |
|---|---|---|---|
| Home | 506 Jones Fall Ct | | Bowie, MD 20721 |

Phones

| Phone Type | Phone Number |
|---|---|
| Mobile/Cell | (240) 938-0777 |

Emails

| Email Address |
|---|
| |

| | | | |
|---|---|---|---|
| Sex | Male | POB | |
| Race | Black or African American | DLN | ███████ |
| Ethnicity | Not Hispanic or Latino | DL State | Maryland |
| DOB | 12/2/1995 | DL Country | United States of America |
| Age | 26 | SSN | |
| Eye Color | | Attire | |
| Hair Color | | Employer/School | |
| Facial Hair | | Employer Address | |
| Complexion | | Employer CSZ | |
| Height | | Occupation/Grade | |
| Weight | | Injury | Other Major Injury |
| Resident | Nonresident | | |

Offender Relationships

| Offender | Relationship |
|----------|--------------|
| S - Unknown | Relationship Unknown |

Notes

Witnesses ————————————————————————————

Other Entities ——————————————————————

**Associate/Friend Name:** ███████████

Aliases

| Alias |
|-------|
| |

Addresses

| Address Type | Address | CSZ |
|--------------|---------|-----|
| Home | ████████████ | ████████ |

Phones

| Phone Type | Phone Number |
|------------|--------------|
| Mobile/Cell | ████████ |

Email

| Email Address |
|---------------|
| |

| | | | |
|---|---|---|---|
| Sex | Female | Resident | Resident |
| Race | Unknown | POB | |
| Ethnicity | Not Hispanic or Latino | DLN | |
| DOB | ████████ | DL State | |
| Age | 25 | DL Country | |
| Eye Color | | SSN | |
| Hair Color | | Attire | |
| Facial Hair | | Employer/School | |
| Complexion | | Employer Address | |
| Height | | Employer CSZ | |
| Weight | | Occupation/Grade | |

Notes

Properties ——————————————————————————————————

**Cellular Phone**

| | | | |
|---|---|---|---|
| Description | Red Iphone Se 2nd Gen | Color | Red |
| Status | Stolen | Recovered Date | |
| Count | 1 | Owner | V - Gaynor, Zavlea Horace |
| Value | 429.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Wallet**

| | | | |
|---|---|---|---|
| Description | brown columbia wallet | Count | 1 |
| Status | Stolen | Value | 20.00 |



Case Report # 22-0000626-001

| | | | |
|---|---|---|---|
| Manufacturer | columbia | Owner | V - Gaynor, Zaviea Horace |
| Model | | Disposition | |
| Serial Number\VIN | | Evidence Tag | |
| | | Alert(s) | |
| Color | Brown | | |
| Recovered Date | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | | License Number |
| Vehicle Year | | License Exp. Date |
| Body Style | | License State |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Best buy Card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | |
|---|---|
| Vehicle Type | License Number |
| Vehicle Year | License Exp. Date |
| Body Style | License State |

| Color Type | Color |
|---|---|

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Credit Card**

| | | | |
|---|---|---|---|
| Description | Amazon card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | |
|---|---|
| Vehicle Type | License Number |
| Vehicle Year | License Exp. Date |
| Body Style | License State |

| Color Type | Color |
|---|---|

Drug Information
Drug Type
Drug Quantity

Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | wells fargo | Color | |
| Status | **Stolen** | Recovered Date | |
| Count | **001** | Owner | V - Gaynor, Zaviea Horace |
| Value | **00.00** | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | |
|---|---|---|
| Vehicle Type | License Number | |
| Vehicle Year | License Exp. Date | |
| Body Style | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**



| | | | |
|---|---|---|---|
| Description | Secu card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |

Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | | License Number | |
| Vehicle Year | | License Exp. Date | |
| Body Style | | License State | |

| Color Type | Color |
|---|---|
| | |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes

**Debit Card / Check Card**

| | | | |
|---|---|---|---|
| Description | Chime card | Color | |
| Status | Stolen | Recovered Date | |
| Count | 001 | Owner | V - Gaynor, Zaviea Horace |
| Value | 00.00 | Disposition | |
| Manufacturer | | Evidence Tag | |
| Model | | Alert(s) | |
| Serial Number\VIN | | | |


Vehicle Information

Vehicle Type                              License Number
Vehicle Year                              License Exp. Date
Body Style                                License State

| Color Type | Color |
| --- | --- |

Drug Information
Drug Type
Drug Quantity
Drug Measure

Notes



Narrative ─────────────────────────────────────────────

On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting.

When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck, victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny,in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend ███████████████████ transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor ████████████████████████████████████████████
████████████



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Hyattsville, MD 20781

| Certified Mail Fee | $3.05 | | 0035 |
| Extra Services & Fees (check box, add fee as appropriate) | | | 06 |
| ☐ Return Receipt (hardcopy) | $ | | |
| ☐ Return Receipt (electronic) | $9.75 | | Postmark |
| ☑ Certified Mail Restricted Delivery | $ | | Here |
| ☐ Adult Signature Required | $ | | JUN 14 2022 |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $2.76 | | 06/14/2022 |
| Total Postage and Fees | $15.56 | | |

Sent To Mary Randall (Custodian) Towsons Pike

Street and Apt. No., or PO Box No. 4823 93rd Street

City, State, ZIP+4® Hyattsville, Maryland 20781

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

4771 4417 0002 0700 7019

# USPS Tracking®

## Track Another Package  +

**Tracking Number:** 70190700000214174771

Remove ✕

Your item was delivered to an individual at the address at 1:02 pm on June 17, 2022 in HYATTSVILLE, MD 20781.

**USPS Tracking Plus® Available** ⌄

## ⊘ Delivered, Left with Individual

June 17, 2022 at 1:02 pm
HYATTSVILLE, MD 20781

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

**See Less** ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                              \*

      *Plaintiff,*                       \*

v.                                     \*     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.
                                   \*
                                   \*
      *Defendants.*                   \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### NOTICE OF VOLUNTARY PARTIAL DISMISSAL WITHOUT PREJUDICE OF THE DEFENDANT EMPIRIAN VILLAGE OF MARYLAND, LLC D/B/A FRANKLIN PARK AT GREENBELT STATION <u>ONLY</u>

Plaintiff Zaviea Gaynor ("Plaintiff") by and through his attorneys, John J. Leppler, Esq., and the Law Office of John J. Leppler, LLC, pursuant to the Maryland rules and Maryland law, hereby submits this notice of voluntary partial dismissal without prejudice of the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only, and in support thereof states:

1.      On June 21, 2022, Defendants' counsel provided assurance that the appropriate entity in this case, and the entity that has liability insurance coverage, is the Defendant Empirian Village of Maryland, LLC, and that the other defendant, the Defendant Empirian Village of Maryland, d/b/a Franklin Park at Greenbelt Station, is a non-existent entity. See the parties' June 21, 2022 email correspondence, and the Defendant Empirian Village of Maryland, LLC's produced liability insurance coverage paperwork applicable to this case, collectively attached as "**Exhibit 1**". Regarding the Defendant Empirian Village of Maryland, LLC, an Amended Answer to Plaintiff's complaint and jury demand has already been filed. See the Defendant

1

Empirian Village of Maryland, LLC's June 14, 2022 filed amended answer, attached as "**Exhibit 2**".

WHEREFORE for the foregoing reasons, the Plaintiff respectfully requests for this Honorable Court to: (1) dismiss the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only, without prejudice.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2022, a copy of the foregoing notice of voluntary partial dismissal without prejudice of the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only, was sent via email transmission and via this Court's MDEC e-filing system and served upon all counsels of record.

2

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
CPF#: 1506160189

Gmail

**John Leppler <jleppler@lepplerinjurylaw.com>**

---

# RE: Gaynor v. Empirian Village of Maryland, LLC

---

**John Leppler** <jleppler@lepplerinjurylaw.com> Tue, Jun 21, 2022 at 9:41 AM
To: Elana Taub <etaub@pklaw.com>
Cc: "Paul M. Finamore" <pfinamore@pklaw.com>

I will agree to voluntarily dismiss this defendant only ("D/B/A") without prejudice. I will go ahead and file the partial dismissal without prejudice.

Best,

John

On Tue, Jun 21, 2022 at 9:39 AM Elana Taub <etaub@pklaw.com> wrote:

> Good morning John,
>
> As we previously discussed, please allow this email to serve as Defendant, Empirian Village of Maryland, LLC's assurance that Empirian Village d/b/a Franklin Park at Greenbelt Station is a nonexistent entity. The correct entity is Empirian Village of Maryland, LLC and Defendant's production of documents responsive to Plaintiff's subpoena, to include Defendant's insurance policy with Harford Mutual Insurance Group, is applicable to Empirian Village of Maryland, LLC.
>
> Please advise whether you will agree to a voluntary dismissal of Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only.
>
> Thank you,
>
> Elana
>
> **Elana Taub**
> Associate
> Pessin Katz Law, P.A. (PK Law)
> 10500 Little Patuxent Parkway | Suite 650 | Columbia, MD | 21044
> Phone: (410) 938-8800 ext. 6779
> Direct Dial: (410) 339-6779
> **etaub@pklaw.com | Attorney Bio | About Us**
>
> PK | LAW
>
> NOTICE: The information contained in this email and any attached documents may be confidential, legally privileged,

or otherwise protected from disclosure. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender by reply transmission and delete the message without copying or disclosing it. Thank you.

--
John J. Leppler, Esq.,
**Law Office of John J. Leppler, LLC**
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
F: (443) 836-5038
E: JLeppler@Lepplerinjurylaw.com
LepplerInjuryLaw.com

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

**ZAVIEA GAYNOR**                                      *

    **Plaintiff**                                      *

**v.**                                                        *          **Case No.: C-03-CV-22-001451**

**EMPIRIAN VILLAGE OF MARYLAND, LLC,**   *
**et al.**
                                                              *
    **Defendants.**
                                                              *
\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## DEFENDANT'S PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF"S SUBPOENA DUCES TECUM

TO:      Zaviea Gaynor, *Plaintiff*

FROM:   Empirian Village of Maryland, LLC, *Defendant*

### RESPONSES

    1.    All documents related to any and all incident reports, witness statements, security records, patrol records, video footage, video recording, video surveillance, and audio recording, related to the March 22, 2022 incident.

    **RESPONSE: Blueline Security Franklin Park Reports for March 22, 2022 – March 23, 2022; Weekly Police Report March 21, 2022 – March 27, 2022.**

    2.    All documents related to all of the Empirian Village of Maryland, LLC's security policies, procedures, and protocols from January 1, 2020 up to and through the present, and related to the March 22, 2022 incident.

    **RESPONSE: City of Greenbelt Agreement and Blueline Security Services, LLC Agreement.**

3.     All documents related to any and all Empirian Village of Maryland, LLC's liability insurance coverage and insurance coverage generally applicable to the March 22, 2022 incident.

**RESPONSE: Harford Mutual Declaration page attached.**

4.     All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Greenbelt, Maryland Police Department from March 22, 2019 up and through the present, for the premises related to the March 22, 2022 incident.

**REPONSE: Empirian Village of Maryland, LLC objects to this request to the extent that it seeks information that is irrelevant, overly broad, and seeks documents that would exceed the legal standard applicable to the foreseeability of intervening criminal acts of third-parties. Without waiving such objection and subject to it, see attached weekly police reports.**

5.     All documents related to all incident reports, police reports, service calls, and communications between Empirian Village of Maryland, LLC, and the Prince George's County Police Department from March 22, 2019 up and through the present, for the premises related to the March 22, 2019 incident.

**RESPONSE: None.**

6.     All documents related to all incident reports, police reports, service calls, google reviews, emails, and all other forms of written communication regarding complaints of assaults, batteries, robberies, thefts, carjackings, and shootings that took place on the Empirian Village of Maryland, LLC's premises related to the March 22, 2022 incident, from March 22, 2019 up to and through the present.

**RESPONSE:** Empirian Village of Maryland, LLC objects to this request to the extent that it seeks information that is irrelevant, overly broad, and seeks documents that would exceed the legal standard applicable to the foreseeability of intervening criminal acts of third-parties. Without waiving such objection and subject to it, see Franklin Park Crime Comparison as of December 2021; Crime Trend Summary 2007 – 2921; and Greenbelt News Review article "Violent Crime Continues to Decline in Franklin Park."

7.  All documents related to all of Empirian Village of Maryland, LLC's organizational charts, chain of command, employee lists, patrol lists, lists of property managers, and lists of maintenance personnel, related to the March 22, 2022 incident.

**RESPONSE: Defendant is in the process of reviewing whether it has responsive documents and will supplement this response if it locates such documents.**

Respectfully submitted,

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS# 8812150200)
Elana C. Taub, Esquire (AIS# 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorney for Defendant,*
*Empirian Village of Maryland, LLC*

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| Plaintiff | * | |
| v. | * | Case No.: C-03-CV-22-001451 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, | * | |
| et al. | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### NOTICE OF SERVICE OF SUPPLEMENTAL DISCOVERY

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of

Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum*

was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS# 8812150200)
Elana C. Taub (AIS# 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2022, Defendant, Empirian Village of Maryland, LLC's Production of Documents Responsive to Plaintiff's Subpoena *Duces Tecum* was served electronically via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS# 8812150200)



**COMMERCIAL LIABILITY UMBRELLA**
**DECLARATIONS**
**DEC6000 0720**

C-03-CV-22-001451

**COMPANY:** Harford Mutual Insurance Company

**POLICY NUMBER:** CU10525456        **RENEWAL OF:** New

| | |
|---|---|
| **NAMED INSURED AND MAILING ADDRESS** | **AGENCY NAME AND ADDRESS** |
| FIELDSTONE PROPERTIES LLC<br>1719 ROUTE 10<br>PARSIPPANY, NJ 07054 | 9218-B01    MARSH & MCLENNAN AGENCY, LLC<br>PO BOX 70<br>WEST POINT, GA 31833<br>(770) 476-1770 |

Policy Period: From 09/01/2021 to 09/01/2022 at 12:01 A.M. Standard Time at your mailing address shown above.

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

**BUSINESS INFORMATION**

FORM OF BUSINESS: Limited Liability Company

**LIMITS OF INSURANCE**

| | |
|---|---|
| Each Occurrence Limit (Liability Coverage) | $10,000,000 |
| Personal And Advertising Injury Limit (Any One Person Or Organization) | $10,000,000 |
| Aggregate Limit (Liability Coverage) (except with respect to "covered autos") | $10,000,000 |

**PREMIUM**

| | |
|---|---|
| Premium | |
| Terrorism | |
| Total Premium | |

**RETAINED LIMIT**

| | |
|---|---|
| Self-Insured Retention | $10,000 |

Includes copyrighted material of Insurance Services Office, Inc., with its permission

**Company:** The Harford Mutual Insurance Company

**Policy Number:** 9208680    **Renewal of:** New

**GENERAL LIABILITY COVERAGE**
PART DECLARATIONS

**Named Insured and Mailing Address**

FIELDSTONE PROPERTIES LLC
(SEE BE-27 NAMED INSURED SCHEDULE)
1719 ROUTE 10
PARSIPPANY, NJ 07054

**Agency Name and Address**

9218-B01    MARSH & MCLENNAN AGENCY, LLC
PO BOX 70
WEST POINT, GA 31833
7066452211

**Policy Period:  From**  08/29/2021 to 08/29/2022  **at 12:01 A.M.** Standard Time at your mailing address shown above.
**In return for the payment of the premium and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.**

---------------------------------------------------------

## LIMITS OF INSURANCE

```
Each Occurrence..........................$ 1,000,000
   Damage to Premises Rented To You......$   100,000 (Any one fire)
   Medical Expense.......................$     5,000 (Any one person)
Personal & Advertising Injury...........$ 1,000,000 (Any one person or organization)
General Aggregate.......................................$ 2,000,000
Products/Completed Operations Aggregate.................$ 2,000,000
```

---

ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY:  See Liability Schedule

---

FORMS AND ENDORSEMENTS:  See Form Schedule

---

PREMIUM:  TOTAL ADVANCE PREMIUM: ▨

---

LIABILITY SCHEDULE:

Classification:                     Premium Basis: Per Unit
   60010 Apartment Buildings

Location Information:
   6220 SPRINGHILL DRIVE
   GREENBELT, MD 20770
   COUNTY: PRINCE GEORGE'S

| Coverage | Exposure | Rate | Premium |
|---|---|---|---|
| Premises/Operations | | | |
| Products/Completed Operations | | | |

---

Classification:                     Premium Basis: Each
   63010 Dwellings - one-family (lessors risk only)

Location Information:
   6220 SPRINGHILL DRIVE
   GREENBELT, MD 20770
   COUNTY: PRINCE GEORGE'S

| Coverage | Exposure | Rate | Premium |
|---|---|---|---|
| Premises/Operations | | | |
| Products/Completed Operations | | | |

---

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR                               *

    Plaintiff                          *

v.                                          *       Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND, LLC, *

et al.                                      *

    Defendant                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Empirian Village of Maryland, LLC, by and through its attorneys, Paul M. Finamore, Elana C. Taub, and Pessin Katz Law, P.A., answers Plaintiff's Amended Complaint as follows:

### GENERAL DENIAL

Defendant generally denies all the allegations in the Complaint in accordance with Maryland Rule 2-323.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from other and further reasons for which Defendant is not responsible.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered the damages alleged, which fact Defendant expressly denies, then such damages resulted from pre-existing or subsequent events or conditions for which Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff exacerbated rather than mitigated his damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant reserves all additional factual and legal defenses as may become available during discovery or at trial.

WHEREFORE, having fully answered the Amended Complaint, Defendant, Empirian Village of Maryland, LLC, prays that the Complaint be dismissed with costs awarded to Defendant and for such other, further, and different relief as justice of the cause may require.

Respectfully submitted,

*/s/ Paul M. Finamore*
Paul M. Finamore (AIS No. 8812150200)
Elana C. Taub (AIS No. 2009040003)
PESSIN KATZ LAW, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Phone: 410-339-6779
Fax: 410-307-6575
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2022, a copy of the foregoing Amended Answer to Plaintiff's Amended Complaint was served via MDEC to the following counsel of record:

John J. Leppler, Esquire
Law Offices of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
*Attorney for Plaintiff*

/s/ *Paul M. Finamore*
Paul M. Finamore, Esquire

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

ZAVIEA GAYNOR          *

     *Plaintiff*,         *

v.                    *     Case No.: C-03-CV-22-001451

EMPIRIAN VILLAGE OF MARYLAND,
LLC, et al.

                              *
                              *

     *Defendants.*        *
*     *     *     *     *     *     *     *     *     *     *

## PROPOSED ORDER

After considering Plaintiff's notice of voluntary partial dismissal without prejudice of the

Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only, and

any paperwork ~~and/or oral arguments~~ related thereto, it is on this _____ day of

07/07/2022
_____ 2022 that the Court:

**DISMISSES** the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at

Greenbelt Station only, and without prejudice.

**07/07/2022 6:17:18 PM**
Signed on _____ 2022

=             *Pat Stringer*
                  _____
                        Pat Stringer

     Judge for the Circuit Court for
              Baltimore County, Maryland

          Entered: Clerk, Circuit Court for
          Baltimore County, MD
          July 8, 2022

**IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

| | | |
|---|---|---|
| **ZAVIEA GAYNOR** | * | |
| **Plaintiff** | * | |
| **v.** | * | Case No.: C-03-CV-22-001451 |
| **EMPIRIAN VILLAGE OF MARYLAND, LLC** | * | |
| | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**NOTICE OF SERVICE OF DISCOVERY**</u>

I HEREBY CERTIFY on this 14th day of July 2022, a copy of Defendant, Empirian Village of Maryland, LLC's, Second Request for Production of Documents, along with a copy of this Notice of Service of Discovery, was served electronically via MDEC and via e-mail upon all counsel of record.

Respectfully submitted,

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS #8812150200)
Elana C. Taub, Esquire (AIS # 8812150200)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Tel: (410)-740-3170
Fax: (410)-307-6559
pfinamore@pklaw.com
etaub@pklaw.com
***Attorneys for Defendant,***
***Empirian Village of Maryland, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2022, a copy of this Notice of

Service of Discovery was served electronically via MDEC and via e-mail upon the following

counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
*Attorney for Plaintiff*

<div align="right">

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS #8812150200)

</div>

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| **ZAVIEA GAYNOR** | * | |
| **Plaintiff** | * | |
| **v.** | * | Case No.: C-03-CV-22-001451 |
| **EMPIRIAN VILLAGE OF MARYLAND, LLC** | * | |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY on this 19th day of July 2022, a copy of Defendant, Empirian Village of Maryland, LLC's, Interrogatories and Request for Production of Documents to Plaintiff, along with a copy of this Notice of Service of Discovery, was served electronically via MDEC and via e-mail upon all counsel of record.

Respectfully submitted,

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS #8812150200)
Elana C. Taub, Esquire (AIS # 8812150200)
Pessin Katz Law, P.A.
10500 Little Patuxent Parkway, Suite 650
Columbia, Maryland 21044
Tel: (410)-740-3170
Fax: (410)-307-6559
pfinamore@pklaw.com
etaub@pklaw.com
*Attorneys for Defendant,*
*Empirian Village of Maryland, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of July 2022, a copy of this Notice of Service of Discovery was served electronically via MDEC and via e-mail upon the following counsel of record:

John J. Leppler, Esquire
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
jleppler@lepplerinjurylaw.com
***Attorney for Plaintiff***

/s/ Paul M. Finamore
Paul M. Finamore, Esquire (AIS #8812150200)