## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

| | | |
|---|---|---|
| ZAVIEA GAYNOR<br>506 Jones Fall Court<br>Bowie, Maryland 20774 | * | |
| *Plaintiff*, | * | C-03-CV-22-001451 |
| Vs. | * | Case No.:_____ |
| EMPIRIAN VILLAGE OF MARYLAND, LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801 | * | |
| Serve On: CSC-Lawyers<br>Incorporating Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202 | *<br><br><br>* | |
| *Defendant*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

Plaintiff Zaviea Gaynor, by and through his attorneys, John J. Leppler, Esq., and the law firm the Law Office of John J. Leppler, LLC, hereby sues the Defendant Emipirian Village of Maryland, LLC, and in support thereof states:

## PARTIES

1. Plaintiff Zaviea Gaynor ("Plaintiff"), is and was, at all times pertinent to this lawsuit, a resident of the State of Maryland.

2. Defendant Empirian Village of Maryland, LLC ("Defendant"), is and was, at all times pertinent to this lawsuit, a business that substantially and habitually engages in the business of providing property management services, security services, and apartment services to tenants through the State of Maryland. The Defendant also owns, supervises, maintains and manages the premises related to the March 22, 2022 incident giving rise to this lawsuit, which is

the apartment complex located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station. The premises located at 6102 Breezewood Court, Greenbelt, Maryland 20770 and Franklin Park at Greenbelt Station will be referred to hereinafter as the "PREMISES". Additionally, at all times related to this lawsuit, the Defendant was acting by and through its agents, servants, and/or employees, and these agents, servants, and/or employees were acting within the scope of their agency and scope of their employment for the Defendant.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction and personal jurisdiction over the Defendant pursuant to the Maryland rules and Maryland law because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, the Plaintiff's claims against the Defendant are for an amount in excess of Seventy Five Thousand Dollars ($75,000), and Plaintiff's claims against the Defendant are under Maryland state law only. Additionally, venue is proper for this lawsuit in the Circuit Court for Baltimore County, Maryland, because the Defendant substantially and habitually engages in a business and vocation of providing property management services, security services, and apartment services throughout the State of Maryland, the events giving rise to this lawsuit occurred in the State of Maryland, and for the other reasons stated in this paragraph.

## **FACTS COMMON TO ALL COUNTS**

4. At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2)

have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

Additionally, the Defendant had actual notice of several previous had assaults, batteries, robberies, shootings, and other crimes against persons that occurred on the PREMISES and/or in the surrounding neighborhoods of the PREMISES, that all occurred prior to March 22, 2022. The Defendant also had actual notice and was aware of the high crime rate on the PREMISES and/or in the surrounding neighborhoods near the PREMISES.

5. On or about March 22, 2022 at approximately 7:36PM, Plaintiff was lawfully at the PREMISES, as he was an invited guest, social guest, and/or invitee of his girlfriend Harmony Lively, and his girlfriend Harmony Lively was a tenant and/or resident at the PREMISES. As Plaintiff was lawfully walking down a stairwell inside of the PREMISES and was walking to his car which was lawfully parked on the PREMISES, the Plaintiff was assaulted, battered, shot and robbed by an unknown suspect. The assault, battery, shooting and robbery stated in this paragraph occurred on the PREMISES. Related hereto, in the Greenbelt Police Department's police report, the narrative which was provided by Greenbelt Police Department police officer Joyner #0183 states the following,

> On 3/22/2022 at approximately 20:31 hrs, I Ofc. Joyner ID #183 Responded to Doctors Hospital 8118 Good luck rd, Lanham, MD for a reported Contact Shooting. When I arrived on scene, I met with Victim Zaviea Horace Gaynor (1/M, 26 y/o, DOB: 12/2/95) who stated he was shot in his left buttocks and robbed. Victim Gaynor stated that he was outside his girlfriends apartment 6102 Breezewood ct, Greenbelt, MD when the incident took place. Victim Gaynor stated that he left the apartment to retrieve some things from his vehicle, while exiting the building,he heard some footsteps behind him. Victim Gaynor stated that an unknown male came behind him and grabbed him around his neck,

victim Gaynor said he got away but suddenly heard a gunshot and he fell to the ground. Victim Gaynor stated that the Unknown Suspect pointed a silver pistol to his chest told him to empty out his pockets. Victim Gaynor stated that he complied and gave the Suspect his Red Iphone Se and his wallet with all of his bank cards inside. Victim Gaynor stated that the Suspect then fled in an unknown direction. Victim Gaynor described the Suspect as a 1/m approximately 5'8, skinny, in his early 20's wearing a black mask, light pants, a gray hoodie, and white shoes. After being shot Victim Gaynor stated that his girlfriend Harmony Lively DOB: 11/1/96 then transported him to doctors hospital to treat his wound.

On call Commander Cpt Gulledge #125 and CIU Det. Roberson #171 were both contacted. Det Roberson #171 responded to the hospital and interviewed Victim Gaynor.

At no time, related to the March 22, 2022 incident, did the Defendant have adequate security policies, procedures, and protocols in place, including the adequate security-related policies, procedures and protocols the Defendant was required to have in place, stated above. At the time of the March 22, 2022 incident, the Defendant failed to have the following: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

6. As a direct and proximate result of the Defendant's negligence and the Defendant's failure to provide adequate security personnel, provide adequate lighting, provide adequate video surveillance policies procedures and protocols in place, providing adequate lighting, and among potentially other failures, the March 22, 2022 incident occurred which resulted in the Plaintiff suffering severe bodily injuries requiring surgery, incurring past medical

expenses and will incur future medical expenses, suffered lost wages, and suffered severe physical and mental pain and suffering.

7. The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

## **COUNT ONE – NEGLIGENCE**
**(Against the Defendant)**

8. Plaintiff incorporate by reference herein all of the above paragraphs, as if fully incorporated herein and set forth below.

9. At all times related to the March 22, 2022 incident stated herein, the Defendant had a non-delegable duty to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, and is required to have the following adequate security measures in place at PREMISES, among potentially others: (1) to provide adequate security personnel; (2) have adequate security related to policies, procedures and protocols in place; (3) have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) have adequate lighting on all areas of the PREMISES.

10. The Defendant breached its non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, in the following ways among potentially others: <u>(1) failed to provide adequate security personnel; (2) failed to have adequate security related to policies, procedures and protocols in place; (3) failed to have adequate policies, procedures, and protocols in place regarding maintaining and monitoring the video surveillance; and (4) failed have adequate lighting on all areas of the PREMISES.</u>

11. As a direct, proximate, and foreseeable result of the Defendant's negligence and breach of their non-delegable duty of care owed to its tenants, the general public, and its social guests and invitees which includes the Plaintiff, as it relates to the March 22, 2022 incident, the Plaintiff suffered severe bodily injuries requiring surgery, suffered past medical bills and will incur future medical bills, suffered lost wages, and suffered severe physical and mental pain and suffering.

12. The Plaintiff's suffered injuries, damages and losses stated herein was caused solely by the Defendant's negligence and failure to provide adequate security at the PREMISES, with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against Defendant for a monetary amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages, attorney's fees, costs, pre-judgment and post-judgment interest, and any and all such other relief the Court deems appropriate.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.
CPF#: 1506160189
Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

**DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all claims / counts stated in this complaint and jury demand.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.

CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____
John J. Leppler, Esq.