**IN THE UNITED STATES DISTRICT COURT OF MARYLAND FOR
THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| ZAVIEA GAYNOR | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No.: 1-22-cv-01940 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC | | |
| | * | |
| | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S PRELIMINARY DESIGNATION / DISCLOSURE OF EXPERT
WITNESSES**

Plaintiff Zaviea Gaynor ("Plaintiff"), by and through his attorneys, John J. Leppler, Esq.,

and Law Office of John J. Leppler, LLC, pursuant to the federal rules including Fed R. Civ. Pro

26(a)(2), federal law, the Court's local rules, and the Court's Scheduling Order, hereby submits

Plaintiffs' preliminary designation/disclosure of expert witnesses, and in support thereof states:

**1. Michael A. Hodge, CPP, J.D.
388 Bullsboro Drive, Suite 337
Newman, Georgia 30263**

Mr. Hodge is an expert in the field of security management and security. Mr. Hodge's

professional experience includes but is not limited to the following: (1) Mr. Hodge has worked in

the United States Secrets Service for approximately 20 years; (2) Mr. Hodge has worked as the

Head of Corporate Security, Washington Gas for approximately 10 years; and Mr. Hodge has

worked as the Director of Security at the University of Maryland for one year. Mr. Hodge is a

Certified Training Instructor, a Certified Protection Professional, is board-certified in security

management, is a Certified Facility Officer, and is a Certified Law Enforcement Trainer.

1

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols to commercial venues, including convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel at commercial venues, apartment complexes, convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel regarding implementing, maintaining, and monitoring video surveillance on commercial venues, including convenience stores and retail stores.

Related to Mr. Hodge's professional experience as the head or director of security, Mr. Hodge has had to implement over 100 different security-related policies, procedures and protocols related to training of security personnel regarding crime prevention on commercial venues, including convenience stores and retail stores.

Regarding Mr. Hodge's education, training and experience in the fields of security management and security, Mr. Hodge's *curriculum vitae* and fee schedule are collectively attached as "**Exhibit A**".

Mr. Hodge's expert opinions in this case are made to a reasonable degree of medical probability and/or certainty. Mr. Hodge's expert opinions are based on his review of the following, among potentially other things:

(1) The affidavits of Zaviea Gaynor and Harmony Lively;

(2)     The Prince George's County police report related to the March 22, 2022 robbery and shooting incident giving rise to this lawsuit;

(3)     Several news articles regarding prior crimes that have taken place at the Defendants' premises prior to March 22, 2022, and the Defendants property is Franklin Park at Greenbelt Station Apartments and which includes but is not limited to 6102 Breezewood Court, Greenbelt, Maryland 20770, and the Defendants' property will be referred to hereinafter as "FRANKLIN PARK";

(4)     Several police reports regarding prior crimes that occurred at FRANKLIN PARK prior to March 22, 2022;'

(5)     The Defendant's responsive document production in response to Plaintiff's subpoena and the Defendant's responses to Plaintiff's subpoena listing the documents is attached as "**Exhibit B**", which includes Defendant's own records related to violent crimes that occurred at FRANKLIN PARK form March 22, 2019 – March 22, 2022, the news articles related to the Defendant's video surveillance in common areas and FRANKLIN PARK tenant's raised concerns regarding security, the Defendant's agreement with a third-party to provide security at FRANKLIN PARK, and the Defendant's security guard's daily log of the security guard's conduct at FRANKLIN PARK, at all times related to the March 22, 2022 incident;

(5)     Diagrams of FRANKLIN PARK from the Maryland State Department of Assessments and Taxation, and google images of FRANKLIN PARK; and

(6)     Mr. Hodge's education, training and professional experience of over 40 years of working as a director or head of security, as described herein.

It is expected that Mr. Hodge will testify as to negligence, causation, and damages generally (Zaviea Gaynor suffered injuries having been shot and robbed on March 22, 2022).

It is expected that Mr. Hodge will testify that the Defendants owed a duty of care to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, at FRANKLIN PARK.

The Defendant's duty includes providing adequate security policies procedures and protocols, and including providing adequately trained security personnel inside or outside of the Defendant's property to ensure the safety to the Defendants' tenants, residents, leaseholders,

invitees and social guests which includes Plaintiff, and/or adequately training the Defendant's employees regarding security policies, procedures and protocols.

The Defendants' duty stated herein are substantially heightened because of the Defendant's actual notice of the following, among potentially other reasons: (a) Several crimes against persons that occurred at FRANKLIN PARK prior to March 22, 2022 21237.

The Defendants' duty, given the Defendant's notice of criminal activity stated above, includes having adequate policies, procedures and protocols in place for reporting suspicious activity on the Defendant's premises, FRANKLIN PARK.

It is expected that Mr. Hodge will testify that the Defendants breached the Defendants' duty of care owed to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, and was negligent, in the following ways, among potentially others ways:

     (1)     The Defendants failed provide adequate security policies, procedures and protocols at the Defendants' property, FRANKLIN PARK;

     (2)     the Defendants failed to provide adequately trained security personnel on the Defendant's property, FRANKLIN PARK;

     (3)     the Defendants failed to adequately train its employees and have adequate security policies, procedures and protocols, and/or the Defendants failed to adequately train the Defendants' retained security personnel and have adequate policies, procedures and protocols;

     (4)     the Defendants failed to provide adequately trained security personnel on the Defendant's property, FRANKLIN PARK; and

     (5)     The Defendants failed to have any video surveillance at FRANKLIN PARK.

It is expected that Mr. Hodge will testify that one, multiple, or all of the Defendants' breaches of the Defendants' duty of care owed to the Defendants' tenants, residents,

leaseholders, invitees and social guests which includes Plaintiff, directly and proximately caused the March 22, 2022 incident to occur which caused Zaivea Gaynor's injuries.

It is expected that Mr. Hodge will testify that had the Defendant not breached the Defendants' duty of care owed to the Defendants' tenants, residents, leaseholders, invitees and social guests which includes Plaintiff, the March 22, 2022 incident would not have occurred, and Zaviea Gaynor would not have suffered his injuries stated herein.

Mr. Hodge reserves the right to amend and/or modify this expert designation, as discovery is ongoing, should new information become available to Mr. Hodge.

**2. Nirjal Nikhar, MD, FRCP**
   **Neurology Clinic of Washington, LLC**
   **18213 Hillcrest Avenue**
   **Olney, Maryland 20832**

Dr. Nikhar is an expert in the field of neurology. Dr. Nikhar has been a clinical practitioner in the field of neurology for over 20 years, and has treated over 100 patients regarding persons who suffered injuries similar to Plaintiff's suffered injuries in this case. Dr. Nikhar's expert report, *curriculum vitae* and fee schedule are collectively attached as "**Exhibit C**". Dr. Nikhar's IME report and EMG report related to Dr. Nikhar's medical examinations of Plaintiff are collectively attached as "**Exhibit D**".

Dr. Nikhar's expert opinions will be made to a reasonable degree of medical probability and/or certainty. Dr. Nikhar's expert opinions will be based on the review of the following, among potentially other things:

      (1)    Plaintiff's medical records and bills;

      (2)    The Prince George's County, Maryland police department's police report related to the March 22, 2022 incident giving rise to this lawsuit; and

      (3)    Dr. Nikhar's education, training and experience as a clinical neurologist for over 20 years.

It is expected that Dr. Nikhar will testify as to causation and damages.

It is expected that Dr. Nikhar will testify that the March 22, 2022 incident directly and proximately caused the Plaintiff's suffered injuries.

It is expected that Dr. Nikhar will testifiy that the Plaintiff's medical treatment for his suffered injuries from the March 22, 2022 incident, including his hospital visit to University of Maryland Capital Regional Medical Center and his ongoing physical therapy, is reasonable and medically necessary;

It is expected that Dr. Nikhar will testify that had the March 22, 2022 incident not occurred, Plaintiff would not have suffered his injuries stated herein and would not have needed his medical treatment stated herein;

It is expected that Dr. Nikhar will testify that Plaintiff's incurred medical treatment for his medical treatment for his suffered injuries from the March 22, 2022 incident are fair, reasonable and customary for the geographic region, including Washington DC area, Prince George's County, Maryland area, the State of Maryland generally.

It is expected that Dr. Nikhar will educate the jury regarding the relevant human anatomy related to Dr. Nikhar's expert opinions and Plaintiff's suffered injuries, and will use visuals, diagrams. medical images, and/or photographs to do this.

Dr. Nikhar reserves the right to amend and/or modify this expert designation, as discovery is ongoing, should new information become available to Dr. Nikhar.

3.      Plaintiff reserves the right to call any expert witness identified by the Defendants in this case.

4.      Plaintiff reserves the right to rely upon the opinions and testimony of any expert witness identified by the Defendant and to elicit from them any opinions favorable to the Plaintiff, if any.

5.      Plaintiff reserves the right to call any of Plaintiff's treating health care providers to testify regarding Plaintiff's health care provider(s)'s medical treatment rendered to Plaintiff. These health care providers may provide fact and/or expert testimony consistent with the Maryland Rules and governing case law of this Court.

6.      Plaintiff reserves the right to call impeachment witnesses necessary at the time of trial, in accordance with the Maryland Rules and the governing case law of this Court.

7.      Plaintiff reserves the right to amend and/or supplement this expert designation, pending the completion of outstanding discovery.

8.      Plaintiff will produce Mr. Hodge and Dr. Nikhar for a discovery deposition, if requested, by the Defendants.

9.      Plaintiff reserves the right to call any of Plaintiff's experts designated herein, and any of the Defendants' designated experts and/or any of the Defendants' experts called to testify at trial, as rebuttal witnesses at trial.

10.     Plaintiff reserves the right to amend and/or supplement this designation, as discovery is ongoing, and because new information may become available to the parties during discovery.

Respectfully Submitted,

*/s/ John Leppler*

_____
John J. Leppler, Esq.
Fed Bar No. 19736

Law Office of John J. Leppler, LLC
600 Washington Avenue, Suite 201
Towson, Maryland 21204
T: (443) 955-1989
E: JLeppler@Lepplerinjurylaw.com
*Counsel for the Plaintiff Zaviea Gaynor*

## CERTIFICATE OF COMPLIANCE

Pursuant to Maryland Rule 20-201, I hereby certify that I have complied with Maryland Rule 20-201(f)(1) concerning the exclusion of restricted information. This submission, including supporting documents, does not contain any restricted information.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
Fed Bar No. 19736

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August 2022, a copy of Plaintiff's preliminary designation/disclosure of expert witnesses was sent via email transmission and sent via this Corut's ECF e-filing system and served upon all counsels of record.

Respectfully submitted,

/s/ *John Leppler*

_____

John J. Leppler, Esq.
Fed Bar No. 19736