IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZAVIEA GAYNOR, | ) |
|     Plaintiff, | ) Civil Action No. 22-cv-01940-LKG |
| v. | ) Dated: February 6, 2023 |
| EMPIRIAN VILLAGE OF MARYLAND, LLC, *et al.*, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND REMAND ORDER**

**I.   INTRODUCTION**

Zaviea Gaynor sued Empirian Village of Maryland, LLC ("Empirian Village") for negligence after he was assaulted and robbed at an apartment complex owned by Empirian Village. *See* Am. Compl. ¶ 6, ECF No. 8. Empirian Village removed the case from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland. *See* Notice of Removal at 1, ECF No. 1. Gaynor has moved this Court to remand the case back to Maryland state court on the ground that Empirian Village's removal was untimely. *See* Pl. Mot., ECF No. 3; Pl. Mem., ECF No. 3-1. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court **GRANTS** Gaynor's motion to remand.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

**A.   Factual Background**

On March 22, 2022, Zaviea Gaynor was visiting his girlfriend at her apartment in Greenbelt, Maryland. *See* Am. Compl. at ¶ 6. While walking down a stairwell in the complex, Gaynor was attacked and robbed by an unknown assailant. *Id.* The attacker grabbed Gaynor by the neck and shot Gaynor in his left buttocks. *Id.* After Gaynor collapsed to the ground, the attacker brandished a silver pistol and demanded that he empty his pockets. *Id.* Gaynor complied, and the assailant escaped into the night with Gaynor's phone and wallet. *Id.*

B.     **Procedural Background**

On April 12, 2022, Gaynor sued Empirian Village, the entity that owns and operates the apartment complex, in the Circuit Court for Baltimore County, Maryland. Compl., ECF No. 4-1. The complaint alleged Empirian Village was negligent by failing to provide adequate security on the premises. *Id.* at ¶¶ 8-12. The next day, April 13, 2022, Gaynor amended his complaint to add a second defendant, "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station" ("Franklin Park"). Am. Compl. at ¶ 3. Gaynor alleged Franklin Park's principal place of business was in Maryland and that the entity was a Maryland citizen for jurisdictional purposes. *Id.* at ¶ 2. Gaynor, too, is a Maryland citizen. *Id.* at ¶ 1. Empirian Village is a limited liability company with members having citizenship in New York and Florida. Def. Jurisdictional Statement at ¶ 2, ECF No. 15.

Empirian Village answered the amended complaint on May 17, 2022. Answer, ECF No. 4-13. On June 14, 2022, Empirian Village amended its answer. Am. Answer, ECF No. 4-17. That same day, Franklin Park moved to dismiss the claims against it by arguing that "Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station" was a non-existent entity. *See* Def. Mot. to Dismiss, ECF No. 4-18. The motion to dismiss explained that "Franklin Park at Greenbelt Station" was simply a trade name for the apartment complex where Gaynor suffered his injury. *Id.* at 5-6. While Gaynor opposed the motion, he said he would voluntarily dismiss his claim against Franklin Park if Empirian Village assured Gaynor that Franklin Park was an unnecessary defendant. Pl. Opp'n to Def. Mot. to Dismiss at 3, ECF No. 4-20.

On June 21, 2022, defense counsel told Gaynor that Empirian Village—not Franklin Park—had liability insurance coverage, so Empirian Village was the only necessary defendant. Pl. Notice of Partial Dismissal, ECF 4-22 at 4. Further, defense counsel reiterated that Franklin Park was a non-existent entity. *Id.*

On June 25, 2022, Gaynor filed a notice of voluntary partial dismissal without prejudice as to his claim against Franklin Park. *Id.* at 1-2. That notice requested the Circuit Court "dismiss the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only." *Id.* at 2.

On July 7, 2022, the Circuit Court for Baltimore County dismissed Franklin Park from the litigation. Franklin Park Dismissal Order, ECF No. 1-3 at 183.

2

On August 4, 2022, Empirian Village filed a Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446.  Notice of Removal at 1.

On August 5, 2022, Gaynor filed the present motion to remand, Pl. Mot.; Pl. Mem., which Empirian Village opposed, Def. Resp., ECF No. 5.

On August 26, 2022, the Court entered a scheduling order to permit discovery while Gaynor's motion to remand was pending.  Scheduling Order, ECF No. 16.  The parties informed the Court that they completed discovery on January 27, 2023.  Status Report, ECF No. 32.

### III. LEGAL STANDARD

Under the general removal statute, 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  But, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).  Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

For jurisdiction to exist, a matter pending before this Court must present either a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or involve diversity jurisdiction, *i.e.*, a matter between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).  This Court must dismiss the case if no subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Removal jurisdiction is strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).  Therefore, "any doubts should be resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other

grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Failure to file a timely notice of removal is a defect in removal procedure, *Cades v. H & R Block Inc.*, 43 F.3d 869, 873 (4th Cir. 1994), and renders a case improperly removed.  On a motion to remand, the burden of demonstrating the propriety of removal rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).

III.    ANALYSIS

    A.    **Empirian Village's Notice Of Removal Was Untimely**

In his motion to remand, Gaynor argues Empirian Village failed to remove the case within 30 days of ascertaining that the dispute was removeable.  *See* Pl. Mem. at 3-4.  Gaynor asserts the latest Empirian Village could have filed its notice of removal was July 25, 2022, 30 days after when Gaynor filed the notice of partial dismissal as to the fictitious Franklin Park on June 25, 2022.  *See id.* at 4; *see also* Pl. Notice of Partial Dismissal at 1-2.

Empirian Village counters that the case was not removable until July 7, 2022, when the Circuit Court formally dismissed Franklin Park as a defendant, thus establishing complete diversity among the remaining parties—Gaynor and Empirian Village.  *See* Def. Resp. at 3-4.  And so, Empirian Village claims the deadline for removal was August 7, 2022, 30 days after the Circuit Court dismissed Franklin Park.  *See id.*; *see also* Notice of Removal at ¶ 3.

For the reasons set forth below, the deadline for removal of this matter was July 25, 2022.  And so, the Court must **REMAND** the case to the Circuit Court for Baltimore County.

Empirian Village's removal of this case was untimely.  Generally, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  But Section 1446 recognizes that a basis for removal may not always be apparent in the initial pleading.  And so, under such circumstances, this statute provides a second 30-day period starting when the defendant determines the case has become removable.

Specifically, Section 1446(b)(3) permits a defendant to file a notice of removal within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).[1] When determining whether a removal is timely under this provision, courts may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Given this, the Court need not "inquire into the subjective knowledge of the defendant" to determine when removal was ascertainable. *Id.*

In this case, there can be no genuine dispute that Empirian Village was able to ascertain that this matter was removable before the Circuit Court formally dismissed Franklin Park from the case.[2] At the very latest, Empirian Village must have known this case was removable on June 25, 2022, when Gaynor filed a notice of dismissal as to his claims against Franklin Park. ECF No. 4 at 1-2. This notice requested the Circuit Court "dismiss the Defendant Empirian Village of Maryland, LLC d/b/a Franklin Park at Greenbelt Station only." *Id.* at 2. Given this, the notice of dismissal presented Empirian Village with a particularly clear opportunity for

---

[1] 28 U.S.C. § 1446(b)(3) does not apply to cases removable under "jurisdiction conferred by section 1332" where removal is sought "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See id.* § 1446(c). This exception, however, does not apply here because Empirian Village filed its notice of removal within a year of Gaynor filing his complaint.

[2] Empirian Village's only barrier to removal was the presence of the Franklin Park entity, which was alleged to be a Maryland citizen. At first glance, the naming of Franklin Park as a defendant would seem to defeat removal based on diversity jurisdiction because the case would lack complete diversity—that is, the requirement that no plaintiff be a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a); *see also Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). But Franklin Park was a non-existent entity, so Empirian Village could have removed the case from the outset simply by identifying Franklin Park as a nominal party.

removal. And so, Empirian Village knew that Franklin Park would be dismissed from this action and that this case was removable on June 25, 2022.[3] *Id.*

Because Empirian Village's notice of removal was filed more than 30 days thereafter—on August 4, 2022—the removal was untimely. *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 953-54 (D. Md. 2004) (The 30-day clock starts ticking when a defendant is "first able to ascertain that the case [is] removable, not when the state court first put its stamp on the matter."). And so, the Court must GRANT Gaynor's motion to remand.

### B.     The Court Will Not Award Gaynor Attorneys' Fees or Costs

As a final matter, Gaynor seeks an award of attorneys' fees and costs associated with the litigation of his motion to remand. Pl. Mem. at 4-5. In support of his request, Gaynor asserts that Empirian Village's removal was a delay tactic to postpone the depositions the parties had previously scheduled while the case was pending in state court. *Id.*

This Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). But "absent unusual circumstances," courts may award such fees and costs "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Such unusual circumstances are not present here.

While the removal at issue was untimely, the Court does not find that Empirian Village lacked an objectively reasonable basis for seeking removal to this Court. The litigation history and factual record for this case shows that Empirian Village had a good-faith, albeit incorrect, belief that it needed to wait for Franklin Park's formal dismissal by the Circuit Court before it could remove this case. And so, the Court declines to award Gaynor attorneys' fees related to the removal and Gaynor's motion to remand.

---

[3] Empirian Village's belief that it must have waited until the Circuit Court approved the notice and officially dismissed Franklin Park from the litigation was also misguided.[3] Section 1446(b)(3) provides that a defendant may determine a case is removable from a "*pleading*, *motion*, order *or other paper*." 18 U.S.C. § 1446(b)(3) (emphasis added). And so, formal judicial action is not necessary to ascertain whether a case is removable.

IV.     **CONCLUSION**

In sum, by filing its notice of removal on August 4, 2022, Empirian Village fails to meet the statutory deadlines governing removal.  And so, for the foregoing reasons, the Court:

1. **GRANTS** Plaintiff Zaviea Gaynor's motion to remand;
2. **REMANDS** this case to the Circuit Court for Baltimore County, Maryland;
3. **ORDERS** the Clerk take all necessary steps to effectuate the remand; and
4. **DIRECTS** the Clerk to **CLOSE** this case.

Each party to bear its own costs and fees.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge